1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**

9
10
11
12
13
14
15

| | |
|---|---|
| REY RAIN RAMOS, DAVID RAMIREZ, ROBERT PARKER, and ROY CAMPBELL individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>AMAZON.COM, INC.,<br><br>    Defendant. | Case No. 2:25-cv-00465<br><br>**CLASS ACTION COMPLAINT**<br><br><br><br>**JURY TRIAL DEMANDED** |

16
17
18
19
20
21
22
23
24
25
26
27
28

CLASS ACTION COMPLAINT

**HAGENS BERMAN**

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ............................................................................................... 1

II.     JURISDICTION AND VENUE .......................................................................... 8

III.    PARTIES ............................................................................................................ 9

    A.      Plaintiffs ................................................................................................... 9

        1.      California Plaintiff ....................................................................... 9

            a.      Rey Rain Ramos ............................................................. 9

        2.      Florida Plaintiff ......................................................................... 10

            a.      David Ramirez ............................................................... 10

        3.      Idaho Plaintiff ........................................................................... 11

            a.      Robert Parker ................................................................ 11

        4.      New York Plaintiff .................................................................... 12

            a.      Roy Campbell ................................................................ 12

    B.      Defendant ................................................................................................ 13

IV.     FACTUAL ALLEGATIONS ............................................................................ 14

    A.      A company's environmental stewardship is a material attribute to consumers. ............................................................................................... 14

    B.      The FTC's Green Guides and Amazon's own advertising guidelines instruct advertisers on how to avoid deceptive environmental-themed marketing claims ................................................ 18

        1.      The FTC monitors environmentally themed marketing and publishes guidelines to help develop level the playing field when it comes to environmental advertising. ............................... 18

        2.      The Amazon Green Guides reflect many of the same principles included in the FTC Green Guides ............................ 22

    C.      Amazon devotes a massive amount of marketing resources to position itself as a leading environmental steward. .............................. 23

CLASS ACTION COMPLAINT - i

**HAGENS BERMAN**

1.    Amazon touts its sustainability goals because it knows that Amazon's commitment to environmental stewardship is important to consumers...................................................................23

2.    Amazon knows that responsible sourcing practices in its Private Brands supply chains is important to consumers.........................25

3.    Amazon also touts its conservation and restoration of land as a "nature-based solution" to help neutralize global carbon emissions. ...................................................................26

D.    Amazon created the "Climate Pledge" marketing campaign to amplify the message to consumers that Amazon is committed to sustainable practices and products. .......................................28

1.    Amazon uses its Sustainability Leaf; Climate Pledge Friendly; and FSC logos to link a consumer's purchase of certain Amazon's products to the advancement of Amazon's sustainability promises. ..........................................30

E.    Amazon prominently displays the Sustainability Leaf, the Climate Pledge Friendly and an unqualified FSC logo at point-of-sale for Amazon Basics Paper Products. ......................................31

F.    Amazon's greenwashing claims are misleading to consumers because of the following misrepresentations and material omissions...................................................................35

1.    Amazon sources its Amazon Basics Paper Products from harvests that rely on industrial logging practices such as the clearcutting and burning of Canada's boreal forest. ..................................35

2.    Amazon does not disclose to consumers that 26 million metric tons of carbon dioxide is sent into the atmosphere each year by suppliers in the Amazon Basics Paper Products supply chain. ..............................................39

3.    Amazon does not reveal that the bleaching process used for Amazon Basics Paper Products is also extremely harmful to the natural environment. ...................................................42

4.    Amazon's unqualified use of the FSC logo is also misleading as to the sustainability footprint of Amazon Basics Paper Products. .............................................43

5.    Amazon's deception allows it to make identical environmental claims for products with markedly different supply chains...................................................................45

CLASS ACTION COMPLAINT - ii

**HAGENS BERMAN**

       6.     Amazon's misleading practices violate both the FTC Green Guides and Amazon's Green Guides. .......................................................48

    G.     Amazon already has direct access to supply chains that would render its sustainability claims not misleading but chooses not to source from them. ...................................................................................50

V.     **TOLLING OF THE STATUTE OF LIMITATIONS** ...................................51

    A.     Discovery rule tolling ...............................................................................51

    B.     Fraudulent Concealment Tolling ..............................................................52

    C.     Estoppel.....................................................................................................52

VI.    **CLASS ALLEGATIONS** ................................................................................53

VII.    **CLAIMS FOR RELIEF** ..................................................................................56

    A.     Claims brought on behalf of the Alabama Class ......................................56

COUNT I FRAUDULENT CONCEALMENT (BASED ON ALABAMA LAW)....................56

    B.     Claims brought on behalf of the Alaska Class..........................................58

COUNT II FRAUDULENT CONCEALMENT (BASED ON ALASKA LAW) .......................58

    C.     Claims brought on behalf of the Arizona Class ........................................59

COUNT III VIOLATION OF THE ARIZONA CONSUMER FRAUD ACT (ARIZONA REV. STAT. § 44-1521, *ET SEQ.*).................................................................59

COUNT IV FRAUDULENT CONCEALMENT (BASED ON ARIZONA LAW)...................60

    D.     Claims brought on behalf of the California Class......................................61

COUNT V VIOLATION OF THE CALIFORNIA UNFAIR COMPETITION LAW (CAL. BUS. & PROF. CODE § 17200, *ET SEQ.*) ...................................................61

COUNT VI FRAUDULENT CONCEALMENT (BASED ON CALIFORNIA LAW) ...................................................................................................................63

    E.     Claims brought on behalf of the Connecticut Class..................................64

COUNT VII VIOLATION OF THE CONNECTICUT UNFAIR  TRADE PRACTICES ACT (CONN. GEN. STAT. § 42-110A, *ET SEQ.*)....................................64

COUNT VIII FRAUDULENT CONCEALMENT (BASED ON CONNECTICUT LAW) ...................................................................................................................65

**HAGENS BERMAN**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

F.      Claims brought on behalf of the District of Columbia ("DC")..............................66

COUNT IX FRAUDULENT CONCEALMENT (BASED ON DC LAW) ................................66

G.      Claims brought on behalf of the Florida Class ......................................................67

COUNT X FRAUDULENT CONCEALMENT (BASED ON FLORIDA LAW) .....................67

H.      Claims brought on behalf of the Georgia Class ....................................................69

COUNT XI FRAUDULENT CONCEALMENT (BASED ON GEORGIA LAW) ...................69

I.       Claims brought on behalf of the Idaho Class.........................................................70

COUNT XII VIOLATION OF THE IDAHO CONSUMER PROTECTION ACT
        (IDAHO CODE ANN. § 48-601, *ET SEQ.*) ........................................................70

COUNT XIII FRAUDULENT CONCEALMENT (BASED ON IDAHO LAW) ....................71

J.       Claims brought on behalf of the Illinois Class.......................................................72

COUNT XIV VIOLATION OF THE ILLINOIS CONSUMER FRAUD  AND
        DECEPTIVE BUSINESS PRACTICES ACT (815 ILCS 505/1, *ET SEQ.*
        AND 720 ILCS 295/1A) ........................................................................................72

COUNT XV FRAUD BY CONCEALMENT (BASED ON ILLINOIS LAW) .........................74

K.      Claims brought on behalf of the Indiana Class .....................................................75

COUNT XVI FRAUDULENT CONCEALMENT (BASED ON INDIANA
        LAW)..........................................................................................................................75

L.      Claims brought on behalf of the Maine Class.......................................................77

COUNT XVII FRAUDULENT CONCEALMENT (BASED ON MAINE LAW).....................77

M.      Claim brought on behalf of the Maryland Class...................................................78

COUNT XVIII VIOLATION OF THE MARYLAND CONSUMER
        PROTECTION ACT (MD. CODE, COM. LAW § 13-101, *ET SEQ.*))...........................78

COUNT XIX FRAUDULENT CONCEALMENT (BASED ON MARYLAND
        LAW) ..........................................................................................................................79

N.      Claim brought on behalf of the Massachusetts Class ...........................................80

COUNT XX FRAUD BY CONCEALMENT (BASED ON MASSACHUSETTS
        LAW)..........................................................................................................................80

O.      Claim brought on behalf of the Michigan Class ...................................................81

CLASS ACTION COMPLAINT - iv

**HAGENS BERMAN**

COUNT XXI VIOLATION OF THE MICHIGAN CONSUMER PROTECTION
ACT (MICH. COMP. LAWS § 445.903, *ET SEQ.*)...........................................81

COUNT XXII FRAUDULENT CONCEALMENT (BASED ON MICHIGAN
LAW) ......................................................................................................83

P.    Claims brought on behalf of the Minnesota Class ................................84

COUNT XXIII VIOLATIONS OF MINNESOTA DECEPTIVE TRADE
PRACTICES; ENVIRONMENTAL MARKETING CLAIMS (MINN.
STAT. § 325E.41, *ET SEQ.*)....................................................................84

COUNT XXIV FRAUDULENT CONCEALMENT (BASED ON MINNESOTA
LAW) ......................................................................................................86

Q.    Claims brought on behalf of the Montana Class....................................88

COUNT XXV VIOLATION OF THE MONTANA UNFAIR TRADE
PRACTICES  AND CONSUMER PROTECTION ACT OF 1973
(MONT. CODE ANN. § 30-14-101, *ET SEQ.*)...........................................88

COUNT XXVI FRAUDULENT CONCEALMENT (BASED ON MONTANA
LAW) ......................................................................................................88

R.    Claims brought on behalf of the New Hampshire Class.........................90

COUNT XXVII VIOLATION OF THE NEW HAMPSHIRE CONSUMER
PROTECTION ACT (N.H. REV. STAT. ANN. § 358-A:1, *ET SEQ.*))..........90

COUNT XXVIII FRAUDULENT CONCEALMENT (BASED ON NEW
HAMPSHIRE LAW) ..................................................................................91

S.    Claims on behalf of the New Mexico Class............................................92

COUNT XXIX VIOLATION OF THE NEW MEXICO UNFAIR TRADE
PRACTICES ACT (N.M. STAT. ANN. §§ 57-12-1, *ET SEQ.*)....................92

COUNT XXX FRAUDULENT CONCEALMENT (BASED ON NEW MEXICO
LAW) ......................................................................................................93

T.    Claims brought on behalf of the New York Class ..................................94

COUNT XXXI VIOLATION OF THE NEW YORK GENERAL BUSINESS
LAW §§ 349-350 (N.Y. GEN. BUS. LAW §§ 349-350) ..............................94

COUNT XXXII FRAUDULENT CONCEALMENT (BASED ON NEW YORK
LAW) ......................................................................................................95

U.    Claims brought on behalf of the Ohio Class ..........................................96

**HAGENS BERMAN**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

COUNT XXXIII VIOLATION OF THE OHIO CONSUMER SALES
     PRACTICES ACT (OHIO REV. CODE ANN. § 1345.01, *ET SEQ*.)............................96

COUNT XXXIV FRAUDULENT CONCEALMENT (BASED ON OHIO LAW) ...................97

     V.      Claims brought on behalf of the Pennsylvania Class.............................98

COUNT XXXV VIOLATION OF THE PENNSYLVANIA UNFAIR TRADE
     PRACTICES  AND CONSUMER PROTECTION LAW (73 PA. CONS.
     STAT. § 201-1, *ET SEQ*.)............................................................................98

COUNT XXXVI FRAUDULENT CONCEALMENT (BASED ON
     PENNSYLVANIA LAW) .............................................................................99

     W.      Claims brought on behalf of the South Carolina Class......................100

COUNT XXXVII VIOLATION OF THE SOUTH CAROLINA UNFAIR
     TRADE PRACTICES ACT (S.C. CODE ANN. § 39-5-10, *ET SEQ*.).........................100

COUNT XXXVIII FRAUDULENT CONCEALMENT (BASED ON SOUTH
     CAROLINA LAW) ..................................................................................101

     X.      Claims brought on behalf of the Tennessee Class .............................102

COUNT XXXIX VIOLATION OF THE TENNESSEE CONSUMER
     PROTECTION ACT (TENN. CODE ANN. § 47-18-101, *ET SEQ*.) ...........................102

COUNT XL FRAUDULENT CONCEALMENT (BASED ON TENNESSEE
     LAW) ...................................................................................................103

     Y.      Claims brought on behalf of the Texas Class .....................................105

COUNT XLI FRAUDULENT CONCEALMENT (BASED ON TEXAS LAW)....................105

     Z.      Claims brought on behalf of the Utah Class ......................................106

COUNT XLII VIOLATION OF THE UTAH CONSUMER SALE PRACTICES
     ACT (UTAH CODE ANN. § 13-11-1, *ET SEQ*.)..............................................106

COUNT XLIII FRAUDULENT CONCEALMENT (BASED ON UTAH LAW)....................107

     AA.     Claims brought on behalf of the Vermont Class................................108

COUNT XLIV VIOLATION OF THE VERMONT CONSUMER FRAUD ACT
     (VT. STAT. ANN. TIT. 9, § 2451 *ET SEQ*.)..................................................108

COUNT XLV FRAUDULENT CONCEALMENT (BASED ON VERMONT
     LAW) ...................................................................................................109

     BB.     Claims brought on behalf of the Washington Class............................110

**HAGENS BERMAN**

COUNT XLVI VIOLATION OF THE WASHINGTON CONSUMER
  PROTECTION ACT (WASH. REV. CODE ANN. § 19.86.010, *ET SEQ*.)..................110

COUNT XLVII FRAUDULENT CONCEALMENT (BASED ON
  WASHINGTON LAW)....................................................................................111

    CC.    Claims brought on behalf of the West Virginia Class .........................112

COUNT XLVIII FRAUDULENT CONCEALMENT (BASED ON WEST
  VIRGINIA LAW)..........................................................................................112

**PRAYER FOR RELIEF**........................................................................................113

**DEMAND FOR JURY TRIAL**..............................................................................114

**HAGENS BERMAN**

Rey Rain Ramos, David Ramirez, Robert Parker, and Roy Campbell, individually and on behalf of all others similarly situated, allege the following:

## I.    INTRODUCTION

1.    A large portion of consumers increasingly care about the environmental impact of products when making purchasing decisions. Studies also show that consumers are willing to pay more for sustainable options and will often prioritize brands with environmentally conscious practices. Considering these trends, many companies are increasingly allocating time, attention, and resources to market their company, products and supply chains as environmentally responsible. And, occasionally, some of those companies are also tempted to misrepresent the environmental impact of their products or mislead consumers regarding their commitment to sustainable supply chain practices.

2.    Amazon.com, Inc. ("Amazon") currently spends a massive amount of its marketing resources to publicly position itself as a leading environmental steward. This is because Amazon knows that a company's commitment to environmental responsibility is a material attribute to consumers. For example, according to Amazon's current CEO, Andy Jassy, "of course, most people care about [environmental responsibility] . . . our customers care about this, our partners care about this, [and] our employees care about this."[1] Accordingly, Amazon claims that it is committed to "protecting natural resources" by "striv[ing] to source and use natural resources like water, raw materials, and ingredients in a responsible way across our business and supply chain. We are also investing in conservation and restoration initiatives to support carbon emissions reduction while protecting the natural world, wildlife habits, and biodiversity."[2] Amazon also states that it is "protecting forests" and is committed to "no deforestation" by choosing to responsibly source from supply chains that are 100% Forest Stewardship Council ("FSC") or third-party certified.[3] Amazon also touts that it is leading the

---

[1] https://www.aboutamazon.com/news/sustainability/amazon-ceo-andy-jassy-discussion-on-sustainability

[2] https://sustainability.aboutamazon.com/natural-resources

[3] https://sustainability.aboutamazon.com/2023-amazon-sustainability-report.pdf (at page 58)

CLASS ACTION COMPLAINT - 1

**HAGENS BERMAN**

charge in "nature-based solutions"[4] (*i.e.*, supporting conservation, restoration, and land management activities to leverage forests to act as carbon capture sinks) to fight climate change, as depicted below in an Amazon website statement:

 

3.    To reinforce these environmental claims to consumers at point-of-sale, Amazon consistently includes a "Sustainability Leaf"; a "Climate Pledge Friendly" badge and "FSC" logo, or designation, as set forth below:





4.    Amazon explains to consumers that these logos and badges designate "products that meet [Amazon's] sustainability standards and support [Amazon's] commitment to help preserve the natural world."[5] Amazon also encourages consumers to "shop your values"[6] by

---

[4] https://sustainability.aboutamazon.com/natural-resources/nature-based-solutions
[5] https://www.amazon.com/Climate-Pledge-Friendly/b?ie=UTF8&node=21221607011
[6] https://www.amazon.com/b?node=121191123011

HAGENS BERMAN

prioritizing and purchasing the products designated with these logos, including Amazon Basics Paper Products.[7]

5.      Indeed, Amazon applies the Sustainability Leaf, Climate Pledge Friendly, and FSC logos to every consumer visiting the point-of-sale webpage for Amazon Basics Paper Products. These logos, then, serve as promises Amazon makes to consumers that the purchase of these products will "support [Amazon's] commitment to help preserve the natural world."[8]

6.      More specifically, Amazon uses the Sustainability Leaf and FSC logos to convey that Amazon Basics Paper Products are sourced from FSC-certified forests via suppliers who practice sustainable forestry practices. In turn, because of these responsible forestry practices, Amazon also uses the Climate Pledge Friendly logo to convey that Amazon Basics Paper Products has a lower carbon footprint than other products without this designation.

7.      Unfortunately, Amazon's environmental claims are simply forms of greenwashing. Greenwashing is the act of misleading consumers about the environmental practices of a company or a product. Greenwashing occurs when a company positions itself (or a specific product) as having a positive influence on environmental issues, when the company (or product) is either exaggerating its influence and/or actively engaging in negative environmental practices that do not align with its previously stated green goals. Here, Amazon misleads consumers because it does not disclose that Amazon Basics Paper Products are sourced from harvests that rely on harmful logging practices such as clearcutting and burning of Canada's boreal forest—an ecological jewel and one of the last primary forests left in the world. Below are some examples of harvests through which Amazon sources its wood pulp for Amazon Basics Paper Products:[9]

---

[7] Amazon Basics Paper Products means Amazon Basics 2-ply Bath Tissue, Amazon Basics Soft & Strong 2-ply Bath Tissue, and Amazon Basics Paper Towels.

[8] https://www.amazon.com/Climate-Pledge-Friendly/b?ie=UTF8&node=21221607011

[9] https://www.nrdc.org/stories/tale-two-forests-tour-through-canadas-boreal

CLASS ACTION COMPLAINT - 3

**HAGENS BERMAN**

011299-11/3101739 V1



8.      Amazon's sustainability promises are also misleading to consumers because Amazon's suppliers are systematically converting critically important old-growth forests (essential to carbon neutralization and wildlife rehabilitation efforts) into environmentally devastating tree farms or plantation-like areas that have none of the biodiversity and carbon capture capabilities of the centuries-old primary forests that were previously destroyed by Amazon suppliers. The Canadian boreal is being cut down at the rate of one million acres per year. That's 1.5 football fields' worth of forest every single minute. It's a wildly unsustainable pipeline—trees that grew for centuries are destroyed in hours, then turned into products that are used for seconds.

9.      Below are some examples of these practices:[10]

 

10.     Additionally, all of Amazon's misleading claims are clear violations of the Federal Trade Commission's ("FTC") Green Guides[11], as well as Amazon's own advertising

---

[10] https://www.nrdc.org/stories/tale-two-forests-tour-through-canadas-boreal

[11] https://www.ftc.gov/news-events/topics/truth-advertising/green-guides

**HAGENS BERMAN**

standards[12]. Developed by the FTC, the Green Guides are designed to help marketers avoid making environmental marketing claims that are unfair or deceptive under Section 5 of the FTC Act, 15 U.S.C. § 45. At least twelve[13] states have laws that directly incorporate the standards set forth in the Green Guides as the legal standard for lawfully making certain marketing claims under a state's consumer protection law. And twenty-seven[14] states and territories have laws designating the FTC's interpretation in the Green Guides as persuasive authority for courts when assessing deceptive practices.[15]

11.    Below are some of Amazon's most deceptive practices and material violations:

- Amazon uses the Sustainability Leaf and Climate Pledge Friendly logos to convey to a reasonable consumer that Amazon's supply chain for this product uses sustainable forestry practices, as compared to the supply chain for similar products without the same logo applied. But because Amazon sources its Amazon Basics Paper Products directly from boreal suppliers who are clearcutting and burning centuries-old forests, Amazon's actions violate § 260.3 (c) Overstatement of Environmental Attribute and § 260.4 General Environmental Benefit Claims of the FTC Green Guides.

- Amazon uses the Sustainability Leaf and Climate Pledge logos to convey to a reasonable consumer that the supply chain for this product has a lower carbon footprint than similar products without the same logo applied. But because Amazon sources its Amazon Basics Paper Products from boreal suppliers whose intentional clearcutting and burning of the boreal forest releases over 26 million metric tons of carbon dioxide into the atmosphere each year, (equivalent to the annual emissions of

---

[12] https://sellercentral.amazon.com/help/hub/reference/external/G201893650?locale=en-US

[13] These are Alabama, California, Florida, Indiana, Maine, Maryland, Michigan, Minnesota, New Mexico, New York, Pennsylvania, Rhode Island, and Washington.

[14] These are Alabama, Alaska, Arizona, Connecticut, District of Columbia, District of Guam, Florida, Idaho, Georgia, Illinois, Maine, Maryland, Massachusetts, Michigan, Montana, New Hampshire, New Mexico, Ohio, South Carolina, Rhode Island, Texas Tennessee, Utah, Vermont, Washington, and West Virginia.

[15] Comments to FTC re Green Guides (Apr. 24, 2023), available at https://oag.ca.gov/system/files/attachments/press-docs/Comments%20to%20FTC%20re%20Green%20Guides%204.24.23.pdf

CLASS ACTION COMPLAINT - 5

**HAGENS BERMAN**

5.5 million passenger cars) Amazon's actions violate § 260.3 (c) Overstatement of Environmental Attribute of the FTC Green Guides.

- Amazon uses an unqualified FSC logo even in situations where Amazon knows that its supply chains only contain a fraction of FSC-certified forests. Amazon's actions violate § 260.3(a) "Qualifications and Disclosures" as well as § 260.6 "Certifications and Seals of Approval" of the FTC Green Guides

- Amazon uses the trade term "controlled wood" on its point-of-sale webpages to describe some of the forestry practices in the supply chain for Amason Basics Paper Products. But reasonable consumers would not readily understand the term "controlled wood" to mean the wood comes from forests with few or no binding environmental protections. Amazon also downplays the percentage of controlled wood as compared to wood from FSC-certified forests in the pulp sourced for Amazon Basics Paper Products. Amazon's actions violate both its own advertising standards to avoid technical or scientific language, as well as the similar guidance contained in § 260.2 and 260.3(c) of the FTC Green Guides.

12.    The real-world consequences of these deceptive practices are serious and harmful to consumers. For example, because of these misleading practices, Amazon is able to infer to consumers that two of its private brands have identical environmental benefits—even though the supply chain for one of these products is devastating to the environment.

13.    Below is a comparison of the point-of-sale webpages for Amazon "Aware" toilet paper and Amazon "Basics" toilet paper. Here, Amazon posts identical Sustainability Leaf, Climate Pledge Friendly, and FSC logos, while making the same environmental claims. But the Amazon Aware toilet paper is derived from 100% bamboo and is sourced from 100% FSC forests. In contrast, the Amazon Basics toilet paper is made from 100% virgin fiber derived from clearcutting and burning the boreal forest:

**HAGENS BERMAN**

*Point-of-sale webpage for "Aware" Toilet Paper, whose supply chain is from 100% bamboo pulp and all materials sourced from 100% FSC-certified forests:[16]*



*Point-of-sale Webpage for "Basics" Toilet Paper, whose supply chain is from 100% boreal fiber and sourced from clearcutting a mix of FSC and non-FSC certified areas:[17]*



---

[16] https://a.co/d/187CP3Q

[17] https://a.co/d/13yGLKj

CLASS ACTION COMPLAINT - 7

**HAGENS BERMAN**

14.    When comparing the logos, badges, and designations posted on each of these point-of-sale webpages, there is no way for a consumer to understand at time of purchase that Amazon Aware Bath Tissue is a much more sustainable choice than Amazon Basics Bath Tissue. Nor is the consumer aware at point-of-sale that, by buying Amazon Basics Bath Tissue, the consumer is contributing to the clearcutting of primary forests. As such, Amazon's logos and badges are essentially useless to consumers in their search for sustainable products. Yet Amazon still reaps the substantial financial and reputational rewards of positioning itself as a leading environmental steward offering sustainable products.

15.    Simply put, Amazon cannot have it both ways without unlawfully deceiving its own customers. It must either source its Amazon Basics Paper Products from more sustainable supply chains or come clean to consumers about the environmental footprint of these products. Also, importantly, Amazon already has direct access to supply chains that would render its sustainability claims not misleading. And yet Amazon chooses to continue to source its pulp for the Amazon Basics Paper Products from deeply unsustainable supply chains, while also claiming significant environmental benefits via the use of the Sustainability Leaf, Climate Pledge Friendly, and FSC logos. These deceptive practices must stop.

16.    This is a proposed class action on behalf of consumers who purchased Amazon Basics Paper Products seeking damages and injunctive relief based on the consumer protection law and common law of concealment of various states as defined below.

## II.    JURISDICTION AND VENUE

17.    This Court has jurisdiction pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), because the proposed Class consists of 100 or more members; the amount in controversy exceeds $5,000,000, exclusive of costs and interest; and minimal diversity exists. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

18.    Venue is proper in this District under 28 U.S.C. § 1367 because a substantial part of the events or omissions and misrepresentations giving rise to Plaintiffs' claims occurred in this District. Amazon's headquarters are in this District and Amazon has marketed, advertised, and made available for sale Amazon Basics Paper Products within this District.

HAGENS BERMAN

1

### III.    PARTIES

2    **A.    Plaintiffs**

3              **1.    California Plaintiff**

4                         **a.    Rey Rain Ramos**

5              19.    Plaintiff Rey Rain Ramos (for the purpose of this subsection, "Plaintiff") is a

6    citizen of California domiciled in Los Angeles, California. Between 2021-2025, Plaintiff

7    routinely purchased Amazon Basics Toilet Paper and Paper Towels from the Amazon Fresh

8    market near his home. He also consulted, prior to purchase, Amazon's point-of-sale webpage,

9    which included the Sustainability Leaf, Climate Pledge Friendly, and FSC logos.

10             20.    Prior to purchasing these products, Plaintiff viewed the Sustainability Leaf,

11   Climate Pledge Friendly, and FSC logos and badges, like those included in this Class Action

12   Complaint, each touting the sustainability of Amazon Basics Paper Products. Plaintiff selected

13   and ultimately purchased the Amazon Basic Paper Products, in part, because of these

14   "sustainability" claims, as represented through advertisements and representations made by

15   Defendant via its Sustainability Leaf, Climate Pledge Friendly, and FSC logos. But none of the

16   advertisements reviewed or representations received by Plaintiff contained any disclosure that

17   Defendant's practices permanently degrade the environment as described in this Class Action

18   Complaint. As a result, it was unknown to Plaintiff that Defendant was sourcing its pulp from

19   environmentally devastating clearcutting and burning practices and that Amazon's supply chains

20   for Amazon Basics Paper Products was doing little to restore the forest to the same level of

21   biodiversity and carbon capture capability as before the logging occurred. It was also unknown

22   to Plaintiff that Defendant was sourcing its pulp from non FSC-certified forests. Had Defendant

23   disclosed these practices, Plaintiff would not have purchased the products or would have paid

24   less for them.

25             21.    Defendant's unfair, unlawful, and deceptive conduct in manufacturing, marketing,

26   and selling Amazon Basics Paper Products as described in this Class Action Complaint caused

27   Plaintiff out-of-pocket loss. Defendant knew that the products were not environmentally

28   beneficial or sustainable but did not disclose such facts or their effects to Plaintiff, so Plaintiff

CLASS ACTION COMPLAINT - 9

**HAGENS BERMAN**

1    purchased the products on the reasonable, but mistaken belief that Amazon Basics Paper

2    Products were derived from supply chains using sustainable forestry practices within FSC-

3    certified forests, and resulting in a lower carbon footprint, in contrast to similar products without

4    these designations.

5          22.    Additionally, Plaintiff intends to purchase bathroom tissue and paper towel

6    products in the future and wants to do so based on a full disclosure on the use of industrial

7    logging practices by Amazon suppliers and whether the product is virgin pulp originating from

8    the boreal forest.

9          **2.    Florida Plaintiff**

10               **a.    David Ramirez**

11         23.    Plaintiff David Ramirez (for the purpose of this subsection, "Plaintiff") is a

12    citizen of Florida domiciled in Tampa, Florida. From approximately April 2022 to March 2025,

13    Plaintiff routinely purchased Amazon Basics bath tissue from Amazon.com.

14         24.    Prior to purchasing these products, Plaintiff viewed the Sustainability Leaf,

15    Climate Pledge Friendly, and FSC logos and badges, like those included in this Class Action

16    Complaint, each touting the sustainability of Amazon Basics Paper Products. Plaintiff selected

17    and ultimately purchased the Amazon Basic Paper Products, in part, because of these

18    "sustainability" claims, as represented through advertisements and representations made by

19    Defendant via its Sustainability Leaf, Climate Pledge Friendly, and FSC logos. But none of the

20    advertisements reviewed or representations received by Plaintiff contained any disclosure that

21    Defendant's practices permanently degrade the environment as described in this Class Action

22    Complaint. As a result, it was unknown to Plaintiff that Defendant was sourcing its pulp from

23    environmentally devastating clearcutting and burning practices and that Amazon's supply chains

24    for Amazon Basics Paper Products was doing little to restore the forest to the same level of

25    biodiversity and carbon capture capability as before the logging occurred. It was also unknown

26    to Plaintiff that Defendant was sourcing its pulp from non FSC-certified forests. Had Defendant

27    disclosed these practices, Plaintiff would not have purchased the products or would have paid

28    less for them.

**HAGENS BERMAN**

25.     Defendant's unfair, unlawful, and deceptive conduct in manufacturing, marketing, and selling Amazon Basics Paper Products as described in this Class Action Complaint caused Plaintiff out-of-pocket loss. Defendant knew that the products were not environmentally beneficial or sustainable but did not disclose such facts or their effects to Plaintiff, so Plaintiff purchased the products on the reasonable, but mistaken belief that Amazon Basics Paper Products were derived from supply chains using sustainable forestry practices within FSC-certified forests, and resulting in a lower carbon footprint, in contrast to similar products without these designations.

26.     Additionally, Plaintiff intends to purchase bathroom tissue and paper towel products in the future and wants to do so based on a full disclosure on the use of industrial logging practices by Amazon suppliers and whether the product is virgin pulp originating from the boreal forest.

**3.     Idaho Plaintiff**

**a.     Robert Parker**

27.     Plaintiff Robert Parker (for the purpose of this subsection, "Plaintiff") is a citizen of Idaho domiciled in Middleton, Idaho. On October 1, 2024, Plaintiff purchased Amazon Basics Bath Tissue from Amazon.com.

28.     Prior to purchasing these products, Plaintiff viewed the Sustainability Leaf, Climate Pledge Friendly, and FSC logos and badges, like those included in this Class Action Complaint, each touting the sustainability of Amazon Basics Paper Products. Plaintiff selected and ultimately purchased the Amazon Basic Paper Products, in part, because of these "sustainability" claims, as represented through advertisements and representations made by Defendant via its Sustainability Leaf, Climate Pledge Friendly, and FSC logos. But none of the advertisements reviewed or representations received by Plaintiff contained any disclosure that Defendant's practices permanently degrade the environment as described in this Class Action Complaint. As a result, it was unknown to Plaintiff that Defendant was sourcing its pulp from environmentally devastating clearcutting and burning practices and that Amazon's supply chains for Amazon Basics Paper Products was doing little to restore the forest to the same level of

HAGENS BERMAN

1    biodiversity and carbon capture capability as before the logging occurred. It was also unknown
2    to Plaintiff that Defendant was sourcing its pulp from non FSC-certified forests. Had Defendant
3    disclosed these practices, Plaintiff would not have purchased the products or would have paid
4    less for them.

5        29.    Defendant's unfair, unlawful, and deceptive conduct in manufacturing, marketing,
6    and selling Amazon Basics Paper Products as described in this Class Action Complaint caused
7    Plaintiff out-of-pocket loss. Defendant knew that the products were not environmentally
8    beneficial or sustainable but did not disclose such facts or their effects to Plaintiff, so Plaintiff
9    purchased the products on the reasonable, but mistaken belief that Amazon Basics Paper
10   Products were derived from supply chains using sustainable forestry practices within FSC-
11   certified forests, and resulting in a lower carbon footprint, in contrast to similar products without
12   these designations.

13       30.    Additionally, Plaintiff intends to purchase bathroom tissue and paper towel
14   products in the future and wants to do so based on a full disclosure on the use of industrial
15   logging practices by Amazon suppliers and whether the product is virgin pulp originating from
16   the boreal forest.

17       **4.    New York Plaintiff**

18           **a.    Roy Campbell**

19       31.    Plaintiff Roy Campbell (for the purpose of this subsection, "Plaintiff") is a citizen
20   of New York domiciled in Warren, New York. From approximately March 2023 to March 2025,
21   Plaintiff routinely purchased Amazon Basics Bath Tissue and Amazon Basics Paper Towels
22   from Amazon.com.

23       32.    Prior to purchasing these products, Plaintiff viewed the Sustainability Leaf,
24   Climate Pledge Friendly, and FSC logos and badges, like those included in this Class Action
25   Complaint, each touting the sustainability of Amazon Basics Paper Products. Plaintiff selected
26   and ultimately purchased the Amazon Basic Paper Products, in part, because of these
27   "sustainability" claims, as represented through advertisements and representations made by
28   Defendant via its Sustainability Leaf, Climate Pledge Friendly, and FSC logos. But none of the

CLASS ACTION COMPLAINT - 12

**HAGENS BERMAN**

1   advertisements reviewed or representations received by Plaintiff contained any disclosure that

2   Defendant's practices permanently degrade the environment as described in this Class Action

3   Complaint. As a result, it was unknown to Plaintiff that Defendant was sourcing its pulp from

4   environmentally devastating clearcutting and burning practices and that Amazon's supply chains

5   for Amazon Basics Paper Products was doing little to restore the forest to the same level of

6   biodiversity and carbon capture capability as before the logging occurred. It was also unknown

7   to Plaintiff that Defendant was sourcing its pulp from non FSC-certified forests. Had Defendant

8   disclosed these practices, Plaintiff would not have purchased the products or would have paid

9   less for them.

10         33.     Defendant's unfair, unlawful, and deceptive conduct in manufacturing, marketing,

11   and selling Amazon Basics Paper Products as described in this Class Action Complaint caused

12   Plaintiff out-of-pocket loss. Defendant knew that the products were not environmentally

13   beneficial or sustainable but did not disclose such facts or their effects to Plaintiff, so Plaintiff

14   purchased the products on the reasonable, but mistaken belief that Amazon Basics Paper

15   Products were derived from supply chains using sustainable forestry practices within FSC-

16   certified forests, and resulting in a lower carbon footprint, in contrast to similar products without

17   these designations.

18         34.     Additionally, Plaintiff intends to purchase bathroom tissue and paper towel

19   products in the future and wants to do so based on a full disclosure on the use of industrial

20   logging practices by Amazon suppliers and whether the product is virgin pulp originating from

21   the boreal forest.

22   **B.     Defendant**

23         35.     Amazon is an American multinational consumer goods and technology company

24   that conducts business in all 50 states and the District of Columbia. Amazon is a Delaware

25   corporation with principal executive offices located at 410 Terry Avenue North, Seattle,

26   Washington 98109.

27         36.     Amazon is the largest e-commerce company in the world. At all times relevant to

28   this action, Amazon manufactured and made available for sale its Amazon Basics Paper Products

HAGENS BERMAN

1    throughout the United States and has annual sales of these products in the hundreds of millions.

2    Amazon also created, designed, and disseminated information about the supply chain for its

3    Amazon Basics Paper Products and Amazon's commitment to environmental stewardship with

4    the purpose of having that information reach potential consumers. Amazon also designed and

5    manufactured packaging for its Amazon Basics Paper Products and posted on its point-of-sale

6    webpages uniform logos reflecting information regarding Amazon's environmental stewardship

7    for the express purpose of having that information reach potential consumers. As explained more

8    fully herein, Amazon concealed, suppressed, and omitted material facts regarding its impact on

9    the environment.

10                              **IV.    FACTUAL ALLEGATIONS**

11   **A.    A company's environmental stewardship is a material attribute to consumers.**

12           37.    A large portion of consumers weigh the environmental impact of products when

13   making purchasing decisions, with many stating they are willing to pay more for sustainable

14   options and prioritize brands with environmentally conscious practices.

15           38.    For instance, according to a study from McKinsey & Company, 78% of U.S.

16   consumers say that a sustainable lifestyle is important to them, and that more than 60% of U.S.

17   consumers disclosed that they care about buying environmentally and ethically sustainable

18   products.[18] McKinsey's research also shows "that a wide range of consumers across incomes,

19   life stages, ages, races, and geographies are buying products bearing ESG[19]-related labels."

20   These findings are consistent with other consumer surveys which find that 68%[20] of consumers

21   rate sustainability important regardless of age or gender, and that 63%[21] of consumers have

22   adopted greener buying habits to become more sustainable.

23

24   ─────────────────

25     [18] https://www.mckinsey.com/industries/consumer-packaged-goods/our-insights/consumers-care-about-sustainability-and-back-it-up-with-their-wallets#/

26     [19] ESG is an acronym for Environmental, social, and governance issues.

27     [20] https://www.cgsinc.com/en/infographics/cgs-survey-reveals-sustainability-is-driving-demand-and-customer-loyalty

28     [21] https://theroundup.org/environmentally-conscious-consumer-statistics/

CLASS ACTION COMPLAINT - 14

**HAGENS BERMAN**

39.    These green preferences are reflected in recent sales data for household goods. For example, the McKinsey study reviewed actual consumer purchasing behavior over a five-year period to compare products that made one or more ESG-related claims on their packaging to similar products which made none. The McKinsey study found that the packages with the ESG-related claims outperformed products that made none, and that there was "a clear and material link between ESG-related claims and consumer spending." The McKinsey study's conclusion was especially true in the Household Paper and Plastics (category 24 below), which boasted significant increases in growth and market share for products with ESG labels[22]:



[22] https://www.mckinsey.com/industries/consumer-packaged-goods/our-insights/consumers-care-about-sustainability-and-back-it-up-with-their-wallets#/

**HAGENS BERMAN**

40.    Studies also show that consumers are even willing to pay a significant price premium for sustainable products and practices. For example, Price Waterhouse Coopers ("PwC") recently published a survey that showed that a majority of consumers were willing to spend 9.7% more, on average, for sustainably produced or sourced goods[23]:



Consumers care about sustainability—and are willing to pay more for it

Question: How much above average price would you be willing to pay for a product that is...

41.    It is also well documented that sustainable practices and options also factor into consumer brand loyalty, especially when it comes to household goods like bathroom tissue. For example, according to CGS Inc.'s 2019 Retail and Sustainability Study, over 28% of respondents identified sustainable/ethical business practices as a material attribute in maintaining their purchase loyalty to a specific brand.[24] The survey also indicates that 31% of respondents equated the term sustainability with brands that use eco-friendly materials. And finally, paper goods were

---

[23] https://www.pwc.com/gx/en/news-room/press-releases/2024/pwc-2024-voice-of-consumer-survey.html
[24] https://www.cgsinc.com/en/infographics/cgs-survey-reveals-sustainability-is-driving-demand-and-customer-loyalty

**HAGENS BERMAN**

011299-11/3101739 V1

identified as "the most critical" by 44% of respondents by type of product for sustainable and eco-friendly options:



42.     Correspondingly, poor environmental practices in a product or company's supply chain are also material to consumers. According to data summarizing 2023 consumer behaviors released by the consumer and environmental advocacy group, The Roundup, 84% of consumers said that "poor environmental practices will alienate them from a brand or company."[25] Examples of poor environmental practices include: a poor environmental track record, unsustainable packaging, a poor compliance record, and irresponsible materials sourcing.

43.     Because of these strong shifts in consumer preferences, many companies are assessing the environmental impacts of their manufacturing and supply chains, and touting products and practices that represent more sustainable options. Some companies, however, have also chosen to develop sophisticated greenwashing campaigns to misleadingly position themselves as environmental stewards.

---

[25] https://theroundup.org/environmentally-conscious-consumer-statistics/

HAGENS BERMAN

44.     "Greenwashing" is the act of misleading consumers regarding the environmental practices of a company or a product. Greenwashing occurs when a company positions itself (or a specific product) as having a positive influence on environmental issues, when in reality, the company (or product) is either exaggerating its influence and/or actively engaging in negative environmental practices that do not align with its previously touted green goals. Product-level Greenwashing refers to the act of misleading consumers about the environmental benefits of a specific product and can include tactics such as labeling products with false or misleading information regarding their composition.[26] Firm-level Greenwashing arises when a company makes false or misleading claims about its overall environmental practices, policies, or performance, rather than just its individual products.

45.     According to academic researchers from Pace University's Sustainable Business Law Hub, Firm-level Greenwashing "involves creating a false image of the company as environmentally responsible, even though its actual practices may be environmental harmful or unsustainable. This form of greenwashing can be particularly damaging as it misleads consumers and investors into thinking that the entire company is environmentally friendly, when in fact only a small portion of its practices may be achieving the stated sustainability goals."

**B.      The FTC's Green Guides and Amazon's own advertising guidelines instruct advertisers on how to avoid deceptive environmental-themed marketing claims.**

**1.      The FTC monitors environmentally themed marketing and publishes guidelines to help develop level the playing field when it comes to environmental advertising.**

46.     The Federal Trade Commission ("FTC") continuously monitors environmentally-themed marketing and publishes the "Guides for the Use of Environmental Marketing Claims"— or more colloquially known as the "Green Guides." The FTC Green Guides address environmental claims by clarifying (1) general principles that apply to all environmental marketing claims; (2) how consumers are likely to interpret particular claims and how marketers

---

[26] Barbara Ballan & Jason J. Czarnezki, *Disclosure, Greenwashing and the Future of ESG Litigation,* 81 Wash. & Lee L. Rev. 545, 555-60 (2024).

**HAGENS BERMAN**

1  can substantiate these claims; and (3) how marketers can qualify their claims to avoid deceiving

2  consumers.

3        47.      The Green Guides are designed to help marketers avoid making environmental

4  marketing claims that are unfair or deceptive under Section 5 of the FTC Act, 15 U.S.C. § 45.[27]

5  Section 5 of the FTC Act prohibits "unfair or deceptive acts and practices in or affecting

6  commerce[.]"A representation, omission, or practice is deceptive if it is likely to mislead

7  consumers acting reasonably under the circumstances and is material to consumers' decisions.[28]

8  According to the FTC, "marketers must ensure that all reasonable interpretations of their claims

9  are truthful, not misleading, and supported by a reasonable basis before they make the claims."

10  The Green Guides also make clear that "a firm's failure to possess and rely upon a reasonable

11  basis for objective claims constitutes an unfair and deceptive act or practice in violation of

12  Section 5 of the Federal Trade Commission Act."[29]

13        48.      Importantly, the Green Guides play a large role in state consumer protection law.

14  At least twelve states[30] have laws that directly incorporate the standards set forth in the Green

15  Guides as the legal standard for lawfully making certain environmentally marketing claims.[31]

16  Additionally, twenty-seven states and territories[32] have laws providing that the FTC's

---

17  [27] FTC, Green Guides, 16 C.F.R. part 260, available at https://www.ftc.gov/news-
18  events/topics/truth-advertising/green-guides

19  [28] *See* "FTC Policy Statement on Deception," 103 F.T.C. 174 (1983) *available at*
    https://www.ftc.gov/system/files/documents/public_statements/410531/831014deceptionstmt.pdf

20  [29] "FTC Policy Statement Regarding Advertising Substantiation," 104 F.T.C. 839 (1984),
21  available at https://www.ftc.gov/legal-library/browse/ftc-policy-statement-regarding-advertising-
    substantiation (cited by 16 C.F.R. § 260.2)

22  [30] These states are Alabama, California, Florida, Indiana, Maine, Maryland, Michigan,
    Minnesota, New Mexico, New York, Pennsylvania, Rhode Island, and Washington.

23  [31] April 24, 2023, Comments to FTC re Green Guides from the states of California,
24  Connecticut, Delaware, Illinois, Maryland, Michigan, Minnesota, New Jersey, New Mexico,
    New York, Oregon, Rhode Island and Wisconsin.
25  https://oag.ca.gov/system/files/attachments/press-
    docs/Comments%20to%20FTC%20re%20Green%20Guides%204.24.23.pdf

26  [32] These are Alabama, Alaska, Arizona, Connecticut, District of Columbia, District of Guam,
27  Florida, Idaho, Georgia, Illinois, Maine, Maryland, Massachusetts, Michigan, Montana, New
    Hampshire, New Mexico, Ohio, South Carolina, Rhode Island, Texas Tennessee, Utah, Vermont,
28  Washington, and West Virginia.

CLASS ACTION COMPLAINT - 19

**HAGENS BERMAN**

interpretation in the Green Guides shall serve as persuasive authority for courts when construing a deceptive or misleading advertising within a state's consumer protection law. The Green Guides have also been used as evidence in court proceedings involving false advertising litigation.[33]

49.    The FTC Green Guides expressly describe a marketer's responsibilities when making environmental claims. Some of these include:

> **§ 260.2 Interpretation and substantiation of environmental marketing claims.** A representation, omission, or practice is deceptive if it is likely to mislead consumers acting reasonably under the circumstances and is material to consumers' decisions. To determine if an advertisement is deceptive, marketers must identify all express and implied claims that the advertisement reasonably conveys. Marketers must ensure that all reasonable interpretations of their claims are truthful, not misleading, and supported by a reasonable basis *before* they make the claims. In the context of environmental marketing claims, a reasonable basis often requires competent and reliable scientific evidence [created] in an objective manner by qualified persons. (emphasis added) (citation omitted)

> **§ 260.3 (a) Qualifications & disclosures.** To prevent deceptive claims, qualifications and disclosures should be clear, prominent, and understandable.

> **§ 260.3 (c) Overstatement of environmental attribute.** An environmental marketing claim should not overstate, directly or by implication, an environmental attribute or benefit. Marketers should not state or imply environmental benefits if the benefits are negligible.

> . . .

> *Example 1:* An area rug is labeled "50% more recycled content than before" [but] the manufacturer increased the recycled content of its rug from 2% recycled fiber to 3%. Although the claim is technically true, it likely conveys the false impression that the manufacturer has increased significantly the use of recycled fiber.

> **§ 260.4 General environmental benefit claims.** (a) It is deceptive to misrepresent, directly or by implication, that a product, package or service offers a general environmental benefit. (b) Unqualified general environmental benefit claims are difficult to interpret and likely convey a wide range of meanings. In many cases, such claims

---

[33] Ballan & Czarnezki, *supra* note 266, at 565.

likely convey that the product, package, or service has specific and far-reaching environmental benefits that may convey that the item or service has no negative environmental impact. Because it is highly unlikely that marketers can substantiate all reasonable interpretations of these claims, markets should not make unqualified general environmental benefit claims.

. . .

*Example 3:* A marketer's advertisement features a laser printer in a bird's nest balancing on a tree branch, surrounded by dense forest. In green type, the marketer states, "Buy our printer. Make a change." Although the advertisement does not expressly claim that the product has environmental benefits, the featured images, in combination with the text, likely convey that the product has far reaching environmental benefits and may convey that the product has no negative environmental impact. Because it is highly unlikely that a marketer can substantiate these claims, this advertisement is deceptive.

. . .

**§ 260.6 Certifications and seals of approval**: (a) It is deceptive to misrepresent, directly or by implication, that a product, package has been endorsed or certified by an independent third party. (b) A marketers use of the name, logo, or seal of approval of a third party certifier or organization may be an endorsement, which should meet the criteria of the FTC's Endorsement Guides . . . (c) Third-party certification does not eliminate a marketers' obligation to ensure that it has substantiation for all claims reasonably communicated by the certification. (d) A marketer's use of an environmental certification or seal of approval likely conveys that the product offers a general environmental benefit . . . . Because it is highly unlikely that marketers can substantiate general environmental benefit claims, marketers should not use environmental certifications or seals that do not convey the basis for the certification. (e) . . . To avoid deception, marketers should use clear and prominent qualifying language that clearly conveys that the certification or seal refers only specific and limited benefits.

50.    The Green Guides also discuss the term "sustainability". Although the Green Guides do not define sustainability per se, "this does not mean unscrupulous marketers are free to deceive consumers." [34] Indeed, "marketers still are responsible for substantiating consumers' reasonable understanding of these claims." Further "if in context reasonable consumers perceive

---

[34] *FTC The Green Guides Statement of Basis and Purpose* at 258,

CLASS ACTION COMPLAINT - 21

**HAGENS BERMAN**

011299-11/3101739 V1

a sustainable claim as a general environmental benefit claim, the marketer must be able to substantiate that claim and all attendant reasonably implied claims"[35]

**2.    The Amazon Green Guides reflect many of the same principles included in the FTC Green Guides.**

51.    Amazon also understands the importance of providing clear and accurate information to consumers. It therefore maintains a set of advertising guidelines and requirements to help its vendors design and post appropriate advertising for their products. Known as the "Amazon Ads Guidelines and Acceptance Policies for Restricted Content, Products, and Services" Amazon vendors are required to comply with these guidelines when advertising their products (either at point-of-sale or elsewhere on Amazon's website). Amazon explains that it created these guidelines after considering "industry best practices, local laws and regulations, [and] product features."[36]

52.    Section 7.20 of the Amazon Ads Guidelines and Acceptance Policies for Restricted Content, Products, and Services refers to environmental claims. ("Amazon Green Guides").[37] Here, Amazon incorporated many of the same principles included in the FTC Green Guides. For example, Amazon instructs its vendors that "the basis of environmental claims must be objective and substantiated." Amazon also explains that "the bar for substantiation" for unqualified "green" or "eco-friendly" claims is "very high" and that many such claims "are unlikely to be accepted."

53.    Also, according to the Amazon Green Guides, Amazon only permits advertising that includes environmental claims if the claims conform with specific limitations. Amazon notes that the meaning of environmental terms used in ads must be clear to customers. Moreover,

---

[35] *FTC Sends Warning Letters to Companies Regarding Diamond Ad Disclosures* (Apr. 2, 2019), *available at* https://www.ftc.gov/news-events/news/press-releases/2019/04/ftc-sends-warning-letters-companies-regarding-diamond-ad-disclosures

[36] https://web.archive.org/web/20250122214043/https://advertising.amazon.com/resources/ad-policy/creative-acceptance/restricted-content-products-services?ref_=a20m_us_spcs_cpf_spcs_cap7#requiredsubstantiation

[37] https://web.archive.org/web/20250122214043/https://advertising.amazon.com/resources/ad-policy/creative-acceptance/restricted-content-products-services?ref_=a20m_us_spcs_cpf_spcs_cap7#requiredsubstantiation

CLASS ACTION COMPLAINT - 22

**HAGENS BERMAN**

1    vendors are encouraged to avoid "technical or scientific terminology" as it may confuse

2    customers.

3        54.    Amazon also provides an Environmental Claims Table in the Amazon Green

4    Guides with specific examples to guide vendors on appropriate language. Below are some

5    examples:[38]

### Environmental Claims Table —

| Type of environmental claim | Claim example | Required substantiation |
|---|---|---|
| Constituent claim – relates to the materials from which the product is made | "Made with 100% recycled plastic" | The claim must be substantiated in the ad or on the PDP. |
| Unqualified "green" or "eco-friendly" claims | "Eco-friendly" | Unqualified "green" or "eco-friendly" claims are highly unlikely to be acceptable. In order to be acceptable the ad or PDP must direct customers to an independent study showing the product has caused no environmental harm over its entire life-cycle. |
| Qualified "green" or "eco-friendly" claims (The claim is qualified with an explanation as to the elements or use of the product that make it green or eco-friendly, for example being designed for reuse.) | "Eco-Friendly - Designed to be reused and refilled." | The claim must be substantiated in the ad or on the PDP. |

**C.    Amazon devotes a massive amount of marketing resources to position itself as a leading environmental steward.**

    **1.    Amazon touts its sustainability goals because it knows that Amazon's commitment to environmental stewardship is important to consumers.**

    55.    According to Amazon's current CEO, Andy Jassy, "of course most people care about [environmental responsibility] … our customers care about this, our partners care about

---

[38] https://web.archive.org/web/20250122214043/https://advertising.amazon.com/resources/ad-policy/creative-acceptance/restricted-content-products-services?ref_=a20m_us_spcs_cpf_spcs_cap7#requiredsubstantiation

**HAGENS BERMAN**

this, [and] our employees care about this."[39] As such, Amazon has adopted a set of sustainability goals or "focus areas" that anchor Amazon's commitment as a leading environmental steward. These five focus areas are: (1) driving climate solutions; (2) reducing waste and packaging; (3) protecting natural resources; (4) advancing human rights; and (5) innovating products and services.[40]

56.    Each year, Amazon publishes the "Amazon Sustainability Report" which also identifies and documents the progress made towards the Company's sustainability goals. Amazon also routinely acknowledges in its annual Sustainability Reports that environmentally conscious practices are important to Amazon consumers. For example, according to Kara Hurst, Amazon's Chief Sustainability Officer states: "we regularly hear from our customers, corporate partners, and employees how much they care about sustainability and social responsibility."[41] Amazon also explains in the same report that its "customers want products that align with their values, and this often includes products created with sustainability in mind."

57.    Additionally, Amazon communicates its progress towards its sustainability goals via the Amazon Sustainability website. The website consists of dozens of webpages tracking Amazon's progress in meeting its goal of "protecting natural resources" because Amazon knows that progress against this goal is material to its consumers. In doing so, as depicted below, Amazon promises consumers that it protects natural resources by "striv[ing] to source and use natural resources like water, raw materials, and ingredients in a responsible way across our business and supply chain. We are also investing in conservation and restoration initiatives to support carbon emissions reduction while protecting the natural world, wildlife habits, and biodiversity":[42]

---

[39] https://www.aboutamazon.com/news/sustainability/amazon-ceo-andy-jassy-discussion-on-sustainability

[40] https://sustainability.aboutamazon.com/

[41] https://sustainability.aboutamazon.com/2023-amazon-sustainability-report.pdf

[42] https://sustainability.aboutamazon.com/natural-resources

**HAGENS BERMAN**



2.    **Amazon knows that responsible sourcing practices in its Private Brands supply chains is important to consumers.**

58.    Amazon also understands that its customers' sustainability expectations inevitably extend to its supply chains. As such, Amazon communicates to consumers factors regarding the environmental sustainability of the supply chains for Amazon's private brands because Amazon knows that consumers are interested in these factors. For example, Amazon states on its Amazon's Sustainability website that the Company is committed to "protecting natural resources" via "responsible sourcing." And that Amazon is "protecting forests" via the "elimination of deforestation associated with raw materials within our … Private Brands supply chains":[43]

---

[43] https://sustainability.aboutamazon.com/natural-resources#responsible-sourcing

CLASS ACTION COMPLAINT - 25

**HAGENS BERMAN**

1
2
3
4
5
6
7
8
9
10
11



12    59.    Amazon's Sustainability Report also publishes information related to the supply

13   chain for Amazon Private Brand paper products because Amazon knows that this information is

14   important to consumers when making their purchase decisions. Here, Amazon claims that it

15   actively supports "no deforestation" initiatives. Amazon also asserts that 100% of Amazon

16   Private Brands paper products in North America are either recycled or sourced from pulp

17   certified by third parties:[44]

18
19
20

21
22    **3.    Amazon also touts its conservation and restoration of land as a "nature-based solution" to help neutralize global carbon emissions.**

23    According to Amazon, "nature-based solutions" are defined as "conservation, restoration,

24   and land management activities that improve how carbon is stored in areas like forests, wetlands,

25   peatlands and grasslands."[45] Amazon also explains that its nature-based solutions "improve how

26

27    [44] Amazon, *2023 Amazon Sustainability Report* at 60 (July 2024), available at https://sustainability.aboutamazon.com/2023-amazon-sustainability-report.pdf.

28    [45] https://sustainability.aboutamazon.com/natural-resources/nature-based-solutions

HAGENS BERMAN

011299-11/3101739 V1

1   carbon is stored in areas like forests" so as to "mitigate carbon emissions" and "supplement the

2   carbon-reduction efforts we're driving across our operations." Amazon also claims that it

3   "invest[s] in conservation and restoration initiatives to protect the natural world, improve

4   wildlife habits, and promote biodiversity." For example, Amazon created the Right Now Climate

5   Fund, a $100 million fund for nature-based solutions to restore degraded landscapes, conserve

6   forests, wetlands, and grasslands around the world.[46] Amazon communicates these messages

7   because it knows that they are material to consumers in making their purchase decisions. Below

8   is an example of how Amazon is leveraging "nature-based solutions" to fight climate change:



**D.     Amazon created the "Climate Pledge" marketing campaign to amplify the message to consumers that Amazon is committed to sustainable practices and products.**

60.     In 2019, Amazon announced to much fanfare that it had co-founded The Climate Pledge based on "the conviction that global businesses are responsible, accountable, and able to act on the climate crisis."[47] The Climate Pledge brings the world's top companies together to work on reaching net-zero carbon emissions by 2040. Signatories of The Climate Pledge agree to: (1) measure and report its greenhouse gas emissions on a regular basis; (2) implement decarbonization strategies in line with the 2015 Paris Climate Agreement; and (3) neutralize any remaining emissions with "additional, quantifiable, real permanent, and social beneficial offsets to achieve net zero annual carbon emissions by 2040."[48] Currently more than 545 companies in 46 countries have become signatories of The Climate Pledge. These companies represent more than $3.5 trillion in revenues and employ over 8 million people.

61.     Since 2019 Amazon has consistently devoted massive advertising resources to position Amazon and The Climate Pledge as synonymous with responsible environmental stewardship. For example, in 2021, Amazon promoted The Climate Pledge by "taking over" more than 42 screens in Times Square for over two hours to display pictures of trees, plants, and the earth.[49] Amazon also hosts an annual Climate Pledge Summit in New York City where thought-leaders discuss potential solutions to environmental problems. The Climate Pledge logo is also ubiquitous across the Amazon platform and printed on Amazon delivery boxes and packaging tape. Amazon also produces a docuseries dedicated to The Climate Pledge spotlights.[50] And most notably, Amazon spent an estimated $300-$400 million[51] to acquire the naming rights to Seattle's newest sports arena and chose to name the arena "The Climate Pledge Arena." According to then Amazon CEO, Jeff Bezos, "instead of calling it Amazon Arena, we

---

[47] https://sustainability.aboutamazon.com/climate-solutions

[48] https://www.theclimatepledge.com/us/en

[49] https://www.adsoftheworld.com/campaigns/the-climate-pledge

[50] https://www.aboutamazon.com/news/sustainability/a-new-docuseries-by-the-climate-pledge-spotlights-corporate-climate-solutions

[51] https://www.sportspro.com/sponsorship-marketing/sponsorship/amazon-seattle-nhl-climate-pledge-arena-naming-rights

**HAGENS BERMAN**

011299-11/3101739 V1

1    are naming it Climate Pledge Arena as a regular reminder of the urgent need for climate

2    action."[52]

3        62.    The Climate Pledge describes its "Mission" as "accelerat[ing] responsible climate

4    action in every industry so our planet's diverse communities, natural resources, and shared

5    environments can thrive indefinitely" because "when it comes to protecting our planet, there is

6    no middle ground."[53] Amazon also hosts its own The Climate Pledge webpage as part of its

7    Sustainability website:

8

9    

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26
_____

27    [52] https://apnews.com/with-climate-pledge-arena-amazon-puts-promise-in-lights-
      0d11c81cbb26851b2a009208809a86b7

28    [53] https://www.theclimatepledge.com/us/en/the-pledge/About

CLASS ACTION COMPLAINT - 29

**HAGENS BERMAN**

1      **1.    Amazon uses its Sustainability Leaf; Climate Pledge Friendly; and FSC logos**
**to link a consumer's purchase of certain Amazon's products to the**
2      **advancement of Amazon's sustainability promises.**

3      63.    The Climate Pledge Friendly badging program is designed by Amazon to help

4 make it easier for customers to search, identify, and shop for products that "help preserve the

5 natural world."[54]

6      64.    If a product meets the certification requirements of any of the 50 different third-

7 party or Amazon-based certifiers, then the vendor can apply for a "Sustainability Leaf"

8 (displayed below at bottom left) and/or "Climate Pledge Friendly" logo (displayed below at

9 bottom right) to be displayed on that product's point-of-sale website on Amazon. Then, while

10 searching for products on Amazon, customers can look for the Sustainability Leaf and Climate

11 Pledge Friendly logos to identify more sustainable products as depicted below:



16      65.    According to Amazon, "the Climate Pledge Friendly initiative supports Amazon's

17 [The Climate Pledge] commitment to reach the Paris Agreement ten years early and be net zero

18 carbon by 2040" and "make[s] it easier for customers to access product choices that align with

19 our commitment to a more sustainable future."[55] Amazon launched this program in January 2020

20 but continues to tout its Climate Pledge Friendly program even five years later. For example,

21 Amazon hosted a "Climate Pledge Friendly Day" on April 15 of last year, which was a 24-hour

22 event that provided discounts and buzz about how the logo program can "help meet customer

23 needs to browse for more sustainable products." According to Nancy Wine, one Amazon director

---

[54] https://www.amazon.com/Climate-Pledge-Friendly/b?ie=UTF8&node=21221607011
[55] https://www.aboutamazon.com/news/sustainability/amazon-launches-climate-pledge-friendly-program

011299-11/3101739 V1

**HAGENS BERMAN**

1   involved with the event, "[o]ur customers are looking for more sustainable items, and this event

2   will make it easier for them to find [Climate Pledge Friendly]-badged products."[56]

3   **E.    Amazon prominently displays the Sustainability Leaf, the Climate Pledge Friendly**
        **and an unqualified FSC logo at point-of-sale for Amazon Basics Paper Products.**

4
5   66.    Below is a picture of what Amazon displays to a consumer shopping for Amazon

6   Basics Bath Tissue at point-of-sale.[57] At first glance, the Sustainable Leaf is prominently

7   displayed. Indeed, it is situated *above* even the advertised price of the item:[58]

8

9
10
11
12
13
14
15
16
17  67.    If a consumer clicks on the Sustainability Leaf, then Amazon displays a pop-up

18  window with more information about the sustainability features specific to Amazon Basics Bath

19  Tissue. In the pop-up window, Amazon states that Amazon Bath Tissue has certain sustainability

20  features related to forestry practices. Amazon also states that the Amazon Basics Bath Tissue is

21  "made with materials from well-managed forests, recycled materials, and/or other controlled

22  wood sources" and is certified by the Forest Stewardship Council. Amazon also displays the

23  unqualified FSC logo as well as the Climate Pledge Friendly logo in the same pop-up menu.

24

25  ───────────────
    [56] https://advertising.amazon.com/library/news/amazon-ads-announces-first-climate-pledge-
26  friendly-day.

27  [57] Amazon's point-of-sale is practically identical whether the consumer visits Amazon on a
    desktop computer or on their smart phone.

28  [58] https://a.co/d/1f8J5Ip

**HAGENS BERMAN**

Consumers are also encouraged to "discover more products with sustainability features" and a link is provided to learn more about the Climate Pledge Friendly program:




68.     Importantly, Consumers are exposed to the Sustainability Leaf, Climate Pledge Friendly, and FSC logos (and associated environmental claims) even if they refrain from clicking on the Sustainability Leaf. This is because Amazon also posts the three logos and makes the same environmental claims in the "From the Brand" section of the Amazon Basics Bath Tissue point-of-sale website:[59]

---

[59] https://a.co/d/1f8J5Ip

**HAGENS BERMAN**

011299-11/3101739 V1

 **Sustainability features**

This product has sustainability features recognized by trusted certifications.

**Forestry practices**

Made with materials from well-managed forests, recycled materials, and/or other controlled wood sources.

As certified by

**FSC** The Forest Stewardship Council

**CLIMATE PLEDGE FRIENDLY**

Discover more products with sustainability features. Learn more

69.     Amazon also displays the Sustainability Leaf when consumers do a search for a type of product. Amazon displays the Sustainability Leaf in the search results page to "make[] it easier for customer to discover products [with sustainability features] from the search [page]":[60]



---

[60] https://www.amazon.com/b?node=21221607011; *Sustainability Report*, *supra* note 44, at 63

CLASS ACTION COMPLAINT - 33

**HAGENS BERMAN**

011299-11/3101739 V1

70.     By allowing consumers to search, filter, and identify products with the
Sustainability Leaf and Climate Pledge Friendly logos, Amazon understands that these
designations (and Amazon's underlying sustainability representations for which the logos are
acting as proxies) are material to consumers. Indeed, according to Cameron Westfall, the Head
of Product and Engineering for The Climate Pledge Friendly initiative at Amazon, "a huge
learning is that we've been able to confirm that this is something customers want."[61] Amazon
also reports that the addition of these labels provides an average 10% lift in page views.

71.     As for Amazon Basics Paper Towels, Amazon also displays at point-of-sale the
same three logos as Amazon Basics Bath Tissue and makes identical environmental claims.:[62]





---

[61] https://sustainablebrands.com/read/two-years-on-amazon-lead-reflects-on-success-opportunities-within-climate-pledge-friendly-program

[62] https://a.co/d/1qc1e29

CLASS ACTION COMPLAINT - 34

HAGENS BERMAN

72.    As the above examples demonstrate, Amazon understands that these claims of environmental responsibility are material to consumers. More specifically, Amazon's use of the Sustainability Leaf, the unqualified FSC logo, and the Climate Pledge Friendly logo communicates to consumers the message that Amazon Basics Paper Products are sustainable paper products sourced from FSC-certified forests (or other well-managed forests with similarly responsible forestry practices) and therefore has a lower carbon footprint than other products without these designations. Amazon also understands that it is conveying the message to consumers that a purchase of Amazon Basics Paper Products is consistent with Amazon's commitment to its highly-touted sustainability goals and The Climate Pledge.

73.    Amazon leverages this knowledge of materiality by choosing to display these claims in a much more prominent place when compared to many other attributes of Amazon Basics Paper Products that may be less material to consumers. For example, Amazon chooses to display the Sustainability Leaf in one of the most prominent places at point-of-sale (indeed right above the advertised price of the product). Amazon also posts the three logos in multiple places on its point-of-sale webpage, and even created their dedicated pop-up window. Amazon would not have provided these logos with such valuable advertising "real estate" on the webpage unless Amazon knew that the environmental claims it was making via these logos were highly material to consumers.

**F.    Amazon's greenwashing claims are misleading to consumers because of the following misrepresentations and material omissions.**

**1.    Amazon sources its Amazon Basics Paper Products from harvests that rely on industrial logging practices such as the clearcutting and burning of Canada's boreal forest.**

74.    Amazon does not disclose to consumers that the pulp used in making Amazon Basics Paper Products is sourced from industrial logging practices that are devastating Canada's boreal forest—one of the last large primary forests left on earth depicted on the map below:

CLASS ACTION COMPLAINT - 35

**HAGENS BERMAN**

1
2
3
4
5
6
7
8
9



10    75.    Canadas' boreal forest is a primary forest filled with nearly 56 million acres of

11  well-established trees that are at least a century old and have not yet been altered by human

12  activity. It provides refuge to a wide variety of wildlife, including keystone species such as

13  salmon, black bears, caribou, and snowshoe hares. The boreal is also critical to North America's

14  bird population, serving as the nesting grounds for more than three billion birds. Below are some

15  photographs of the boreal forest in Canada:

16
17   
18
19
20
21

22    76.    Canada's boreal forest is also incredibly important in mitigating climate change

23  via its role as a "carbon sink." Because of the cold climate and slow decomposition rates, the

24  boreal forests can "hold" in its soil and peat more carbon per acre than any other forest

25  ecosystem on earth. In fact, Canada's boreal holds as much as 300 billion tons of carbon—or

26  nearly twice as much as is stored in all the world's recoverable oil reserves. And on a per acre

27  basis, Canada's boreal holds nearly twice as much carbon as the Amazon rainforest. Thus,

28

CLASS ACTION COMPLAINT - 36

**HAGENS BERMAN**

1    changes in the quality and biodiversity of the primary forests like Canada's boreal have

2    significant impacts worldwide.

3        77.    Unfortunately, through heavy reliance on clearcutting and a continued push into

4    primary forests, the logging industry has destroyed more than 28 million acres of boreal forest in

5    just the last 20 years.[63] And currently, Canada's boreal is being cut down at a rate of one million

6    acres per year (or the size of 1.5 football fields' worth of forest every single minute). Indeed,

7    many environmental advocacy groups have also documented the enormous scale of current

8    logging operations and resulting deforestation. For example, the Canadian NGO, the Wildlands

9    League, conducted a study that estimated the ongoing and legacy impacts of logging scars in

10   northwestern Ontario, Canada.[64] The study found that clearcutting is used between 88-100% of

11   the time in logged areas in the boreal. The study also shows that boreal areas that have been

12   "scarred" by extensive industrial logging practices remain barren even 20-30 years after logging

13   takes place. If this pace of deforestation continues, in Ontario alone, then by 2030 the boreal

14   would have lost an amount of carbon equivalent to more than a year of emissions from all of

15   Canada's passenger vehicles combined. The Wildlands study also notes that since this type of

16   clearcut logging is used throughout the Canadian boreal, the actual deforestation rate for the

17   entire Canadian boreal is likely orders of magnitude higher.

18       78.    Another study, led by a group from Griffith University in Australia, analyzed

19   publicly available inventories of harvested trees and then linked them to maps and satellite

20   images to create a detailed picture of the cumulative impact of logging over time.[65] Below is a

21   graphic from this study identifying in orange the areas of the boreal forest showing signs of

22   deforestation and degradation[66]:

23       [63] https://www.nrdc.org/bio/jennifer-skene/issue-tissue-how-us-flushing-forests-away

24       [64] https://loggingscars.ca/report/

25       [65] https://www.nytimes.com/2024/01/04/world/canada/canada-boreal-forest-logging.html

26       [66] Amazon misleads consumers and violates Amazon's Green Guides by relying on an
     extremely narrow technical definition of "deforestation" that requires that a piece of land
27   officially change in land use designations in order to be subject to "deforestation". By relying on
     this definition, Amazon can skirt accountability for industrial practices such as clearcutting and
28   burning, that any reasonable consumer would understand would lead to deforestation.

CLASS ACTION COMPLAINT - 37

HAGENS BERMAN

011299-11/3101739 V1



79.     This graphic starkly shows that where logging has occurred and where the forest has not yet returned. The study also explains why: "replanting land after cutting older trees yields younger forests that are ecologically compromised, hold less carbon, are generally more vulnerable to disease and insect infestations, and are poor habitats for the many animals and plants that depend on old forest homes to thrive or, in some cases, to survive."[67] The study's authors characterize current replanting efforts as "really tied to maintaining and maximizing wood production and ensuring the regeneration of commercially desirable trees." When the boreal is logged like this, the rich soil and peatlands that have been storing the carbon captured by trees for centuries are disturbed. In total the degradation of the boreal forests results in an average of 26 million metric tons of carbon dioxide released into the atmosphere each year, which is roughly the equivalent of the emissions of 5.5 million passenger cars per year. In sum, this is a wildly unsustainable pipeline-trees that have grown for centuries are destroyed in hours, then turned into products that are used in seconds.

80.     As such, Amazon is misleading consumers by using the point-of-sale Sustainability Leaf and FSC logo, to infer that a purchase of Amazon Basics Paper Product will help support responsible forest practices from suppliers operating in FSC-certified forests—while hiding the fact that this supply chain's suppliers are intentionally burning and clearcutting

---

[67] https://www.nytimes.com/2024/01/04/world/canada/canada-boreal-forest-logging.html

**HAGENS BERMAN**

pristine primary forest and that it only sources a fraction of its pulp from FSC-certified forests as depicted below:





      **2.     Amazon does not disclose to consumers that 26 million metric tons of carbon dioxide is sent into the atmosphere each year by suppliers in the Amazon Basics Paper Products supply chain.**

     81.    Deforestation practices, like those described above, have huge implications for the amount of carbon sent into the atmosphere. For instance, when the boreal is logged, the rich soil and peatlands that have been storing the carbon captured by trees for centuries are disturbed and then released into the atmosphere.[68] Additionally, the boreal forest also continues to absorb hundreds of millions of tons of carbon dioxide from the atmosphere every year. According to Environment America, a nationwide federation of state-based environmental advocacy organizations, the degradation of the boreal results in an average of 26 million metric tons of

---

[68] https://environmentamerica.org/arizona/articles/trees-for-tissues-a-trade-off-that-american-companies-can-end/

**HAGENS BERMAN**

011299-11/3101739 V1

carbon dioxide released into the atmosphere each year, which is roughly equivalent to the annual emissions of 5.5 million passenger cars:[69]



82.    As summarized in Section IV.C, Amazon states that it is highly committed to "nature-based solutions" to mitigate carbon emissions, and that it has created a $100 million Right Now Climate Fund to help regrow forests and restore degraded landscapes. But Amazon does not tell consumers that *none* of these initiatives are designed to restore or replace the trees lost due to industrial logging practices in the boreal forest.

---

[69] https://environmentaldefence.ca/wp-content/uploads/2020/07/Logging-Loopholes-July-2020.pdf

CLASS ACTION COMPLAINT - 40

**HAGENS BERMAN**

83.     And even if Amazon was actively working towards regenerating the boreal forest, studies show that the logging industry relies heavily on replanting efforts that mimic monoculture tree "plantations" that do not have the same ecological health as primary multispecies forest ecosystems. Below are aerial photographs of a boreal supplier's replanting efforts in the Waibigoon area in Northern Ontario after clearcutting the area several years ago:



84.     These photographs are a far cry from the sustainable forestry practices described on Amazon Basics Paper Products point-of-sale webpage. Even worse, this area has already been designated with a slash pile burn plan in 2025, which means that this permanently destructive cycle will begin again. For these reasons, Amazon's commitment to "sustainability" "nature-based solutions" and "protecting forests" (as represented by the Sustainability Leaf, Climate Pledge Friendly, and FSC logos that serve as proxies for Amazon's sustainable forestry practices claims) is egregiously misleading.

**HAGENS BERMAN**

1    85.    Finally, even if Amazon committed to regeneration activities in the boreal—and

2    even if these regeneration activities were specifically targeted to allow for multispecies forest

3    ecosystems—Amazon would still be decades away from replacing what was taken. This is

4    because, according to experts, a newly planted forest will not start to retain or sequester carbon

5    until at least ten years after it was first planted.[70] And to become effective carbon stores (like the

6    forests that the industrial logging practices in the boreal clear cut and burn down) a forest needs

7    to have a permanence of 100 years. Further, logging primary forests can create a "carbon

8    debt" which takes decades to centuries to repay.[71] In addition, there are multiple scientific reports

9    showing that large areas of forest logged decades ago are failing to recover and regenerate as

10    planned. As such, according to Environment America, "no amount of saplings planted among the

11    graveyards of tree trunks can offset the damage done from the clearcutting of the boreal."[72]

12    86.    As such, Amazon is misleading consumers by using the point-of-sale "Climate

13    Pledge Friendly" logo to infer that a purchase of Amazon Basics Paper Product will help fight

14    against climate change—while hiding the fact that this supply chain needlessly sends 26 million

15    metric tons of carbon emissions into the atmosphere each year via the clearcutting and burning of

16    Canada's boreal forest by Amazon's suppliers.

17    **3.    Amazon does not reveal that the bleaching process used for Amazon Basics Paper Products is also extremely harmful to the natural environment.**

18    87.    Conventional paper products such as bathroom tissue and paper towels are

19    bleached to soften and strengthen them. Until the 1990s, elemental chlorine bleach was used to

20    bleach the pulp.[73] The problem with chlorine is that, when combined with glue, it produces

21    furans and highly carcinogenic dioxins. These harmful substances end up in the wastewater from

22    the mill, which is released into nearby rivers and lakes. Dioxins, like mercury, also

23    bioaccumulate up the food chain. Dioxins are considered "persistent organic pollutants" that

24

25    [70] https://www.dezeen.com/2021/07/05/carbon-climate-change-trees-afforestation/

26    [71] https://www.mdpi.com/2073-445X/13/1/6 Forest harvesting and the carbon debt in boreal east-central Canada

27    [72] https://www.dezeen.com/2021/07/05/carbon-climate-change-trees-afforestation/

28    [73] https://www.nrdc.org/sites/default/files/2023-09/issue-with-tissue-5th-report.pdf at 14.

CLASS ACTION COMPLAINT - 42

**HAGENS BERMAN**

011299-11/3101739 V1

1    break down incredibly slowly and are highly toxic carcinogens that can also cause reproductive

2    and developmental problems, damage the immune system, and interfere with hormones.[74]

3         88.    This is why the U.S. Environmental Protection Agency ("EPA") placed more

4    stringent requirements on paper mills, which effectively phased out the use of chlorine gas

5    (elemental chlorine). But since the EPA prohibition mills processing the boreal forest pulp

6    simply switched to an elemental chlorine free process involving chlorine dioxide, which

7    produces significantly fewer dioxins, but doesn't eliminate them completely. The elemental

8    chlorine free (ECF) process used for bleaching most wood pulp and bamboo fiber still emits

9    chlorinated compounds into the environment. This chlorine can react with carbon-based

10   compounds to produce dioxins, highly toxic chemicals linked to cancer and other health risks. In

11   contrast, recycled paper products generally use bleaching methods, such as processed chlorine

12   free (PCF), that are far less toxic than ECF. PCF totally avoids chlorine, instead using oxygen,

13   ozone, and hydrogen peroxide. Where forest or bamboo fiber has been bleached without the use

14   of any type of chlorine, it is labeled totally chlorine free (TCF).

15       **4.**    **Amazon's unqualified use of the FSC logo is also misleading as to the**
     **sustainability footprint of Amazon Basics Paper Products.**

16   

17        89.    The FSC requires the use of different FSC logos to depict different levels of

     commitment to responsible forest management. Companies must therefore only use the logo for

18   the appropriate level of certification for that product.[75] For example, products with a 100% FSC

19   logo indicate that all materials used come from responsibly managed, FSC-certified forests.

20   Products with the FSC Recycled logo indicate that the product is made from 100 per cent

21   recycled materials. And, the FSC Mix logo states that the product is made with a mixture of

22   materials from FSC-certified forests, recycled materials, and/or FSC-controlled wood. FSC also

23   defines the term "controlled wood" to mean that the product contains wood originating from

24   non-FSC-certified forests:

25   

26   

27       [74] https://www.epa.gov/dioxin/learn-about-dioxin

28       [75] https://fsc.org/en/what-the-fsc-labels-mean

**HAGENS BERMAN**

90.    According to the supply chain for Amazon Basics Paper Products, Amazon should be using the "FSC Mix" logo along with the full description and qualifiers. But as explained in Section IV.E., above, Amazon uses none of these authorized logos. Instead, Amazon chooses to use an *unqualified* FSC logo, set forth below, on its point-of-sale websites for Amazon Basics Paper Products. This alone is misleading to consumers.



91.    Amazon's actions are also misleading because according to the National Resources Defense Council ("NRDC"), more than 5.6 million cubic meters of wood (out of a total of 9.4 million)—or more than half—of the wood being sourced from the boreal forest in Ontario and Quebec is originating from completely outside non-FSC certified areas.[76]

92.    The distinction between FSC forests and non-FSC forests is important for consumers. This is because in Canada, the FSC is the only forest certification widely supported

---

[76] https://www.nrdc.org/sites/default/files/thousand-cuts-wood-sourcing-canadas-boreal-report.pdf

CLASS ACTION COMPLAINT - 44

**HAGENS BERMAN**

011299-11/3101739 V1

by environmental experts. Moreover, its key competitor in Canada, the industry-created Sustainable Forestry Initiative (SFI), is widely criticized by environmental experts for not prohibiting destructive logging practices.[77] Environmental watchdogs also stress that most of SFI's requirements regarding primary forest protection and the safeguarding of habit of threatened species are either extremely weak or constitute vague, nonbinding, guidance. As such, SFI does little more than require companies to meet legal requirements of regions where they operate.[78] As such, dozens of companies have distanced themselves from SFI, whether due to concerns over reputational risks or apprehensions around its lack of meaningful sustainability requirements.

93.     Amazon has admitted in its Sustainability Report that it is partnering with SFI, a third-party certifier with watered-down standards, but continues to nevertheless prominently display *only* the FSC logo in multiple areas on the point-of-sale webpage and omits any qualifying language about SFI certification. Amazon misleads customers with its deceptive use of an unqualified FSC logo to infer that all of the forests in the supply chain are FSC-certified and also hides at point-of-sale its association with the industry-influenced certifier, SFI.

### 5.     Amazon's deception allows it to make identical environmental claims for products with markedly different supply chains.

94.     The NRDC recently published its annual "Issue with Tissue" report that grades the environmental impact of various forms of bathroom and household tissue.[79] According to the NRDC, the supply chains stemming from Amazon Aware and Amazon Basics are markedly different from a sustainability perspective. Amazon Aware received an "B" grade as it is derived from 100% bamboo pulp and all materials sourced from 100% FSC-certified forests. In contrast, Amazon Basics Paper Products received an "F" grade as it is derived from 100% primary forest pulp, and an unspecified portion of "controlled wood," which is the term used by the FSC to

---

[77] https://www.nrdc.org/sites/default/files/thousand-cuts-wood-sourcing-canadas-boreal-report.pdf

[78] https://www.nrdc.org/sites/default/files/thousand-cuts-wood-sourcing-canadas-boreal-report.pdf

[79] https://www.nrdc.org/resources/issue-tissue

CLASS ACTION COMPLAINT - 45

**HAGENS BERMAN**

designate wood originating from *non*- FSC-certified forests:

**ISSUE WITH TISSUE SIXTH EDITION SCORECARD: TOILET PAPER**

How does your favorite toilet paper brand rank when it comes to sustainability? Page through the list to find out which brands get an A—and which flunked the test—or search by typing in a brand. Curious how your paper towels and tissues rank? Click on the buttons below to see those scorecards.

[ PAPER TOWEL SCORECARD ]  [ FACIAL TISSUE SCORECARD ]

🔍 amazon                                                          ✕

| Brand | Company | Grade | Score out of 600 ▽ | Total % recycled content | % Postconsumer content | % Forest or bamboo fiber | FSC certification of bamboo or forest fiber | Forest/non-FSC bamboo fiber avoid both deforestation and forest degradation | Bleaching process |
|---|---|---|---|---|---|---|---|---|---|
| Amazon Aware | Amazon | B | 400 | 0 | 0 | 100% bamboo | FSC 100% | N/A | ECF |
| Amazon Basics | Amazon | F | 100 | 0 | 0 | 100% forest fiber | FSC Mix | No | ECF |

95.    According to the data provided by the NRDC, Amazon Aware would use the qualified "100% FSC" logo and Amazon Basics would use (at best) the "FSC Mix" logo:




96.    And yet, Amazon uses the same three logos (the Sustainability Leaf, the unqualified FSC logo, and Climate Pledge Friendly logo) at the point-of-sale website for Amazon Aware[80] bathroom tissue as it does for Amazon Basics[81] bath tissue. Amazon also makes no qualifications as to any of the logos displayed that would differentiate for the consumer the dramatically different supply chains for these two paper products:

---

[80] https://a.co/d/187CP3Q

[81] https://a.co/d/13yGLKj

CLASS ACTION COMPLAINT - 46

**HAGENS BERMAN**

1
2
3
4
5
6
7
8
9
10
11




12
13
14
15
16
17
18
19
20
21
22



23    97.    Because of Amazon's misleading conduct, there is no reasonable way for a

24  consumer to understand that Amazon Aware is a much more sustainable choice than Amazon

25  Basics bath tissue. Nor is the consumer aware at point-of-sale that by buying Amazon Basics

26  bath tissue the consumer is contributing to the clearcutting of primary forests. As such, the FSC

27  logo and Sustainability Leaf displayed on Amazon's point-of-sale websites become essentially

28  useless.

**HAGENS BERMAN**

**6.    Amazon's misleading practices violate both the FTC Green Guides and Amazon's Green Guides.**

98.    The FTC Green Guides help marketers avoid making environmental marketing claims that are unfair or deceptive by "provid[ing] the [FTC's] views on how reasonable consumers likely interpret certain claims." See Section IV.B.1, *supra*. The FTC explains that "a representation, omission, or practice is deceptive if it is likely to mislead consumers acting reasonably under the circumstances and is material to consumers' decisions." According to the FTC "whether a particular claim will be deceptive will depend on the net impression of the advertisement, label or other promotional material at issue."[82] The Commission also instructs in § 260.2 that "to determine if an advertisement is deceptive, marketers must identify all express and implied claims that the advertisement reasonably conveys. Marketers must ensure that all reasonable interpretations of their claims are truthful, not misleading, and supported by a reasonable basis before they make the claims." Moreover, "in the context of environmental marketing claims, a reasonable basis often requires competent and reliable scientific evidence.[83]

99.    Amazon's conduct clearly violates several portions of the FTC Green Guides, First, Amazon uses the Sustainability Leaf and Climate Pledge logos on its point-of-sale webpages for Amazon Basics Paper Products to convey to a reasonable consumer that Amazon's supply chain for Amazon Basics Paper Products uses more sustainable forestry practices than the supply chain for similar products without the same logos applied. But because Amazon sources its Amazon Basics Paper Products directly from boreal suppliers who are clearcutting and burning centuries-old forest, it is unlikely that Amazon can substantiate its implication that the supply chain for Amazon Basics Paper Products has any environmental attributes or benefits using scientific evidence (or that any positive attribute or benefit is negligible). Amazon also does not use any clear and prominent qualifying language that limits the claim to a specific benefit. Amazon also does not ensure that the context of the logo does not imply deceptive

---

[82] https://www.ftc.gov/sites/default/files/attachments/press-releases/ftc-issues-revised-green-guides/greenguides.pdf
[83] https://www.ftc.gov/sites/default/files/attachments/press-releases/ftc-issues-revised-green-guides/greenguides.pdf

**HAGENS BERMAN**

1    environmental claims. As such, Amazon's actions violate § 260.2 "Interpretation and

2    Substantiation of Environmental Marketing Claims" ; § 260.3 (c) Overstatement of

3    Environmental Attribute; and § 260.4 (c) and (d) General Environmental Claims of the FTC

4    Green Guides. Amazon's actions are also similar to the deceptive example in Example 3 of

5    § 260.4(d) in that Amazon's text, images, and context convey far-reaching environmental

6    benefits and/or that the product has no negative environmental impact, when the opposite is true.

7        100.    Amazon uses the Sustainability Leaf and Climate Pledge logos on its point-of-sale

8    webpages for Amazon Basics Paper Products to convey to a reasonable consumer that the supply

9    chain for this product has a lower carbon footprint than similar products without the same logo

10   applied. But because Amazon sources its Amazon Basics Paper Products from boreal suppliers

11   whose intentional clearcutting and burning of the boreal forest releases over 26 million metric

12   tons of carbon dioxide into the atmosphere each year, (equivalent to the annual emissions of 5.5

13   million passenger cars) Amazon's actions violate § 260.2 "Interpretation and Substantiation of

14   Environmental Marketing Claims" and § 260.3 (c) Overstatement of Environmental Attribute of

15   the FTC Green Guides. Amazon's actions are also similar to the deceptive example in Example 1

16   of § 260.3 (c).

17       101.    Amazon uses an unqualified FSC logo at the point-of-sale webpage for Amazon

18   Basics Paper Products even when Amazon knows that its supply chains only contain a fraction of

19   FSC-certified forests. Amazon also declines to post information about the highly criticized SFI

20   certification, including the fact that most of the pulp sourced for Amazon Basics Paper Products

21   are sourced from SFI forests. Because Amazon did not make these disclosures between FSC and

22   SFI certification "clear, prominent and understandable" Amazon's actions violate § 260.3(a)

23   "Qualifications and disclosures" as well as § 260.6 "Certifications and Seals of Approval" of the

24   FTC Green Guides.

25       102.    Amazon uses the term "controlled wood" on its point-of-sale webpages for

26   Amazon Basics Paper Products. But "controlled wood" is a trade term for wood sourced in a

27   forest with very few or no binding environmental protections. The trade term is also unlikely to

28   be understood by reasonable consumers. Amazon's actions violate section 7.20 of the Amazon

**HAGENS BERMAN**

1   Green Guides which discourages the use of technical or scientific language, as well as the similar

2   instructions contained in § 260.2 and 260.3(c) of the FTC Green Guides.

3   **G.   Amazon already has direct access to supply chains that would render its sustainability claims not misleading but chooses not to source from them.**

4

5   103.    The NRDC released *The Issue with Tissue* Sixth Edition scorecard in 2024, which

    shows movement among the industry's biggest players toward greater sustainability. However,

6   Amazon received an "F" grade for both its Amazon Basics Bath Tissue and Paper Towels.[84] The

7   NRDC notes that both the Amazon Basics Bath Tissue and Paper Towels included *zero* recycled

8   content and *zero* postconsumer content and were comprised of 100% virgin forest fiber[85]:

9

10  

11

12

13

14

15

16

17

18

19

20  104.    While these results are disappointing, it is important to note that Amazon is

21  capable of developing supply chains that would make its sustainability claims not misleading.

22  Indeed, according to the NRDC, Amazon-owned "365 by Whole Foods Market" brand bath

23  tissue and paper towels received an "A+" rating from the NRDC. And the "Amazon Aware"

24  brand received a "B" rating.

25

26  _____

27  [84] https://www.nrdc.org/stories/best-worst-tissue-brands;
    https://datawrapper.dwcdn.net/4Nx59/13/

28  [85] https://www.nrdc.org/stories/best-worst-tissue-brands

CLASS ACTION COMPLAINT - 50

**HAGENS BERMAN**

011299-11/3101739 V1

105.    According to the NRDC, the 365 by Whole Foods Market brand is made with 100% recycled content (of which 80% is postconsumer content) and uses a Processed Chlorine Free ("PCF") bleaching process. Paper that is processed via PCF uses ozone, oxygen and/or peroxide to bleach the paper. This method uses no chlorine, thus significantly reducing the amount of harmful waste produced by the process.

106.    As for Amazon's "Aware" Brand, it relies on 100% bamboo pulp from areas that are "FSC 100%". And as explained above, the FSC 100% logo means that "all materials used come from responsibly managed, FSC-certified forests.

107.    In other words, Amazon already has direct access to supply chains that would render its sustainability claims not misleading. Yet, for whatever reason, Amazon is *choosing* to continue to source its pulp for the Amazon Basics Paper Products from unsustainable supply chains. Amazon is also *choosing* to use the Sustainability Leaf and make identical environmental claims for one product that comes from sustainable supply chains and another product that is clearcutting primary forests and destroying previous carbon sinks.

108.    And Amazon cannot claim to not have been made aware of these facts, as environmental advocacy groups such as Environment America Research & Policy Center and the NRDC have repeatedly sent formal letters to Amazon requesting that the Company increase the amount of forest-free fiber in their Amazon Basics tissue products by 50% or more. But, to date, Amazon has not changed its supply chain and sourcing practices for Amazon Basics Paper Products.

## V.      TOLLING OF THE STATUTE OF LIMITATIONS

### A.      Discovery rule tolling

109.    Class members had no way of knowing about Amazon's deception with respect to the environmental sustainability of the Amazon Basics Paper Products supply chain. To be sure, Amazon continues to this day to make the same claims that the trees in the boreal forest, and that the pulp it purchases, is sustainably sourced, all while actively promoting their obsolete and misleading sustainability credentials at point-of-sale.

**HAGENS BERMAN**

110.    Within the period of any applicable statutes of limitation, Plaintiffs and members of the proposed Classes could not have discovered through the exercise of reasonable diligence that Amazon was concealing the conduct complained of herein and was misrepresenting the Company's true position with respect to the environmental stewardship of its Amazon Basics Paper Products supply chain.

111.    Plaintiffs and the other Class members did not discover, and did not know of facts that would have caused a reasonable person to suspect, that Amazon did not report information within its knowledge to federal and state authorities or consumers; nor would a reasonable and diligent investigation have disclosed this information, which was discovered by Plaintiffs only shortly before this action was filed. Nor in any event would such an investigation on the part of Plaintiffs and other Class members have disclosed that Amazon valued profits over truthful marketing and compliance with law.

112.    For these reasons, all applicable statutes of limitation have been tolled by operation of the discovery rule with respect to claims alleged herein.

**B.    Fraudulent Concealment Tolling**

113.    All applicable statutes of limitation have also been tolled by Amazon's knowing and active fraudulent concealment, omissions, and suppressions and denial of the facts alleged herein throughout the period relevant to this action.

114.    Instead of disclosing the environmentally devastating Amazon Basics Paper Products supply chain, or that the quality and quantity of replanted forests was far worse than represented, Amazon chose instead to tout its environmental bona fides via its websites and the packaging used for Amazon Basics Paper Products.

**C.    Estoppel**

115.    After consistently touting its environmental stewardship, Amazon was under a continuous duty to disclose to Plaintiffs and the other Class members the true character, quality, and nature of the harvesting and replanting efforts within the Amazon Basics Paper Products supply chain.

**HAGENS BERMAN**

116.    Amazon knowingly, affirmatively, and actively concealed, omitted, or suppressed, or recklessly disregarded the true character, quality, and nature of the harvesting and replanting efforts within the Amazon Basics Paper Products supply chain.

117.    Based on the foregoing, Amazon is estopped from relying on any statutes of limitations in defense of this action.

## VI.    CLASS ALLEGATIONS

118.    Plaintiffs bring this action on behalf of themselves and as a class action pursuant to the provisions of Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure on behalf of the following classes:[86]

**California Class**

> All persons who purchased an Amazon Basics Paper Product from January 25, 2020, through the time of trial in the state of California.

**Florida Class**

> All persons who purchased an Amazon Basics Paper Product from January 25, 2020, through the time of trial in the state of Florida.

**Idaho Class**

> All persons who purchased an Amazon Basics Paper Product from January 25, 2020, through the time of trial in the state of Idaho.

**New York Class**

> All persons who purchased an Amazon Basics Paper Product from January 25, 2020, through the time of trial in the state of New York.

**Multistate Class One**

> All persons who purchased an Amazon Basics Paper Product from January 25, 2020, through the time of trial in the states of Alabama, Indiana, Maine, Maryland, Michigan, Minnesota, New Mexico, Pennsylvania and Washington.

**Multistate Class Two**

> All persons who purchased an Amazon Basics Paper Product from January 25, 2020, through the time of trial in the states of Alaska, Arizona, Connecticut, Georgia, Illinois, Massachusetts, Montana,

---

[86] Collectively, the "Class," unless otherwise noted.

CLASS ACTION COMPLAINT - 53

**HAGENS BERMAN**

011299-11/3101739 V1

New Hampshire, Ohio, South Caroline, Utah, Vermont Texas, Tennessee, West Virginia, and the District of Columbia.

119.    Excluded from the Class are Amazon and its subsidiaries and affiliates; all persons who make a timely election to be excluded from the Class; governmental entities; and the judge to whom this case is assigned and his/her immediate family. Plaintiffs reserve the right to revise the Class definition based upon information learned through discovery.

120.    Certification of Plaintiffs' claims for classwide treatment is appropriate because Plaintiffs can prove the elements of their claims on a classwide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

121.    This action has been brought and may be properly maintained on behalf of each of the Classes proposed herein under Federal Rule of Civil Procedure 23.

122.    Numerosity. Federal Rule of Civil Procedure 23(a)(1): The members of the Class are so numerous and geographically dispersed that individual joinder of all Class members is impracticable. Plaintiffs are informed and believe that annual sales of Amazon Basics Paper Products toilet paper are estimated to be $1 billion and that Amazon spends around $119 million each year in advertising for the Amazon Basics Paper Products brand in the United States. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. Mail, email, text messages, social media, Internet postings, and/or published notice.

123.    Commonality and Predominance. Federal Rule of Civil Procedure 23(a)(2) and 23(b)(3): This action involves common questions of law and fact, which predominate over any questions affecting individual Class members, including, without limitation:

    a.    Whether Amazon engaged in the conduct alleged herein;

    b.    Whether Amazon designed, advertised, marketed, distributed, sold, or otherwise placed Amazon Basics Paper Products into the stream of commerce in the United States;

    c.    Whether Amazon sources its Amazon Basics Paper Products from the boreal forest in Canada;

CLASS ACTION COMPLAINT - 54

**HAGENS BERMAN**

1       d.     Whether Amazon made specific claims to consumers of environmental

2   stewardship regarding the supply chain for Amazon Basics Paper Products;

3       e.     Whether Amazon knew about the highly destructive industrial logging

4   practices taking place in its supply chain for Amazon Basics Paper Products and, if so, how long

5   Amazon has known of the issue;

6       f.     Whether Amazon knew that replanting efforts in the boreal forest are

7   mainly for future harvesting purposes and do not recreate the same level of biodiversity and

8   carbon capture capability characteristic of the trees previously harvested and, if so, how long

9   Amazon has known of the issue;

10       g.     Whether Amazon's conduct violates consumer protection statutes, the

11   common law of fraudulent concealment, and other laws as asserted herein;

12       h.     Whether Amazon knew or should have known of the industrial logging

13   and replanting issues inherent in the Amazon Basics Paper Products supply chain;

14       i.     Whether Plaintiffs and the other Class members overpaid for their

15   Amazon Basics Paper Products as a result of the fraud alleged herein;

16       j.     Whether Plaintiffs and the other Class members are entitled to equitable

17   relief; and

18       k.     Whether Plaintiffs and the other Class members are entitled to damages

19   and other monetary relief and, if so, in what amount.

20     124.    *Typicality.* Federal Rule of Civil Procedure 23(a)(3): Plaintiffs' claims are typical

21   of the other Class members' claims because, among other things, all Class members were

22   comparably injured through Amazon's wrongful conduct as described above.

23     125.    *Adequacy.* Federal Rule of Civil Procedure 23(a)(4): Plaintiffs are adequate Class

24   representatives because their interests do not conflict with the interests of the other members of

25   the Classes each respectively seeks to represent; Plaintiffs have retained counsel competent and

26   experienced in complex class action litigation; and Plaintiffs intend to prosecute this action

27   vigorously. The Class's interests will be fairly and adequately protected by Plaintiffs and their

28   counsel.

**HAGENS BERMAN**

126.    <u>Declaratory and Injunctive Relief.</u> Federal Rule of Civil Procedure 23(b)(2): Amazon has acted or refused to act on grounds generally applicable to Plaintiffs and the other members of the Class, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to the Class as a whole.

127.    <u>Superiority.</u> Federal Rule of Civil Procedure 23(b)(3): A class action is superior to any other available means for the fair and efficient adjudication of this controversy and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiffs and the other Class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against Amazon, so it would be impracticable for Class members to individually seek redress for Amazon's wrongful conduct. Even if Class members could afford individual litigation, the court system could not. Individualized litigation creates a potential for inconsistent or contradictory judgments, and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

## VII.    CLAIMS FOR RELIEF

## A.    Claims brought on behalf of the Alabama Class

### COUNT I
### FRAUDULENT CONCEALMENT
### (BASED ON ALABAMA LAW)

128.    Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

129.    Plaintiffs bring this Count on behalf of the Alabama Class.

130.    Amazon intentionally concealed and suppressed material facts regarding its Amazon Basics Paper Products. These material facts included that (i) Amazon Basics Paper Products sources its wood pulp via industrial logging practices such as clearcutting, burning, and bleaching; (ii) Amazon Basics Paper Products suppliers are systematically converting critically important old-growth forests into environmentally devastating tree farms and plantations; (iii)

HAGENS BERMAN

only a fraction of Amazon's wood pulp is sourced from FSC certified forests; (iv) that Amazon's suppliers in the boreal are destroying habitat for endangered animal populations (like the caribou) and (iv) that the supply chain for Amazon Basics Paper Products is actively eliminating the largest carbon sink in the world.

131.    Amazon voluntarily represented that its Amazon Basics Paper Products were environmentally sustainable and therefore is required to make a full and fair disclosure under Alabama law. Amazon therefore had a duty to disclose the material facts as additional information in order to make its Amazon Basics Paper Products Sustainability Promise website (as well as Amazon's other environmental claims including on its Amazon Basics Paper Products packaging) not misleading. Amazon also knew that these representations were false when made.

132.    Amazon's omissions and/or misrepresentations alleged herein caused Plaintiffs and the other Alabama Class members to make their Amazon Basics Paper Products purchases. Plaintiffs were unaware of these material facts, and had Amazon communicated these material facts to consumers, Plaintiffs and the other Alabama Class members would not have purchased Amazon Basics Paper Products, or would not have purchased Amazon Basics Paper Products at the prices they paid. Accordingly, Plaintiffs and the other Alabama Class members have suffered injury in fact, including lost money or property, as a result of Amazon's misrepresentations and omissions.

133.    Accordingly, Amazon is liable to Plaintiffs and the other Alabama Class members for damages in an amount to be proven at trial, including but not limited to, benefit-of-the-bargain damages, restitution, and/or diminution of value.

134.    Amazon's acts were done wantonly, maliciously, oppressively, deliberately, with intent to defraud, and in reckless disregard of Plaintiffs' and other Alabama Class members' rights and the representations that Amazon made to them, in order to enrich Amazon. Amazon's conduct warrants an assessment of punitive damages in an amount sufficient to deter such conduct in the future, which amount is to be determined according to proof.

**HAGENS BERMAN**

1   **B.      Claims brought on behalf of the Alaska Class**

2                                  **COUNT II**
                            **FRAUDULENT CONCEALMENT**
3                           **(BASED ON ALASKA LAW)**

4          135.    Plaintiffs incorporate by reference all preceding allegations as though fully set

5   forth herein.

6          136.    Plaintiffs bring this Count on behalf of the Alaska Class.

7          137.    Amazon intentionally concealed and suppressed material facts regarding its

8   Amazon Basics Paper Products. These material facts included that (i) Amazon Basics Paper

9   Products sources its wood pulp via industrial logging practices such as clearcutting, burning, and

10  bleaching; (ii) Amazon Basics Paper Products suppliers are systematically converting critically

11  important old-growth forests into environmentally devastating tree farms and plantations; (iii)

12  only a fraction of Amazon's wood pulp is sourced from FSC certified forests; (iv) that Amazon's

13  suppliers in the boreal are destroying habitat for endangered animal populations (like the

14  caribou) and (iv) that the supply chain for Amazon Basics Paper Products is actively eliminating

15  the largest carbon sink in the world.

16         138.    Amazon voluntarily represented that its Amazon Basics Paper Products was

17  environmentally sustainable and therefore is required to make a full and fair disclosure under

18  Alaska law. Amazon therefore had a duty to disclose the material facts as additional information

19  in order to make its Amazon Basics Paper Products Sustainability Promise website (as well as

20  Amazon's other environmental claims including on its Amazon Basics Paper Products

21  packaging) not misleading. Amazon also knew that these representations were false when made.

22         139.    Amazon's omissions and/or misrepresentations alleged herein caused Plaintiffs

23  and the other Alaska Class members to make their Amazon Basics Paper Products purchases.

24  Plaintiffs were unaware of these material facts, and had Amazon communicated these material

25  facts to consumers, Plaintiffs and the other Alaska Class members would not have purchased

26  Amazon Basics Paper Products, or would not have purchased Amazon Basics Paper Products at

27  the prices they paid. Accordingly, Plaintiffs and the other Alaska Class members have suffered

28

**HAGENS BERMAN**

1    injury in fact, including lost money or property, as a result of Amazon's misrepresentations and

2    omissions.

3        140.    Accordingly, Amazon is liable to Plaintiffs and the other Alaska Class members

4    for damages in an amount to be proven at trial, including but not limited to, benefit-of-the-

5    bargain damages, restitution and/or diminution of value.

6        141.    Amazon's acts were done wantonly, maliciously, oppressively, deliberately, with

7    intent to defraud, and in reckless disregard of Plaintiffs' and other Alaska Class members' rights

8    and the representations that Amazon made to them, in order to enrich Amazon. Amazon's

9    conduct warrants an assessment of punitive damages in an amount sufficient to deter such

10    conduct in the future, which amount is to be determined according to proof.

11    **C.    Claims brought on behalf of the Arizona Class**

12                               **COUNT III**
                   **VIOLATION OF THE ARIZONA CONSUMER FRAUD ACT**
13                  **(ARIZONA REV. STAT. § 44-1521, *et seq.*)**

14        142.    Plaintiffs hereby incorporate by reference the allegations contained in the

15    preceding paragraphs of this complaint.

16        143.    This claim is brought by Plaintiffs on behalf of the Arizona Class.

17        144.    The Arizona Consumer Fraud Act ("Arizona CFA") provides that "[t]he act, use

18    or employment by any person of any deception, deceptive act or practice, fraud . . . ,

19    misrepresentation, or concealment, suppression or omission of any material fact with intent that

20    others rely upon such concealment, suppression or omission, in connection with the sale . . . of

21    any merchandise whether or not any person has in fact been misled, deceived or damaged

22    thereby, is declared to be an unlawful practice." Ariz. Rev. Stat. § 44-1522(A).

23        145.    Defendant, Plaintiffs, and Arizona Class members are "persons" within the

24    meaning of the Arizona CFA. Ariz. Rev. Stat. § 44-1521(6).

25        146.    The Amazon Basics Paper Products at issue is "merchandise" within the meaning

26    of the Arizona CFA. Ariz. Rev. Stat. § 44-1521(5).

27        147.    Defendant's conduct, as set forth above, occurred in the conduct of trade or

28    commerce.

CLASS ACTION COMPLAINT - 59

**HAGENS BERMAN**

148.    Pursuant to the Arizona CFA, Plaintiffs seek monetary relief against Defendant in an amount to be determined at trial. Plaintiffs also seek punitive damages because Defendant engaged in aggravated and outrageous conduct with an evil mind.

149.    Plaintiffs also seek an order enjoining each Defendant's unfair, unlawful, and/or deceptive practices, attorneys' fees, and any other just and proper relief available under the Arizona CFA.

**COUNT IV**
**FRAUDULENT CONCEALMENT**
**(BASED ON ARIZONA LAW)**

150.    Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

151.    Plaintiffs bring this Count on behalf of the Arizona Class.

152.    Amazon intentionally concealed and suppressed material facts regarding its Amazon Basics Paper Products. These material facts included that (i) Amazon Basics Paper Products sources its wood pulp via industrial logging practices such as clearcutting, burning, and bleaching; (ii) Amazon Basics Paper Products suppliers are systematically converting critically important old-growth forests into environmentally devastating tree farms and plantations; (iii) only a fraction of Amazon's wood pulp is sourced from FSC certified forests; (iv) that Amazon's suppliers in the boreal are destroying habitat for endangered animal populations (like the caribou) and (iv) that the supply chain for Amazon Basics Paper Products is actively eliminating the largest carbon sink in the world.

153.    Amazon voluntarily represented that its Amazon Basics Paper Products were environmentally sustainable and therefore is required to make a full and fair disclosure under Arizona law. Amazon therefore had a duty to disclose the material facts as additional information in order to make its Amazon Basics Paper Products Sustainability Promise website (as well as Amazon's other environmental claims including on its Amazon Basics Paper Products packaging) not misleading. Amazon also knew that these representations were false when made.

**HAGENS BERMAN**

154.    Amazon's omissions and/or misrepresentations alleged herein caused Plaintiffs and the other Arizona Class members to make their Amazon Basics Paper Products purchases. Plaintiffs were unaware of these material facts, and had Amazon communicated these material facts to consumers, Plaintiffs and the other Arizona Class members would not have purchased Amazon Basics Paper Products, or would not have purchased Amazon Basics Paper Products at the prices they paid. Accordingly, Plaintiffs and the other Arizona Class members have suffered injury in fact, including lost money or property, as a result of Amazon's misrepresentations and omissions.

155.    Accordingly, Amazon is liable to Plaintiffs and the other Arizona Class members for damages in an amount to be proven at trial, including but not limited to, benefit-of-the-bargain damages, restitution and/or diminution of value.

156.    Amazon's acts were done wantonly, maliciously, oppressively, deliberately, with intent to defraud, and in reckless disregard of Plaintiffs' and other Arizona Class members' rights and the representations that Amazon made to them, in order to enrich Amazon. Amazon's conduct warrants an assessment of punitive damages in an amount sufficient to deter such conduct in the future, which amount is to be determined according to proof.

**D.    Claims brought on behalf of the California Class**

**COUNT V**
**VIOLATION OF THE CALIFORNIA UNFAIR COMPETITION LAW**
**(CAL. BUS. & PROF. CODE § 17200, *ET SEQ.*)**

157.    Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

158.    Plaintiffs bring this Count on behalf of the California Class.

159.    California's Unfair Competition Law ("UCL"), California Business and Professions Code section 17200, *et seq.*, proscribes acts of unfair competition, including "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising."

160.    Amazon's conduct, as described herein, was and is in violation of the UCL in at least the following ways:

**HAGENS BERMAN**

i.  By knowingly and intentionally concealing from Plaintiffs and the other California Class members that (i) Amazon Basics Paper Products sources its wood pulp via industrial logging practices such as clearcutting, burning, and bleaching; (ii) Amazon Basics Paper Products suppliers are systematically converting critically important old-growth forests into environmentally devastating tree farms and plantations; (iii) only a fraction of Amazon's wood pulp is sourced from FSC certified forests; (iv) that Amazon's suppliers in the boreal are destroying habitat for endangered animal populations (like the caribou) and (iv) that the supply chain for Amazon Basics Paper Products is actively eliminating the largest carbon sink in the world., while obtaining money from Plaintiffs and California Class members;

ii.  By marketing Amazon Basics Paper Products as an environmentally sustainable product;

iii.  By violating federal guidance, such as the FTC Green Guides; and

vi.  By violating other California laws, including California Civil Code sections 1709, 1710, and 1750, *et seq.*, and California Commercial Code section 2313.

161.  Amazon's omissions and/or misrepresentations alleged herein caused Plaintiffs and the other California Class members to make their Amazon Basics Paper Products purchases. Absent those omissions and/or misrepresentations, Plaintiffs and the other California Class members would not have purchased Amazon Basics Paper Products, or would not have purchased Amazon Basics Paper Products at the prices they paid. Accordingly, Plaintiffs and the other California Class members have suffered injury in fact, including lost money or property, as a result of Amazon's misrepresentations and omissions.

162.  Plaintiffs seek to enjoin further unlawful, unfair, and/or fraudulent acts or practices by Amazon under California Business and Professions Code section 17200.

163.  Plaintiffs request that this Court enter such orders or judgments as may be necessary to enjoin Amazon from continuing its unfair, unlawful, and/or deceptive practices and to restore to Plaintiffs and members of the California Class any money it acquired by unfair competition, including restitution and/or restitutionary disgorgement, as provided in California Business and Professions Code section 17203 and California Civil Code section 3345; and for such other relief set forth below.

**HAGENS BERMAN**

**COUNT VI**
**FRAUDULENT CONCEALMENT**
**(BASED ON CALIFORNIA LAW)**

164.    Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

165.    Plaintiffs bring this Count on behalf of the California Class.

166.    Amazon intentionally concealed and suppressed material facts regarding its Amazon Basics Paper Products. These material facts included that (i) Amazon Basics Paper Products sources its wood pulp via industrial logging practices such as clearcutting, burning, and bleaching; (ii) Amazon Basics Paper Products suppliers are systematically converting critically important old-growth forests into environmentally devastating tree farms and plantations; (iii) only a fraction of Amazon's wood pulp is sourced from FSC certified forests; (iv) that Amazon's suppliers in the boreal are destroying habitat for endangered animal populations (like the caribou) and (iv) that the supply chain for Amazon Basics Paper Products is actively eliminating the largest carbon sink in the world.

167.    Amazon voluntarily represented that its Amazon Basics Paper Products were environmentally sustainable and therefore is required to make a full and fair disclosure under California law. Amazon therefore had a duty to disclose the material facts as additional information in order to make its Amazon Basics Paper Products Sustainability Promise website (as well as Amazon's other environmental claims including on its Amazon Basics Paper Products packaging) not misleading. Amazon also knew that these representations were false when made.

168.    Amazon's omissions and/or misrepresentations alleged herein caused Plaintiffs and the other California Class members to make their Amazon Basics Paper Products purchases. Plaintiffs were unaware of these material facts, and had Amazon communicated these material facts to consumers, Plaintiffs and the other California Class members would not have purchased Amazon Basics Paper Products, or would not have purchased Amazon Basics Paper Products at the prices they paid. Accordingly, Plaintiffs and the other California Class members have

**HAGENS BERMAN**

1    suffered injury in fact, including lost money or property, as a result of Amazon's

2    misrepresentations and omissions.

3         169.    Accordingly, Amazon is liable to Plaintiffs and the other California Class

4    members for damages in an amount to be proven at trial, including but not limited to, benefit-of-

5    the-bargain damages, restitution and/or diminution of value.

6         170.    Amazon's acts were done wantonly, maliciously, oppressively, deliberately, with

7    intent to defraud, and in reckless disregard of Plaintiffs' and other California Class members'

8    rights and the representations that Amazon made to them, in order to enrich Amazon. Amazon's

9    conduct warrants an assessment of punitive damages in an amount sufficient to deter such

10   conduct in the future, which amount is to be determined according to proof.

11   **E.    Claims brought on behalf of the Connecticut Class**

12                        **COUNT VII**
               **VIOLATION OF THE CONNECTICUT UNFAIR**
13                  **TRADE PRACTICES ACT**
                 **(Conn. Gen. Stat. § 42-110A, *ET SEQ.*)**
14

15        171.    Plaintiffs hereby incorporate by reference the allegations contained in the

     preceding paragraphs of this complaint.
16

17        172.    This claim is brought by Plaintiffs on behalf of the Connecticut Class.

18        173.    The Connecticut Unfair Trade Practices Act ("Connecticut UTPA") provides:

19   "No person shall engage in unfair methods of competition and unfair or deceptive acts or

     practices in the conduct of any trade or commerce." Conn. Gen. Stat. § 42-110b(a).
20

21        174.    Defendant is a "person" within the meaning of the Connecticut UTPA. Conn.

22   Gen. Stat. § 42-110a(3).

23        175.    Defendant's challenged conduct occurred in "trade" or "commerce" within the

24   meaning of the Connecticut UTPA. Conn. Gen. Stat. § 42-110a(4).

25        176.    Plaintiffs and Connecticut Class members are entitled to recover their actual

26   damages, punitive damages, and attorneys' fees pursuant to the Connecticut UTPA. Conn. Gen.

     Stat. § 42-110g.
27

28

CLASS ACTION COMPLAINT - 64

**HAGENS BERMAN**

177.     Defendant acted with reckless indifference to another's rights, or wanton or intentional violation of another's rights and otherwise engaged in conduct amounting to a particularly aggravated, deliberate disregard for the rights and safety of others. Therefore, punitive damages are warranted.

### COUNT VIII
### FRAUDULENT CONCEALMENT
### (BASED ON CONNECTICUT LAW)

178.     Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

179.     Plaintiffs bring this Count on behalf of the Connecticut Class.

180.     Amazon intentionally concealed and suppressed material facts regarding its Amazon Basics Paper Products. These material facts included that (i) Amazon Basics Paper Products sources its wood pulp via industrial logging practices such as clearcutting, burning, and bleaching; (ii) Amazon Basics Paper Products suppliers are systematically converting critically important old-growth forests into environmentally devastating tree farms and plantations; (iii) only a fraction of Amazon's wood pulp is sourced from FSC certified forests; (iv) that Amazon's suppliers in the boreal are destroying habitat for endangered animal populations (like the caribou) and (iv) that the supply chain for Amazon Basics Paper Products is actively eliminating the largest carbon sink in the world.

181.     Amazon voluntarily represented that its Amazon Basics Paper Products were environmentally sustainable and therefore is required to make a full and fair disclosure under Connecticut law. Amazon therefore had a duty to disclose the material facts as additional information in order to make its Amazon Basics Paper Products Sustainability Promise website (as well as Amazon's other environmental claims including on its Amazon Basics Paper Products packaging) not misleading. Amazon also knew that these representations were false when made.

182.     Amazon's omissions and/or misrepresentations alleged herein caused Plaintiffs and the other Connecticut Class members to make their Amazon Basics Paper Products purchases. Plaintiffs were unaware of these material facts, and had Amazon communicated these

HAGENS BERMAN

1    material facts to consumers, Plaintiffs and the other Connecticut Class members would not have

2    purchased Amazon Basics Paper Products, or would not have purchased Amazon Basics Paper

3    Products at the prices they paid. Accordingly, Plaintiffs and the other Connecticut Class

4    members have suffered injury in fact, including lost money or property, as a result of Amazon's

5    misrepresentations and omissions.

6         183.    Accordingly, Amazon is liable to Plaintiffs and the other Connecticut Class

7    members for damages in an amount to be proven at trial, including but not limited to, benefit-of-

8    the-bargain damages, restitution, and/or diminution of value.

9         184.    Amazon's acts were done wantonly, maliciously, oppressively, deliberately, with

10   intent to defraud, and in reckless disregard of Plaintiffs' and other Connecticut Class members'

11   rights and the representations that Amazon made to them, in order to enrich Amazon. Amazon's

12   conduct warrants an assessment of punitive damages in an amount sufficient to deter such

13   conduct in the future, which amount is to be determined according to proof.

14   **F.    Claims brought on behalf of the District of Columbia ("DC")**

15                              **COUNT IX**
                    **FRAUDULENT CONCEALMENT**
16                        **(BASED ON DC LAW)**

17        185.    Plaintiffs incorporate by reference all preceding allegations as though fully set

18   forth herein.

19        186.    Plaintiffs bring this Count on behalf of the DC Class.

20        187.    Amazon intentionally concealed and suppressed material facts regarding its

21   Amazon Basics Paper Products. These material facts included that (i) Amazon Basics Paper

22   Products sources its wood pulp via industrial logging practices such as clearcutting, burning, and

23   bleaching; (ii) Amazon Basics Paper Products suppliers are systematically converting critically

24   important old-growth forests into environmentally devastating tree farms and plantations; (iii)

25   only a fraction of Amazon's wood pulp is sourced from FSC certified forests; (iv) that Amazon's

26   suppliers in the boreal are destroying habitat for endangered animal populations (like the

27   caribou) and (iv) that the supply chain for Amazon Basics Paper Products is actively eliminating

28   the largest carbon sink in the world.

CLASS ACTION COMPLAINT - 66

**HAGENS BERMAN**

188.    Amazon voluntarily represented that its Amazon Basics Paper Products were environmentally sustainable and therefore is required to make a full and fair disclosure under District of Columbia law. Amazon therefore had a duty to disclose the material facts as additional information in order to make its Amazon Basics Paper Products Sustainability Promise website (as well as Amazon's other environmental claims including on its Amazon Basics Paper Products packaging) not misleading. Amazon also knew that these representations were false when made.

189.    Amazon's omissions and/or misrepresentations alleged herein caused Plaintiffs and the other DC Class members to make their Amazon Basics Paper Products purchases. Plaintiffs were unaware of these material facts, and had Amazon communicated these material facts to consumers, Plaintiffs and the other DC Class members would not have purchased Amazon Basics Paper Products, or would not have purchased Amazon Basics Paper Products at the prices they paid. Accordingly, Plaintiffs and the other DC Class members have suffered injury in fact, including lost money or property, as a result of Amazon's misrepresentations and omissions.

190.    Accordingly, Amazon is liable to Plaintiffs and the other DC Class members for damages in an amount to be proven at trial, including but not limited to, benefit-of-the-bargain damages, restitution and/or diminution of value.

191.    Amazon's acts were done wantonly, maliciously, oppressively, deliberately, with intent to defraud, and in reckless disregard of Plaintiffs' and other DC Class members' rights and the representations that Amazon made to them, in order to enrich Amazon. Amazon's conduct warrants an assessment of punitive damages in an amount sufficient to deter such conduct in the future, which amount is to be determined according to proof.

**G.    Claims brought on behalf of the Florida Class**

**COUNT X**
**FRAUDULENT CONCEALMENT**
**(BASED ON FLORIDA LAW)**

192.    Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

**HAGENS BERMAN**

1      193.     Plaintiffs bring this Count on behalf of the Florida Class.

2      194.     Amazon intentionally concealed and suppressed material facts regarding its

3  Amazon Basics Paper Products. These material facts included that (i) Amazon Basics Paper

4  Products sources its wood pulp via industrial logging practices such as clearcutting, burning, and

5  bleaching; (ii) Amazon Basics Paper Products suppliers are systematically converting critically

6  important old-growth forests into environmentally devastating tree farms and plantations; (iii)

7  only a fraction of Amazon's wood pulp is sourced from FSC certified forests; (iv) that Amazon's

8  suppliers in the boreal are destroying habitat for endangered animal populations (like the

9  caribou) and (iv) that the supply chain for Amazon Basics Paper Products is actively eliminating

10 the largest carbon sink in the world.

11     195.     Amazon voluntarily represented that its Amazon Basics Paper Products were

12 environmentally sustainable and therefore is required to make a full and fair disclosure under

13 Washington law. Amazon therefore had a duty to disclose the material facts as additional

14 information in order to make its Amazon Basics Paper Products Sustainability Promise website

15 (as well as Amazon's other environmental claims including on its Amazon Basics Paper

16 Products packaging) not misleading. Amazon also knew that these representations were false

17 when made.

18     196.     Amazon's omissions and/or misrepresentations alleged herein caused Plaintiffs

19 and the other Florida Class members to make their Amazon Basics Paper Products purchases.

20 Plaintiffs were unaware of these material facts, and had Amazon communicated these material

21 facts to consumers, Plaintiffs and the other Florida Class members would not have purchased

22 Amazon Basics Paper Products, or would not have purchased Amazon Basics Paper Products at

23 the prices they paid. Accordingly, Plaintiffs and the other Florida Class members have suffered

24 injury in fact, including lost money or property, as a result of Amazon's misrepresentations and

25 omissions.

26     197.     Accordingly, Amazon is liable to Plaintiffs and the other Florida Class members

27 for damages in an amount to be proven at trial, including but not limited to, benefit-of-the-

28 bargain damages, restitution and/or diminution of value.

CLASS ACTION COMPLAINT - 68

**HAGENS BERMAN**

1    198.    Amazon's acts were done wantonly, maliciously, oppressively, deliberately, with

2    intent to defraud, and in reckless disregard of Plaintiffs' and other Florida Class members' rights

3    and the representations that Amazon made to them, in order to enrich Amazon. Amazon's

4    conduct warrants an assessment of punitive damages in an amount sufficient to deter such

5    conduct in the future, which amount is to be determined according to proof.

6    **H.    Claims brought on behalf of the Georgia Class**

7                                **COUNT XI**
                         **FRAUDULENT CONCEALMENT**
8                          **(BASED ON GEORGIA LAW)**

9    199.    Plaintiffs incorporate by reference all preceding allegations as though fully set

10   forth herein.

11   200.    Plaintiffs bring this Count on behalf of the Georgia Class.

12   201.    Amazon intentionally concealed and suppressed material facts regarding its

13   Amazon Basics Paper Products. These material facts included that (i) Amazon Basics Paper

14   Products sources its wood pulp via industrial logging practices such as clearcutting, burning, and

15   bleaching; (ii) Amazon Basics Paper Products suppliers are systematically converting critically

16   important old-growth forests into environmentally devastating tree farms and plantations; (iii)

17   only a fraction of Amazon's wood pulp is sourced from FSC certified forests; (iv) that Amazon's

18   suppliers in the boreal are destroying habitat for endangered animal populations (like the

19   caribou) and (iv) that the supply chain for Amazon Basics Paper Products is actively eliminating

20   the largest carbon sink in the world.

21   202.    Amazon voluntarily represented that its Amazon Basics Paper Products were

22   environmentally sustainable and therefore is required to make a full and fair disclosure under

23   Georgia law. Amazon therefore had a duty to disclose the material facts as additional

24   information in order to make its Amazon Basics Paper Products Sustainability Promise website

25   (as well as Amazon's other environmental claims including on its Amazon Basics Paper

26   Products packaging) not misleading. Amazon also knew that these representations were false

27   when made.

28

**HAGENS BERMAN**

203.    Amazon's omissions and/or misrepresentations alleged herein caused Plaintiffs and the other Georgia Class members to make their Amazon Basics Paper Products purchases. Plaintiffs were unaware of these material facts, and had Amazon communicated these material facts to consumers, Plaintiffs and the other Georgia Class members would not have purchased Amazon Basics Paper Products, or would not have purchased Amazon Basics Paper Products at the prices they paid. Accordingly, Plaintiffs and the other Georgia Class members have suffered injury in fact, including lost money or property, as a result of Amazon's misrepresentations and omissions.

204.    Accordingly, Amazon is liable to Plaintiffs and the other Georgia Class members for damages in an amount to be proven at trial, including but not limited to, benefit-of-the-bargain damages, restitution and/or diminution of value.

205.    Amazon's acts were done wantonly, maliciously, oppressively, deliberately, with intent to defraud, and in reckless disregard of Plaintiffs' and other Georgia Class members' rights and the representations that Amazon made to them, in order to enrich Amazon. Amazon's conduct warrants an assessment of punitive damages in an amount sufficient to deter such conduct in the future, which amount is to be determined according to proof.

I.    **Claims brought on behalf of the Idaho Class**

## COUNT XII
## VIOLATION OF THE IDAHO CONSUMER PROTECTION ACT
### (IDAHO CODE ANN. § 48-601, *ET SEQ.*)

206.    Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs of this complaint.

207.    This claim is brought by Plaintiffs on behalf of the Idaho Class.

208.    The Idaho Consumer Protection Act ("Idaho CPA") prohibits deceptive business practices, including, but not limited to, "(11) [m]aking false or misleading statements of fact concerning the reasons for, existence of, or amounts of price reductions;" "(17) [e]ngaging in any act or practice which is otherwise misleading, false, or deceptive to the consumer;" or "(18) engaging in any unconscionable method, act or practice in the conduct of trade or commerce," Idaho Code Ann. § 48-603.

**HAGENS BERMAN**

1    209.    Defendant is a "person" under the Idaho CPA. Idaho Code Ann. § 48-602(1).

2    210.    Defendant's acts or practices as set forth above occurred in the conduct of "trade"

3    or "commerce" under the Idaho CPA. Idaho Code Ann. § 48-602(2).

4    211.    Pursuant to Idaho Code section 48-608, Plaintiffs seek monetary relief against

5    Defendant measured as the greater of (a) actual damages in an amount to be determined at trial

6    and (b) statutory damages in the amount of $1,000 for each plaintiff.

7    212.    Plaintiffs also seek an order enjoining Defendant's unfair, unlawful, and/or

8    deceptive practices, attorneys' fees, and any other just and proper relief available under the Idaho

9    CPA.

10    213.    Plaintiffs also seek punitive damages against Defendant because Defendant's

11    conduct evidences an extreme deviation from reasonable standards. Defendant flagrantly,

12    maliciously, and fraudulently misrepresented the environmental sustainability of Amazon Basics

13    Paper Products and concealed facts that only it knew. Defendant's unlawful conduct constitutes

14    malice, oppression, and fraud warranting punitive damages.

15                                   **COUNT XIII**
                            **FRAUDULENT CONCEALMENT**
16                              **(BASED ON IDAHO LAW)**

17    214.    Plaintiffs incorporate by reference all preceding allegations as though fully set

18    forth herein.

19    215.    Plaintiffs bring this Count on behalf of the Idaho Class.

20    216.    Amazon intentionally concealed and suppressed material facts regarding its

21    Amazon Basics Paper Products. These material facts included that (i) Amazon Basics Paper

22    Products sources its wood pulp via industrial logging practices such as clearcutting, burning, and

23    bleaching; (ii) Amazon Basics Paper Products suppliers are systematically converting critically

24    important old-growth forests into environmentally devastating tree farms and plantations; (iii)

25    only a fraction of Amazon's wood pulp is sourced from FSC certified forests; (iv) that Amazon's

26    suppliers in the boreal are destroying habitat for endangered animal populations (like the

27    caribou) and (iv) that the supply chain for Amazon Basics Paper Products is actively eliminating

28    the largest carbon sink in the world.

CLASS ACTION COMPLAINT - 71

**HAGENS BERMAN**

217.    Amazon voluntarily represented that its Amazon Basics Paper Products were environmentally sustainable and therefore is required to make a full and fair disclosure under Idaho law. Amazon therefore had a duty to disclose the material facts as additional information in order to make its Amazon Basics Paper Products Sustainability Promise website (as well as Amazon's other environmental claims including on its Amazon Basics Paper Products packaging) not misleading. Amazon also knew that these representations were false when made.

218.    Amazon's omissions and/or misrepresentations alleged herein caused Plaintiffs and the other Idaho Class members to make their Amazon Basics Paper Products purchases. Plaintiffs were unaware of these material facts, and had Amazon communicated these material facts to consumers, Plaintiffs and the other Idaho Class members would not have purchased Amazon Basics Paper Products, or would not have purchased Amazon Basics Paper Products at the prices they paid. Accordingly, Plaintiffs and the other Idaho Class members have suffered injury in fact, including lost money or property, as a result of Amazon's misrepresentations and omissions.

219.    Accordingly, Amazon is liable to Plaintiffs and the other Idaho Class members for damages in an amount to be proven at trial, including but not limited to, benefit-of-the-bargain damages, restitution and/or diminution of value.

220.    Amazon's acts were done wantonly, maliciously, oppressively, deliberately, with intent to defraud, and in reckless disregard of Plaintiffs' and other Idaho Class members' rights and the representations that Amazon made to them, in order to enrich Amazon. Amazon's conduct warrants an assessment of punitive damages in an amount sufficient to deter such conduct in the future, which amount is to be determined according to proof.

**J.    Claims brought on behalf of the Illinois Class**

**COUNT XIV**
**VIOLATION OF THE ILLINOIS CONSUMER FRAUD**
**AND DECEPTIVE BUSINESS PRACTICES ACT**
**(815 ILCS 505/1, *et seq.* AND 720 ILCS 295/1A)**

221.    Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

CLASS ACTION COMPLAINT - 72

**HAGENS BERMAN**

222.    Plaintiffs bring this Count on behalf of the Illinois Class.

223.    The Illinois Consumer Fraud and Deceptive Business Practices Act ("Illinois CFA") prohibits "unfair or deceptive acts or practices, including, but not limited to, the use of employment of any deception, fraud, false pretense, tales promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of trade or commerce . . . whether any person has in fact been misled, deceived, or damaged thereby." 815 ILCS 505/2.

224.    Amazon is a "person" as that term is defined in the Illinois CFA. 815 ILCS 505/1(c).

225.    Plaintiffs and Illinois Class members are "consumers" as that term is defined in the Illinois CFA. 815 ILCS 505/1(e).

226.    815 Illinois Compiled Statute 505/2 provides that "in construing this section consideration shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to Section 5(a) of the Federal Trade Commission Act."

227.    Amazon's overall packaging and point-of-sale information misled and deceived reasonable consumers because Amazon omitted, suppressed, and concealed that its Amazon Basics Paper Products was not environmentally beneficial, while representing environmentally beneficial quality and characteristics.

228.    Amazon's communications on its Amazon Basics Paper Products packaging demonstrate the misleading nature of the material omissions, concealments, and suppression of material facts about its environmentally degrading manufacturing practices.

229.    Based on the overall impression given by the packaging communications and misrepresentations and omissions, reasonable consumers would be misled by Amazon Basics Paper Products' true environmental impact based on overall impression of labels. Based on the overall impression of the packaging, no reasonable consumer could expect or understand that Amazon Basics Paper Products was manufactured using environmentally devastating practices.

HAGENS BERMAN

230.    Pursuant to 815 Illinois Compiled Statute 505/10a(a), Plaintiffs seek monetary relief against Amazon in the amount of actual damages as well as punitive damages because Amazon acted with fraud and/or malice and/or was grossly negligent, and concealed, suppressed, and omitted material information.

231.    Plaintiffs also seek an order enjoining Amazon's unfair and/or deceptive acts or practices, attorneys' fees, and any other just and proper relief available under the Illinois CFA. 815 ILCS 505/1, *et seq.*

## COUNT XV
## FRAUD BY CONCEALMENT
## (BASED ON ILLINOIS LAW)

232.    Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

233.    Plaintiffs bring this Count on behalf of the Illinois Class.

234.    Amazon intentionally concealed and suppressed material facts regarding its Amazon Basics Paper Products. These material facts included that (i) Amazon Basics Paper Products sources its wood pulp via industrial logging practices such as clearcutting, burning, and bleaching; (ii) Amazon Basics Paper Products suppliers are systematically converting critically important old-growth forests into environmentally devastating tree farms and plantations; (iii) only a fraction of Amazon's wood pulp is sourced from FSC certified forests; (iv) that Amazon's suppliers in the boreal are destroying habitat for endangered animal populations (like the caribou) and (iv) that the supply chain for Amazon Basics Paper Products is actively eliminating the largest carbon sink in the world.

235.    Amazon voluntarily represented that its Amazon Basics Paper Products were environmentally sustainable and therefore is required to make a full and fair disclosure under Illinois law. Amazon therefore had a duty to disclose the material facts as additional information in order to make its Amazon Basics Paper Products Sustainability Promise website (as well as Amazon's other environmental claims including on its Amazon Basics Paper Products packaging) not misleading. Amazon also knew that these representations were false when made.

**HAGENS BERMAN**

1    236.    Amazon's omissions and/or misrepresentations alleged herein caused Plaintiffs

2    and the other Illinois Class members to make their Amazon Basics Paper Products purchases.

3    Plaintiffs were unaware of these material facts, and had Amazon communicated these material

4    facts to consumers, Plaintiffs and the other Illinois Class members would not have purchased

5    Amazon Basics Paper Products, or would not have purchased Amazon Basics Paper Products at

6    the prices they paid. Accordingly, Plaintiffs and the other Illinois Class members have suffered

7    injury in fact, including lost money or property, as a result of Amazon's misrepresentations and

8    omissions.

9    237.    Accordingly, Amazon is liable to Plaintiffs and the other Illinois Class members

10    for damages in an amount to be proven at trial, including but not limited to, benefit-of-the-

11    bargain damages, restitution and/or diminution of value.

12    238.    Amazon's acts were done wantonly, maliciously, oppressively, deliberately, with

13    intent to defraud, and in reckless disregard of Plaintiffs' and other Illinois Class members' rights

14    and the representations that Amazon made to them, in order to enrich Amazon. Amazon's

15    conduct warrants an assessment of punitive damages in an amount sufficient to deter such

16    conduct in the future, which amount is to be determined according to proof.

17    **K.    Claims brought on behalf of the Indiana Class**

18                                **COUNT XVI**
19                        **FRAUDULENT CONCEALMENT**
                          **(BASED ON INDIANA LAW)**

20    239.    Plaintiffs incorporate by reference all preceding allegations as though fully set

21    forth herein.

22    240.    Plaintiffs bring this Count on behalf of the Indiana Class.

23    241.    Amazon intentionally concealed and suppressed material facts regarding its

24    Amazon Basics Paper Products. These material facts included that (i) Amazon Basics Paper

25    Products sources its wood pulp via industrial logging practices such as clearcutting, burning, and

26    bleaching; (ii) Amazon Basics Paper Products suppliers are systematically converting critically

27    important old-growth forests into environmentally devastating tree farms and plantations; (iii)

28    only a fraction of Amazon's wood pulp is sourced from FSC certified forests; (iv) that Amazon's

CLASS ACTION COMPLAINT - 75

HAGENS BERMAN

1    suppliers in the boreal are destroying habitat for endangered animal populations (like the

2    caribou) and (iv) that the supply chain for Amazon Basics Paper Products is actively eliminating

3    the largest carbon sink in the world.

4        242.    Amazon voluntarily represented that its Amazon Basics Paper Products were

5    environmentally sustainable and therefore is required to make a full and fair disclosure under

6    Indiana law. Amazon therefore had a duty to disclose the material facts as additional information

7    in order to make its Amazon Basics Paper Products Sustainability Promise website (as well as

8    Amazon's other environmental claims including on its Amazon Basics Paper Products

9    packaging) not misleading. Amazon also knew that these representations were false when made.

10        243.    Amazon's omissions and/or misrepresentations alleged herein caused Plaintiffs

11   and the other Indiana Class members to make their Amazon Basics Paper Products purchases.

12   Plaintiffs were unaware of these material facts, and had Amazon communicated these material

13   facts to consumers, Plaintiffs and the other Indiana Class members would not have purchased

14   Amazon Basics Paper Products, or would not have purchased Amazon Basics Paper Products at

15   the prices they paid. Accordingly, Plaintiffs and the other Indiana Class members have suffered

16   injury in fact, including lost money or property, as a result of Amazon's misrepresentations and

17   omissions.

18        244.    Accordingly, Amazon is liable to Plaintiffs and the other Indiana Class members

19   for damages in an amount to be proven at trial, including but not limited to, benefit-of-the-

20   bargain damages, restitution and/or diminution of value.

21        245.    Amazon's acts were done wantonly, maliciously, oppressively, deliberately, with

22   intent to defraud, and in reckless disregard of Plaintiffs' and other Indiana Class members' rights

23   and the representations that Amazon made to them, in order to enrich Amazon. Amazon's

24   conduct warrants an assessment of punitive damages in an amount sufficient to deter such

25   conduct in the future, which amount is to be determined according to proof.

26

27

28

CLASS ACTION COMPLAINT - 76

**HAGENS BERMAN**

1  **L.    Claims brought on behalf of the Maine Class**

2                              **COUNT XVII**
                     **FRAUDULENT CONCEALMENT**
3                       **(BASED ON MAINE LAW)**

4       246.    Plaintiffs incorporate by reference all preceding allegations as though fully set

5  forth herein.

6       247.    Plaintiffs bring this Count on behalf of the Maine Class.

7       248.    Amazon intentionally concealed and suppressed material facts regarding its

8  Amazon Basics Paper Products. These material facts included that (i) Amazon Basics Paper

9  Products sources its wood pulp via industrial logging practices such as clearcutting, burning, and

10 bleaching; (ii) Amazon Basics Paper Products suppliers are systematically converting critically

11 important old-growth forests into environmentally devastating tree farms and plantations; (iii)

12 only a fraction of Amazon's wood pulp is sourced from FSC certified forests; (iv) that Amazon's

13 suppliers in the boreal are destroying habitat for endangered animal populations (like the

14 caribou) and (iv) that the supply chain for Amazon Basics Paper Products is actively eliminating

15 the largest carbon sink in the world.

16      249.    Amazon voluntarily represented that its Amazon Basics Paper Products were

17 environmentally sustainable and therefore is required to make a full and fair disclosure under

18 Maine law. Amazon therefore had a duty to disclose the material facts as additional information

19 in order to make its Amazon Basics Paper Products Sustainability Promise website (as well as

20 Amazon's other environmental claims including on its Amazon Basics Paper Products

21 packaging) not misleading. Amazon also knew that these representations were false when made.

22      250.    Amazon's omissions and/or misrepresentations alleged herein caused Plaintiffs

23 and the other Maine Class members to make their Amazon Basics Paper Products purchases.

24 Plaintiffs were unaware of these material facts, and had Amazon communicated these material

25 facts to consumers, Plaintiffs and the other Maine Class members would not have purchased

26 Amazon Basics Paper Products, or would not have purchased Amazon Basics Paper Products at

27 the prices they paid. Accordingly, Plaintiffs and the other Maine Class members have suffered

28

011299-11/3101739 V1

**HAGENS BERMAN**

1    injury in fact, including lost money or property, as a result of Amazon's misrepresentations and

2    omissions.

3         251.    Accordingly, Amazon is liable to Plaintiffs and the other Maine Class members

4    for damages in an amount to be proven at trial, including but not limited to, benefit-of-the-

5    bargain damages, restitution and/or diminution of value.

6         252.    Amazon's acts were done wantonly, maliciously, oppressively, deliberately, with

7    intent to defraud, and in reckless disregard of Plaintiffs' and other Maine Class members' rights

8    and the representations that Amazon made to them, in order to enrich Amazon. Amazon's

9    conduct warrants an assessment of punitive damages in an amount sufficient to deter such

10    conduct in the future, which amount is to be determined according to proof.

11    **M.    Claim brought on behalf of the Maryland Class**

12    

**COUNT XVIII**
**VIOLATION OF THE MARYLAND CONSUMER PROTECTION ACT**
**(MD. CODE, COM. LAW § 13-101, *ET SEQ.*))**

13    

14         253.    Plaintiffs hereby incorporate by reference the allegations contained in the

15    preceding paragraphs of this complaint.

16         254.    This claim is brought by Plaintiffs on behalf of the Maryland Class.

17         255.    The Maryland Consumer Protection Act ("Maryland CPA") provides that a

18    person may not engage in any unfair or deceptive trade practice in the sale or lease of any

19    consumer good, including "failure to state a material fact if the failure deceives or tends to

20    deceive;" "false or misleading representation[s] of fact which concern[] . . . [t]he reason of or the

21    existence or amount of a price reduction;" and "[d]eception, fraud, false pretense, false premise,

22    misrepresentation, or knowing concealment, suppression, or omission of any material fact with

23    the intent that a consumer rely on the same," Md. Code, Com. Law § 13-301, regardless of

24    whether the consumer is actually deceived or damaged, Md. Code, Com. Law § 13-302.

25         256.    Defendant, Plaintiffs, and Maryland Class members are "persons" within the

26    meaning of the Maryland CPA. Md. Code, Com. Law § 13-101(h).

27

28

011299-11/3101739 V1

**HAGENS BERMAN**

1    257.    Pursuant to Maryland Code, Commercial Law section 13-408, Plaintiffs seek

2    actual damages, attorneys' fees, and any other just and proper relief available under the

3    Maryland CPA.

4                                    **COUNT XIX**
                            **FRAUDULENT CONCEALMENT**
5                            **(BASED ON MARYLAND LAW)**

6    258.    Plaintiffs incorporate by reference all preceding allegations as though fully set

7    forth herein.

8    259.    Plaintiffs bring this Count on behalf of the Maryland Class.

9    260.    Amazon intentionally concealed and suppressed material facts regarding its

10   Amazon Basics Paper Products. These material facts included that (i) Amazon Basics Paper

11   Products sources its wood pulp via industrial logging practices such as clearcutting, burning, and

12   bleaching; (ii) Amazon Basics Paper Products suppliers are systematically converting critically

13   important old-growth forests into environmentally devastating tree farms and plantations; (iii)

14   only a fraction of Amazon's wood pulp is sourced from FSC certified forests; (iv) that Amazon's

15   suppliers in the boreal are destroying habitat for endangered animal populations (like the

16   caribou) and (iv) that the supply chain for Amazon Basics Paper Products is actively eliminating

17   the largest carbon sink in the world.

18   261.    Amazon voluntarily represented that its Amazon Basics Paper Products were

19   environmentally sustainable and therefore is required to make a full and fair disclosure under

20   Maryland law. Amazon therefore had a duty to disclose the material facts as additional

21   information in order to make its Amazon Basics Paper Products Sustainability Promise website

22   (as well as Amazon's other environmental claims including on its Amazon Basics Paper

23   Products packaging) not misleading. Amazon also knew that these representations were false

24   when made.

25   262.    Amazon's omissions and/or misrepresentations alleged herein caused Plaintiffs

26   and the other Maryland Class members to make their Amazon Basics Paper Products purchases.

27   Plaintiffs were unaware of these material facts, and had Amazon communicated these material

28   facts to consumers, Plaintiffs and the other Maryland Class members would not have purchased

**HAGENS BERMAN**

Amazon Basics Paper Products, or would not have purchased Amazon Basics Paper Products at the prices they paid. Accordingly, Plaintiffs and the other Maryland Class members have suffered injury in fact, including lost money or property, as a result of Amazon's misrepresentations and omissions.

263.    Accordingly, Amazon is liable to Plaintiffs and the other Maryland Class members for damages in an amount to be proven at trial, including but not limited to, benefit-of-the-bargain damages, restitution and/or diminution of value.

264.    Amazon's acts were done wantonly, maliciously, oppressively, deliberately, with intent to defraud, and in reckless disregard of Plaintiffs' and other Maryland Class members' rights and the representations that Amazon made to them, in order to enrich Amazon. Amazon's conduct warrants an assessment of punitive damages in an amount sufficient to deter such conduct in the future, which amount is to be determined according to proof.

**N.    Claim brought on behalf of the Massachusetts Class**

**COUNT XX**
**FRAUD BY CONCEALMENT**
**(BASED ON MASSACHUSETTS LAW)**

265.    Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

266.    Plaintiffs bring this Count on behalf of the Massachusetts Class.

267.    Amazon intentionally concealed and suppressed material facts regarding its Amazon Basics Paper Products. These material facts included that (i) Amazon Basics Paper Products sources its wood pulp via industrial logging practices such as clearcutting, burning, and bleaching; (ii) Amazon Basics Paper Products suppliers are systematically converting critically important old-growth forests into environmentally devastating tree farms and plantations; (iii) only a fraction of Amazon's wood pulp is sourced from FSC certified forests; (iv) that Amazon's suppliers in the boreal are destroying habitat for endangered animal populations (like the caribou) and (iv) that the supply chain for Amazon Basics Paper Products is actively eliminating the largest carbon sink in the world.

**HAGENS BERMAN**

268.    Amazon voluntarily represented that its Amazon Basics Paper Products were environmentally sustainable and therefore is required to make a full and fair disclosure under Massachusetts law. Amazon therefore had a duty to disclose the material facts as additional information in order to make its Amazon Basics Paper Products Sustainability Promise website (as well as Amazon's other environmental claims including on its Amazon Basics Paper Products packaging) not misleading. Amazon also knew that these representations were false when made.

269.    Amazon's omissions and/or misrepresentations alleged herein caused Plaintiffs and the other Massachusetts Class members to make their Amazon Basics Paper Products purchases. Plaintiffs were unaware of these material facts, and had Amazon communicated these material facts to consumers, Plaintiffs and the other Massachusetts Class members would not have purchased Amazon Basics Paper Products, or would not have purchased Amazon Basics Paper Products at the prices they paid. Accordingly, Plaintiffs and the other Massachusetts Class members have suffered injury in fact, including lost money or property, as a result of Amazon's misrepresentations and omissions.

270.    Accordingly, Amazon is liable to Plaintiffs and the other Massachusetts Class members for damages in an amount to be proven at trial, including but not limited to, benefit-of-the-bargain damages, restitution and/or diminution of value.

271.    Amazon's acts were done wantonly, maliciously, oppressively, deliberately, with intent to defraud, and in reckless disregard of Plaintiffs' and other Massachusetts Class members' rights and the representations that Amazon made to them, in order to enrich Amazon. Amazon's conduct warrants an assessment of punitive damages in an amount sufficient to deter such conduct in the future, which amount is to be determined according to proof.

**O.    Claim brought on behalf of the Michigan Class**

**COUNT XXI**
**VIOLATION OF THE MICHIGAN CONSUMER PROTECTION ACT**
**(MICH. COMP. LAWS § 445.903, *ET SEQ.*)**

272.    Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs of this complaint.

CLASS ACTION COMPLAINT - 81

**HAGENS BERMAN**

1    273.    This claim is brought by Plaintiffs on behalf of the Michigan Class.

2    274.    The Michigan Consumer Protection Act ("Michigan CPA") prohibits "[u]nfair,

3    unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce,"

4    including "[m]aking false or misleading statements of fact concerning the reasons for, existence

5    of, or amounts of price reductions;" "[f]ailing to reveal a material fact, the omission of which

6    tends to mislead or deceive the consumer, and which fact could not reasonably be known by the

7    consumer;" "charging the consumer a price that is grossly in excess of the price at which similar

8    property or services are sold;" "[m]aking a representation of fact or statement of fact material to

9    the transaction such that a person reasonably believes the represented or suggested state of affairs

10    to be other than it actually is;" or "[f]ailing to reveal facts that are material to the transaction in

11    light of representations of fact made in a positive manner." Mich. Comp. Laws § 445.903(1).

12    275.    Plaintiffs and Michigan Class members are "person[s]" within the meaning of the

13    Michigan CPA. Mich. Comp. Laws § 445.902(1)(d).

14    276.    Defendant is a "person" engaged in "trade or commerce" within the meaning of

15    the Michigan CPA. Mich. Comp. Laws § 445.902(1)(d) and (g).

16    277.    Plaintiffs seek injunctive relief to enjoin Defendant from continuing its unfair and

17    deceptive acts; monetary relief against Defendant measured as the greater of (a) actual damages

18    in an amount to be determined at trial and (b) statutory damages in the amount of $250 for each

19    plaintiff; reasonable attorneys' fees; and any other just and proper relief available under

20    Michigan Compiled Laws section 445.911.

21    278.    Plaintiffs also seek punitive damages because Defendant carried out despicable

22    conduct with willful and conscious disregard of the rights and safety of others. Defendant

23    maliciously and egregiously misrepresented the environmental sustainability of Amazon Basics

24    Paper Products. Defendant's conduct constitutes malice, oppression, and fraud warranting

25    punitive damages.

26

27

28

CLASS ACTION COMPLAINT - 82

**HAGENS BERMAN**

1
2

**COUNT XXII**
**FRAUDULENT CONCEALMENT**
**(BASED ON MICHIGAN LAW)**

3      279.    Plaintiffs incorporate by reference all preceding allegations as though fully set
4  forth herein.

5      280.    Plaintiffs bring this Count on behalf of the Michigan Class.

6      281.    Amazon intentionally concealed and suppressed material facts regarding its
7  Amazon Basics Paper Products. These material facts included that (i) Amazon Basics Paper
8  Products sources its wood pulp via industrial logging practices such as clearcutting, burning, and
9  bleaching; (ii) Amazon Basics Paper Products suppliers are systematically converting critically
10  important old-growth forests into environmentally devastating tree farms and plantations; (iii)
11  only a fraction of Amazon's wood pulp is sourced from FSC certified forests; (iv) that Amazon's
12  suppliers in the boreal are destroying habitat for endangered animal populations (like the
13  caribou) and (iv) that the supply chain for Amazon Basics Paper Products is actively eliminating
14  the largest carbon sink in the world.

15      282.    Amazon voluntarily represented that its Amazon Basics Paper Products were
16  environmentally sustainable and therefore is required to make a full and fair disclosure under
17  Michigan law. Amazon therefore had a duty to disclose the material facts as additional
18  information in order to make its Amazon Basics Paper Products Sustainability Promise website
19  (as well as Amazon's other environmental claims including on its Amazon Basics Paper
20  Products packaging) not misleading. Amazon also knew that these representations were false
21  when made.

22      283.    Amazon's omissions and/or misrepresentations alleged herein caused Plaintiffs
23  and the other Michigan Class members to make their Amazon Basics Paper Products purchases.
24  Plaintiffs were unaware of these material facts, and had Amazon communicated these material
25  facts to consumers, Plaintiffs and the other Michigan Class members would not have purchased
26  Amazon Basics Paper Products, or would not have purchased Amazon Basics Paper Products at
27  the prices they paid. Accordingly, Plaintiffs and the other Michigan Class members have

28

CLASS ACTION COMPLAINT - 83

**HAGENS BERMAN**

1    suffered injury in fact, including lost money or property, as a result of Amazon's

2    misrepresentations and omissions.

3        284.    Accordingly, Amazon is liable to Plaintiffs and the other Michigan Class

4    members for damages in an amount to be proven at trial, including but not limited to, benefit-of-

5    the-bargain damages, restitution and/or diminution of value.

6        285.    Amazon's acts were done wantonly, maliciously, oppressively, deliberately, with

7    intent to defraud, and in reckless disregard of Plaintiffs' and other Michigan Class members'

8    rights and the representations that Amazon made to them, in order to enrich Amazon. Amazon's

9    conduct warrants an assessment of punitive damages in an amount sufficient to deter such

10   conduct in the future, which amount is to be determined according to proof.

11   **P.    Claims brought on behalf of the Minnesota Class**

12                                **COUNT XXIII**
     **VIOLATIONS OF MINNESOTA DECEPTIVE TRADE PRACTICES;**
13                   **ENVIRONMENTAL MARKETING CLAIMS**
                          **(MINN. STAT. § 325E.41, *et seq.*)**
14
15       286.    Plaintiffs incorporate by reference all preceding allegations as though fully set

16   forth herein.

17       287.    Plaintiffs bring this Count on behalf of the Minnesota Class.

18       288.    Defendant violated Minnesota Statute section 325E.41 by making deceptive and

19   misleading general environmental benefit claims (including sustainability claims) and failing to

20   disclose material omitted information related to these statements.

21       289.    Defendant made these material misrepresentations and omissions to induce

22   reasonable consumers to purchase its Amazon Basics Paper Products.

23       290.    Defendant knew or should have known the material misrepresentations and

24   omissions were misleading to reasonable consumers and in violation of Code of Federal

25   Regulations, title 16, part 260, "Guides for the Use of Environmental Marketing Claims"

26   ("Green Guides").

27       291.    Specifically, Green Guides section 260.4 "General Environmental Benefit

28   Claims" states: "It is deceptive to misrepresent, directly or by implication, that a product,

CLASS ACTION COMPLAINT - 84

**HAGENS BERMAN**

011299-11/3101739 V1

package, or service offers a general environmental benefit . . . Unqualified general environmental

benefit claims are difficult to interpret and likely convey a wide range of meanings. *In many*

*cases, such claims likely convey that the product, package, or service has specific and far-*

*reaching environmental benefits and may convey that the item or service has no negative*

*environmental impact. Because it is highly unlikely that marketers can substantiate all*

*reasonable interpretations of these claims, marketers should not make unqualified general*

*environmental benefit claims.*" (Emphasis added.)

292.    Defendant's pattern of deceptive and misleading misrepresentations and

omissions, and other misleading conduct were likely to deceive or cause misunderstanding and

did in fact deceive Plaintiffs and the Minnesota Class with respect to the Amazon Basics Paper

Products' quality, nature of the ingredients, and suitability for consumption.

293.    Defendant intended for Plaintiffs and the Minnesota Class to rely the material

misrepresentations and omissions, concealment, expressed warranties, and/or deceptions

regarding the environmental benefits and sustainability of its Amazon Basics Paper Products.

294.    Defendant's conduct described herein occurred repeatedly in its trade or business

and were capable of deceiving a substantial portion of the consuming public.

295.    Defendant violated Minnesota Statute section 325E.41 by making

misrepresentations on its packaging and website that violated the Green Guides.

296.    Defendant was under a duty to disclose the omissions because Defendant

undertook the disclosure of information about the Amazon Basics Paper Products that violated

the Green Guides.

297.    Defendant failed to discharge its duty to disclose the Omissions.

298.    The facts concealed, omitted, or not disclosed by Defendant were material facts in

that Plaintiffs, the Minnesota Class, and any reasonable consumer would have considered them

in deciding whether to purchase the Amazon Basics Paper Products. Had Plaintiffs and the

Minnesota Class known the truth, they would not have purchased the Amazon Basics Paper

Products or paid the premium price.

**HAGENS BERMAN**

1    299.    Defendant's unlawful conduct is continuing, with no indication that it intends to

2    cease this fraudulent course of conduct.

3    300.    As a direct and proximate result of Defendant's conduct, Plaintiffs and the

4    Minnesota Class suffered actual damages by: (1) paying a premium price; (2) purchasing

5    Amazon Basics Paper Products they would not have purchased; and/or (3) receiving Amazon

6    Basics Paper Products that were worth less.

7    301.    Plaintiffs and the members of the Minnesota Class would not have purchased

8    Amazon Basics Paper Products at all had they known that Amazon Basics Paper Products does

9    not conform to the packaging.

10    302.    Pursuant to Minnesota Statute section 8.31, subd. 3a, and section 325E.41,

11    Plaintiffs and the Minnesota Class seek actual damages, injunctive and declaratory relief,

12    attorneys' fees, costs, and any other just and proper relief available thereunder for Defendant's

13    violations of the Minnesota Statute section 325E.41.

14
**COUNT XXIV**
**FRAUDULENT CONCEALMENT**
15
**(BASED ON MINNESOTA LAW)**

16    303.    Plaintiffs incorporate by reference all preceding allegations as though fully set

17    forth herein.

18    304.    Plaintiffs bring this Count on behalf of the Minnesota Class.

19    305.    Amazon intentionally concealed and suppressed material facts regarding its

20    Amazon Basics Paper Products. These material facts included that (i) Amazon Basics Paper

21    Products sources its wood pulp via industrial logging practices such as clearcutting, burning, and

22    bleaching; (ii) Amazon Basics Paper Products suppliers are systematically converting critically

23    important old-growth forests into environmentally devastating tree farms and plantations; (iii)

24    only a fraction of Amazon's wood pulp is sourced from FSC certified forests; (iv) that Amazon's

25    suppliers in the boreal are destroying habitat for endangered animal populations (like the

26    caribou) and (iv) that the supply chain for Amazon Basics Paper Products is actively eliminating

27    the largest carbon sink in the world.

28

CLASS ACTION COMPLAINT - 86

011299-11/3101739 V1

**HAGENS BERMAN**

306.    Amazon voluntarily represented that its Amazon Basics Paper Products were environmentally sustainable and therefore is required to make a full and fair disclosure under Minnesota law. Amazon therefore had a duty to disclose the material facts as additional information in order to make its Amazon Basics Paper Products Sustainability Promise website (as well as Amazon's other environmental claims including on its Amazon Basics Paper Products packaging) not misleading. Amazon also knew that these representations were false when made.

307.    Amazon's omissions and/or misrepresentations alleged herein caused Plaintiffs and the other Minnesota Class members to make their Amazon Basics Paper Products purchases. Plaintiffs were unaware of these material facts, and had Amazon communicated these material facts to consumers, Plaintiffs and the other Minnesota Class members would not have purchased Amazon Basics Paper Products, or would not have purchased Amazon Basics Paper Products at the prices they paid. Accordingly, Plaintiffs and the other Minnesota Class members have suffered injury in fact, including lost money or property, as a result of Amazon's misrepresentations and omissions.

308.    Accordingly, Amazon is liable to Plaintiffs and the other Minnesota Class members for damages in an amount to be proven at trial, including but not limited to, benefit-of-the-bargain damages, restitution and/or diminution of value.

309.    Amazon's acts were done wantonly, maliciously, oppressively, deliberately, with intent to defraud, and in reckless disregard of Plaintiffs' and other Minnesota Class members' rights and the representations that Amazon made to them, in order to enrich Amazon. Amazon's conduct warrants an assessment of punitive damages in an amount sufficient to deter such conduct in the future, which amount is to be determined according to proof.

011299-11/3101739 V1

HAGENS BERMAN

1    **Q.    Claims brought on behalf of the Montana Class**

2                                **COUNT XXV**
                 **VIOLATION OF THE MONTANA UNFAIR TRADE PRACTICES**
3                 **AND CONSUMER PROTECTION ACT OF 1973**
                     **(MONT. CODE ANN. § 30-14-101, *ET SEQ.*)**

4           310.    Plaintiffs hereby incorporate by reference the allegations contained in the

5    preceding paragraphs of this complaint.

6           311.    This claim is brought by Plaintiffs on behalf of the Montana Class.

7           312.    The Montana Unfair Trade Practices and Consumer Protection Act ("Montana

8    CPA") makes unlawful any "unfair methods of competition and unfair or deceptive acts or

9    practices in the conduct of any trade or commerce." Mont. Code Ann. § 30-14-103.

10          313.    Defendant, Plaintiffs, and Montana Class members are "persons" within the

11   meaning of the Montana CPA. Mont. Code Ann. § 30-14-102(6).

12          314.    Plaintiffs and Montana Class members are "consumer[s]" under the Montana

13   CPA. Mont. Code Ann. § 30-14-102(1).

14          315.    The sale of each package of Amazon Basics Paper Products occurred within

15   "trade and commerce" within the Montana CPA, and Defendant committed deceptive and unfair

16   acts in the conduct of "trade and commerce" as defined in that statutory section. Mont. Code

17   Ann. § 30-14-102(8).

18          316.    Because Defendant's unlawful methods, acts, and practices have caused Plaintiffs

19   to suffer an ascertainable loss of money and property, Plaintiffs seek from Defendant: the greater

20   of actual damages or $500; discretionary treble damages; reasonable attorneys' fees.

21          317.    Plaintiffs additionally seek an order enjoining Defendant's unfair, unlawful,

22   and/or deceptive practices, and any other relief the Court considers necessary or proper, under

23   Montana Code Annotated section 30-14-133.

24                                **COUNT XXVI**
                             **FRAUDULENT CONCEALMENT**
25                          **(BASED ON MONTANA LAW)**

26          318.    Plaintiffs incorporate by reference all preceding allegations as though fully set

27   forth herein.

28

CLASS ACTION COMPLAINT - 88                                          **HAGENS BERMAN**

1        319.    Plaintiffs bring this Count on behalf of the Montana Class.

2        320.    Amazon intentionally concealed and suppressed material facts regarding its

3    Amazon Basics Paper Products. These material facts included that (i) Amazon Basics Paper

4    Products sources its wood pulp via industrial logging practices such as clearcutting, burning, and

5    bleaching; (ii) Amazon Basics Paper Products suppliers are systematically converting critically

6    important old-growth forests into environmentally devastating tree farms and plantations; (iii)

7    only a fraction of Amazon's wood pulp is sourced from FSC certified forests; (iv) that Amazon's

8    suppliers in the boreal are destroying habitat for endangered animal populations (like the

9    caribou) and (iv) that the supply chain for Amazon Basics Paper Products is actively eliminating

10    the largest carbon sink in the world.

11        321.    Amazon voluntarily represented that its Amazon Basics Paper Products were

12    environmentally sustainable and therefore is required to make a full and fair disclosure under

13    Montana law. Amazon therefore had a duty to disclose the material facts as additional

14    information in order to make its Amazon Basics Paper Products Sustainability Promise website

15    (as well as Amazon's other environmental claims including on its Amazon Basics Paper

16    Products packaging) not misleading. Amazon also knew that these representations were false

17    when made.

18        322.    Amazon's omissions and/or misrepresentations alleged herein caused Plaintiffs

19    and the other Montana Class members to make their Amazon Basics Paper Products purchases.

20    Plaintiffs were unaware of these material facts, and had Amazon communicated these material

21    facts to consumers, Plaintiffs and the other Montana Class members would not have purchased

22    Amazon Basics Paper Products, or would not have purchased Amazon Basics Paper Products at

23    the prices they paid. Accordingly, Plaintiffs and the other Montana Class members have suffered

24    injury in fact, including lost money or property, as a result of Amazon's misrepresentations and

25    omissions.

26        323.    Accordingly, Amazon is liable to Plaintiffs and the other Montana Class members

27    for damages in an amount to be proven at trial, including but not limited to, benefit-of-the-

28    bargain damages, restitution and/or diminution of value.

CLASS ACTION COMPLAINT - 89

**HAGENS BERMAN**

324. Amazon's acts were done wantonly, maliciously, oppressively, deliberately, with intent to defraud, and in reckless disregard of Plaintiffs' and other Montana Class members' rights and the representations that Amazon made to them, in order to enrich Amazon. Amazon's conduct warrants an assessment of punitive damages in an amount sufficient to deter such conduct in the future, which amount is to be determined according to proof.

**R.    Claims brought on behalf of the New Hampshire Class**

**COUNT XXVII**
**VIOLATION OF THE NEW HAMPSHIRE CONSUMER PROTECTION ACT**
**(N.H. Rev. Stat. Ann. § 358-A:1, *et seq*.))**

325. Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs of this complaint.

326. This claim is brought by Plaintiffs on behalf of the New Hampshire Class.

327. The New Hampshire Consumer Protection Act ("New Hampshire CPA") prohibits a person, in the conduct of any trade or commerce, from "using any unfair or deceptive act or practice," including, "but . . . not limited to" "[m]aking false or misleading statements of fact concerning the reasons for, existence of, or amounts of price reductions." N.H. Rev. Stat. Ann. § 358-A:2.

328. Defendant, Plaintiffs, and New Hampshire Class members are "persons" under the New Hampshire CPA. N.H. Rev. Stat. Ann. § 358-A:1.

329. Defendant's actions as set forth herein occurred in the conduct of trade or commerce as defined under the New Hampshire CPA. N.H. Rev. Stat. Ann. § 358-A:1.

330. Because Defendant's willful conduct caused injury to Plaintiffs' property through violations of the New Hampshire CPA, Plaintiffs seek recovery of actual damages or $1,000, whichever is greater; treble damages; costs and reasonable attorneys' fees; an order enjoining each Defendant's unfair and/or deceptive acts and practices; and any other just and proper relief under New Hampshire Revised Statutes Annotated section 358-A:10.

**HAGENS BERMAN**

1

**COUNT XXVIII**
**FRAUDULENT CONCEALMENT**
**(BASED ON NEW HAMPSHIRE LAW)**

2

3      331.    Plaintiffs incorporate by reference all preceding allegations as though fully set

4  forth herein.

5      332.    Plaintiffs bring this Count on behalf of the New Hampshire Class.

6      333.    Amazon intentionally concealed and suppressed material facts regarding its

7  Amazon Basics Paper Products. These material facts included that (i) Amazon Basics Paper

8  Products sources its wood pulp via industrial logging practices such as clearcutting, burning, and

9  bleaching; (ii) Amazon Basics Paper Products suppliers are systematically converting critically

10 important old-growth forests into environmentally devastating tree farms and plantations; (iii)

11 only a fraction of Amazon's wood pulp is sourced from FSC certified forests; (iv) that Amazon's

12 suppliers in the boreal are destroying habitat for endangered animal populations (like the

13 caribou) and (iv) that the supply chain for Amazon Basics Paper Products is actively eliminating

14 the largest carbon sink in the world.

15      334.    Amazon voluntarily represented that its Amazon Basics Paper Products were

16 environmentally sustainable and therefore is required to make a full and fair disclosure under

17 New Hampshire law. Amazon therefore had a duty to disclose the material facts as additional

18 information in order to make its Amazon Basics Paper Products Sustainability Promise website

19 (as well as Amazon's other environmental claims including on its Amazon Basics Paper

20 Products packaging) not misleading. Amazon also knew that these representations were false

21 when made.

22      335.    Amazon's omissions and/or misrepresentations alleged herein caused Plaintiffs

23 and the other New Hampshire Class members to make their Amazon Basics Paper Products

24 purchases. Plaintiffs were unaware of these material facts, and had Amazon communicated these

25 material facts to consumers, Plaintiffs and the other New Hampshire Class members would not

26 have purchased Amazon Basics Paper Products, or would not have purchased Amazon Basics

27 Paper Products at the prices they paid. Accordingly, Plaintiffs and the other New Hampshire

28

CLASS ACTION COMPLAINT - 91

**HAGENS BERMAN**

1    Class members have suffered injury in fact, including lost money or property, as a result of

2    Amazon's misrepresentations and omissions.

3         336.    Accordingly, Amazon is liable to Plaintiffs and the other New Hampshire Class

4    members for damages in an amount to be proven at trial, including but not limited to, benefit-of-

5    the-bargain damages, restitution and/or diminution of value.

6         337.    Amazon's acts were done wantonly, maliciously, oppressively, deliberately, with

7    intent to defraud, and in reckless disregard of Plaintiffs' and other New Hampshire Class

8    members' rights and the representations that Amazon made to them, in order to enrich Amazon.

9    Amazon's conduct warrants an assessment of punitive damages in an amount sufficient to deter

10   such conduct in the future, which amount is to be determined according to proof.

11   **S.    Claims on behalf of the New Mexico Class**

12   

**COUNT XXIX**
**VIOLATION OF THE NEW MEXICO UNFAIR TRADE PRACTICES ACT**
**(N.M. STAT. ANN. §§ 57-12-1, *ET SEQ.*)**

13

14        338.    Plaintiffs hereby incorporate by reference the allegations contained in the

15   preceding paragraphs of this complaint.

16        339.    This claim is brought by Plaintiffs on behalf of the New Mexico Class.

17        340.    The New Mexico Unfair Trade Practices Act ("New Mexico UTPA") makes

18   unlawful "a false or misleading oral or written statement, visual description or other

19   representation of any kind knowingly made in connection with the sale, lease, rental or loan of

20   goods or services . . . by a person in the regular course of the person's trade or commerce, that

21   may, tends to or does deceive or mislead any person," including, but not limited to, "failing to

22   state a material fact if doing so deceives or tends to deceive." N.M. Stat. Ann. § 57-12-2(D).

23        341.    Defendant, Plaintiffs, and New Mexico Class members are "person[s]" under the

24   New Mexico UTPA. N.M. Stat. Ann. § 57-12-2.

25        342.    Defendant's actions as set forth herein occurred in the conduct of trade or

26   commerce as defined in the New Mexico UTPA. N.M. Stat. Ann. § 57-12-2.

27        343.    Because Defendant's unconscionable, willful conduct caused actual harm to

28   Plaintiffs, Plaintiffs seek recovery of actual damages or $100, whichever is greater; discretionary

**HAGENS BERMAN**

1    treble damages; punitive damages; and reasonable attorneys' fees and costs, as well as all other

2    proper and just relief available under New Mexico Statute Annotated section 57-12-10.

3                              **COUNT XXX**
                           **FRAUDULENT CONCEALMENT**
4                           **(BASED ON NEW MEXICO LAW)**

5         344.    Plaintiffs incorporate by reference all preceding allegations as though fully set

6    forth herein.

7         345.    Plaintiffs bring this Count on behalf of the New Mexico Class.

8         346.    Amazon intentionally concealed and suppressed material facts regarding its

9    Amazon Basics Paper Products. These material facts included that (i) Amazon Basics Paper

10   Products sources its wood pulp via industrial logging practices such as clearcutting, burning, and

11   bleaching; (ii) Amazon Basics Paper Products suppliers are systematically converting critically

12   important old-growth forests into environmentally devastating tree farms and plantations; (iii)

13   only a fraction of Amazon's wood pulp is sourced from FSC certified forests; (iv) that Amazon's

14   suppliers in the boreal are destroying habitat for endangered animal populations (like the

15   caribou) and (iv) that the supply chain for Amazon Basics Paper Products is actively eliminating

16   the largest carbon sink in the world.

17        347.    Amazon voluntarily represented that its Amazon Basics Paper Products were

18   environmentally sustainable and therefore is required to make a full and fair disclosure under

19   New Mexico law. Amazon therefore had a duty to disclose the material facts as additional

20   information in order to make its Amazon Basics Paper Products Sustainability Promise website

21   (as well as Amazon's other environmental claims including on its Amazon Basics Paper

22   Products packaging) not misleading. Amazon also knew that these representations were false

23   when made.

24        348.    Amazon's omissions and/or misrepresentations alleged herein caused Plaintiffs

25   and the other New Mexico Class members to make their Amazon Basics Paper Products

26   purchases. Plaintiffs were unaware of these material facts, and had Amazon communicated these

27   material facts to consumers, Plaintiffs and the other New Mexico Class members would not have

28   purchased Amazon Basics Paper Products, or would not have purchased Amazon Basics Paper

**HAGENS BERMAN**

1  Products at the prices they paid. Accordingly, Plaintiffs and the other New Mexico Class

2  members have suffered injury in fact, including lost money or property, as a result of Amazon's

3  misrepresentations and omissions.

4          349.    Accordingly, Amazon is liable to Plaintiffs and the other New Mexico Class

5  members for damages in an amount to be proven at trial, including but not limited to, benefit-of-

6  the-bargain damages, restitution and/or diminution of value.

7          350.    Amazon's acts were done wantonly, maliciously, oppressively, deliberately, with

8  intent to defraud, and in reckless disregard of Plaintiffs' and other New Mexico Class members'

9  rights and the representations that Amazon made to them, in order to enrich Amazon. Amazon's

10 conduct warrants an assessment of punitive damages in an amount sufficient to deter such

11 conduct in the future, which amount is to be determined according to proof.

12 **T.    Claims brought on behalf of the New York Class**

13                          **COUNT XXXI**
   **VIOLATION OF THE NEW YORK GENERAL BUSINESS LAW §§ 349-350**
14                **(N.Y. GEN. BUS. LAW §§ 349-350)**

15         351.    Plaintiffs hereby incorporate by reference the allegations contained in the

16 preceding paragraphs of this complaint.

17         352.    This claim is brought by Plaintiffs on behalf of the New York Class.

18         353.    The New York General Business Law ("New York GBL") makes unlawful

19 "[d]eceptive acts or practices in the conduct of any business, trade or commerce." N.Y. Gen.

20 Bus. Law § 349.

21         354.    Plaintiffs and New York Class members are "persons" within the meaning of the

22 New York GBL. N.Y. Gen. Bus. Law § 349(h).

23         355.    Defendant is a "person," "firm," "corporation," or "association" within the

24 meaning of the New York GBL. N.Y. Gen. Bus. Law § 349.

25         356.    Defendant's deceptive acts and practices, which were intended to mislead

26 consumers who purchased Amazon Basics Paper Products, was conduct directed at consumers.

27         357.    Because Defendant's willful and knowing conduct caused injury to Plaintiffs,

28 Plaintiffs seek recovery of actual damages or $50, whichever is greater; discretionary treble

CLASS ACTION COMPLAINT - 94

**HAGENS BERMAN**

1    damages up to $1,000; punitive damages; reasonable attorneys' fees and costs; an order

2    enjoining Defendant's deceptive conduct; and any other just and proper relief available under

3    New York General Business Law section 349.

### COUNT XXXII
### FRAUDULENT CONCEALMENT
### (BASED ON NEW YORK LAW)

6    358.   Plaintiffs incorporate by reference all preceding allegations as though fully set

7    forth herein.

8    359.   Plaintiffs bring this Count on behalf of the New York Class.

9    360.   Amazon intentionally concealed and suppressed material facts regarding its

10   Amazon Basics Paper Products. These material facts included that (i) Amazon Basics Paper

11   Products sources its wood pulp via industrial logging practices such as clearcutting, burning, and

12   bleaching; (ii) Amazon Basics Paper Products suppliers are systematically converting critically

13   important old-growth forests into environmentally devastating tree farms and plantations; (iii)

14   only a fraction of Amazon's wood pulp is sourced from FSC certified forests; (iv) that Amazon's

15   suppliers in the boreal are destroying habitat for endangered animal populations (like the

16   caribou) and (iv) that the supply chain for Amazon Basics Paper Products is actively eliminating

17   the largest carbon sink in the world.

18   361.   Amazon voluntarily represented that its Amazon Basics Paper Products were

19   environmentally sustainable and therefore is required to make a full and fair disclosure under

20   New York law. Amazon therefore had a duty to disclose the material facts as additional

21   information in order to make its Amazon Basics Paper Products Sustainability Promise website

22   (as well as Amazon's other environmental claims including on its Amazon Basics Paper

23   Products packaging) not misleading. Amazon also knew that these representations were false

24   when made.

25   362.   Amazon's omissions and/or misrepresentations alleged herein caused Plaintiffs

26   and the other New York Class members to make their Amazon Basics Paper Products purchases.

27   Plaintiffs were unaware of these material facts, and had Amazon communicated these material

28   facts to consumers, Plaintiffs and the other New York Class members would not have purchased

CLASS ACTION COMPLAINT - 95

HAGENS BERMAN

011299-11/3101739 V1

1  Amazon Basics Paper Products, or would not have purchased Amazon Basics Paper Products at

2  the prices they paid. Accordingly, Plaintiffs and the other New York Class members have

3  suffered injury in fact, including lost money or property, as a result of Amazon's

4  misrepresentations and omissions.

5       363.    Accordingly, Amazon is liable to Plaintiffs and the other New York Class

6  members for damages in an amount to be proven at trial, including but not limited to, benefit-of-

7  the-bargain damages, restitution and/or diminution of value.

8       364.    Amazon's acts were done wantonly, maliciously, oppressively, deliberately, with

9  intent to defraud, and in reckless disregard of Plaintiffs' and other New York Class members'

10  rights and the representations that Amazon made to them, in order to enrich Amazon. Amazon's

11  conduct warrants an assessment of punitive damages in an amount sufficient to deter such

12  conduct in the future, which amount is to be determined according to proof.

13  **U.    Claims brought on behalf of the Ohio Class**

14  

**COUNT XXXIII**
**VIOLATION OF THE OHIO CONSUMER SALES PRACTICES ACT**

15  **(OHIO REV. CODE ANN. § 1345.01, *ET SEQ.*)**

16       365.    Plaintiffs hereby incorporate by reference the allegations contained in the

17  preceding paragraphs of this complaint.

18       366.    This claim is brought by Plaintiffs on behalf of the Ohio Class.

19       367.    Ohio Consumer Sales Practices Act ("Ohio CSPA") broadly prohibits unfair or

20  deceptive acts or practices in connection with a consumer transaction. Specifically, and without

21  limitation of the broad prohibition, the Act prohibits suppliers from representing that "a specific

22  price advantage exists, if it does not." Ohio Rev. Code Ann. § 1345.02.

23       368.    Defendant is a "supplier" as that term is defined in the Ohio CSPA. Ohio Rev.

24  Code Ann. § 1345.01(C).

25       369.    Plaintiffs and Ohio Class members are "consumers" as that term is defined in the

26  Ohio CSPA (Ohio Rev. Code Ann. § 1345.01(D)), and their purchases of Amazon Basics Paper

27  Products is a "consumer transaction." Ohio Rev. Code Ann. § 1345.01(A).

28

**HAGENS BERMAN**

370.    As a result of the foregoing wrongful conduct, Plaintiffs have been damaged in an amount to be proven at trial, and seek all just and proper remedies, including, but not limited to, actual and statutory damages, an order enjoining Defendant's deceptive and unfair conduct, treble damages, court costs, and reasonable attorneys' fees, pursuant to Ohio Revised Code Annotated section 1345.09, *et seq.*

**COUNT XXXIV**
**FRAUDULENT CONCEALMENT**
**(BASED ON OHIO LAW)**

371.    Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

372.    Plaintiffs bring this Count on behalf of the Ohio Class.

373.    Amazon intentionally concealed and suppressed material facts regarding its Amazon Basics Paper Products. These material facts included that (i) Amazon Basics Paper Products sources its wood pulp via industrial logging practices such as clearcutting, burning, and bleaching; (ii) Amazon Basics Paper Products suppliers are systematically converting critically important old-growth forests into environmentally devastating tree farms and plantations; (iii) only a fraction of Amazon's wood pulp is sourced from FSC certified forests; (iv) that Amazon's suppliers in the boreal are destroying habitat for endangered animal populations (like the caribou) and (iv) that the supply chain for Amazon Basics Paper Products is actively eliminating the largest carbon sink in the world.

374.    Amazon voluntarily represented that its Amazon Basics Paper Products were environmentally sustainable and therefore is required to make a full and fair disclosure under Ohio law. Amazon therefore had a duty to disclose the material facts as additional information in order to make its Amazon Basics Paper Products Sustainability Promise website (as well as Amazon's other environmental claims including on its Amazon Basics Paper Products packaging) not misleading. Amazon also knew that these representations were false when made.

375.    Amazon's omissions and/or misrepresentations alleged herein caused Plaintiffs and the other Ohio Class members to make their Amazon Basics Paper Products purchases. Plaintiffs were unaware of these material facts, and had Amazon communicated these material

HAGENS BERMAN

facts to consumers, Plaintiffs and the other Ohio Class members would not have purchased

Amazon Basics Paper Products, or would not have purchased Amazon Basics Paper Products at

the prices they paid. Accordingly, Plaintiffs and the other Ohio Class members have suffered

injury in fact, including lost money or property, as a result of Amazon's misrepresentations and

omissions.

376.    Accordingly, Amazon is liable to Plaintiffs and the other Ohio Class members for

damages in an amount to be proven at trial, including but not limited to, benefit-of-the-bargain

damages, restitution and/or diminution of value.

377.    Amazon's acts were done wantonly, maliciously, oppressively, deliberately, with

intent to defraud, and in reckless disregard of Plaintiffs' and other Ohio Class members' rights

and the representations that Amazon made to them, in order to enrich Amazon. Amazon's

conduct warrants an assessment of punitive damages in an amount sufficient to deter such

conduct in the future, which amount is to be determined according to proof.

## V.    Claims brought on behalf of the Pennsylvania Class

### COUNT XXXV
### VIOLATION OF THE PENNSYLVANIA UNFAIR TRADE PRACTICES
### AND CONSUMER PROTECTION LAW
### (73 PA. CONS. STAT. § 201-1, *ET SEQ.*)

378.    Plaintiffs hereby incorporate by reference the allegations contained in the

preceding paragraphs of this complaint.

379.    This claim is brought by Plaintiffs on behalf the Pennsylvania Class.

380.    The Pennsylvania Unfair Trade Practices and Consumer Protection Law

("Pennsylvania CPL") prohibits unfair or deceptive acts or practices, including: "[m]aking false

or misleading statements of fact concerning the reasons for, existence of, or amounts of price

reductions;" and "[e]ngaging in any other fraudulent or deceptive conduct which creates a

likelihood of confusion or of misunderstanding." 73 Pa. Cons. Stat. § 201-2(4).

381.    Defendant, Plaintiffs, and Pennsylvania Class members are "persons" within the

meaning of the Pennsylvania CPL. 73 Pa. Cons. Stat. § 201-2(2).

011299-11/3101739 V1

**HAGENS BERMAN**

382.    Plaintiffs and the Pennsylvania Class members purchased Amazon Basics Paper Products Toilet paper primarily for personal, family, or household purposes within the meaning of the Pennsylvania CPL. 73 Pa. Cons. Stat. § 201-9.2.

383.    All of the acts complained of herein were perpetrated by Defendant in the course of trade or commerce within the meaning of the Pennsylvania CPL. 73 Pa. Cons. Stat. § 201-2(3).

384.    Defendant is liable to Plaintiffs for treble their actual damages or $100, whichever is greater, and attorneys' fees and costs. 73 Pa. Cons. Stat. § 201-9.2(a). Plaintiffs are also entitled to an award of punitive damages given that Defendants' conduct was malicious, wanton, willful, oppressive, or exhibited a reckless indifference to the rights of others.

## COUNT XXXVI
## FRAUDULENT CONCEALMENT
## (BASED ON PENNSYLVANIA LAW)

385.    Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

386.    Plaintiffs bring this Count on behalf of the Pennsylvania Class.

387.    Amazon intentionally concealed and suppressed material facts regarding its Amazon Basics Paper Products. These material facts included that (i) Amazon Basics Paper Products sources its wood pulp via industrial logging practices such as clearcutting, burning, and bleaching; (ii) Amazon Basics Paper Products suppliers are systematically converting critically important old-growth forests into environmentally devastating tree farms and plantations; (iii) only a fraction of Amazon's wood pulp is sourced from FSC certified forests; (iv) that Amazon's suppliers in the boreal are destroying habitat for endangered animal populations (like the caribou) and (iv) that the supply chain for Amazon Basics Paper Products is actively eliminating the largest carbon sink in the world.

388.    Amazon voluntarily represented that its Amazon Basics Paper Products were environmentally sustainable and therefore is required to make a full and fair disclosure under Pennsylvania law. Amazon therefore had a duty to disclose the material facts as additional information in order to make its Amazon Basics Paper Products Sustainability Promise website

**HAGENS BERMAN**

1  (as well as Amazon's other environmental claims including on its Amazon Basics Paper

2  Products packaging) not misleading. Amazon also knew that these representations were false

3  when made.

4          389.    Amazon's omissions and/or misrepresentations alleged herein caused Plaintiffs

5  and the other Pennsylvania Class members to make their Amazon Basics Paper Products

6  purchases. Plaintiffs were unaware of these material facts, and had Amazon communicated these

7  material facts to consumers, Plaintiffs and the other Pennsylvania Class members would not have

8  purchased Amazon Basics Paper Products, or would not have purchased Amazon Basics Paper

9  Products at the prices they paid. Accordingly, Plaintiffs and the other Pennsylvania Class

10  members have suffered injury in fact, including lost money or property, as a result of Amazon's

11  misrepresentations and omissions.

12          390.    Accordingly, Amazon is liable to Plaintiffs and the other Pennsylvania Class

13  members for damages in an amount to be proven at trial, including but not limited to, benefit-of-

14  the-bargain damages, restitution and/or diminution of value.

15          391.    Amazon's acts were done wantonly, maliciously, oppressively, deliberately, with

16  intent to defraud, and in reckless disregard of Plaintiffs' and other Pennsylvania Class members'

17  rights and the representations that Amazon made to them, in order to enrich Amazon. Amazon's

18  conduct warrants an assessment of punitive damages in an amount sufficient to deter such

19  conduct in the future, which amount is to be determined according to proof.

20  **W.    Claims brought on behalf of the South Carolina Class**

21          **COUNT XXXVII**
   **VIOLATION OF THE SOUTH CAROLINA UNFAIR TRADE PRACTICES ACT (S.C.**
22  **CODE ANN. § 39-5-10, *ET SEQ.*)**

23          392.    Plaintiffs hereby incorporate by reference the allegations contained in the

24  preceding paragraphs of this complaint.

25          393.    This claim is brought by Plaintiffs on behalf of the South Carolina Class.

26          394.    The South Carolina Unfair Trade Practices Act ("South Carolina UTPA")

27  prohibits "unfair or deceptive acts or practices in the conduct of any trade or commerce[.]" S.C.

28  Code Ann. § 39-5-20(a).

**HAGENS BERMAN**

395.    Defendant is a "person" under the South Carolina UTPA. S.C. Code Ann. § 39-5-10.

396.    Pursuant to the South Carolina UTPA, Plaintiffs seek monetary relief to recover their economic losses. S.C. Code Ann. § 39-5-140(a). Because Defendant's actions were willful and knowing, Plaintiffs' damages should be trebled. *Id*.

397.    Plaintiffs further allege that Defendant's malicious and deliberate conduct warrants an assessment of punitive damages because Defendant carried out despicable conduct with willful and conscious disregard of the rights and safety of others, subjecting Plaintiffs to cruel and unjust hardship as a result. Defendant misrepresented the environmental sustainability of Amazon Basics Paper Products. Defendant's unlawful conduct constitutes malice, oppression, and fraud warranting punitive damages.

398.    Plaintiffs further seek an order enjoining Defendant's unfair or deceptive acts or practices.

**COUNT XXXVIII**
**FRAUDULENT CONCEALMENT**
**(BASED ON SOUTH CAROLINA LAW)**

399.    Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

400.    Plaintiffs bring this Count on behalf of the South Carolina Class.

401.    Amazon intentionally concealed and suppressed material facts regarding its Amazon Basics Paper Products. These material facts included that (i) Amazon Basics Paper Products sources its wood pulp via industrial logging practices such as clearcutting, burning, and bleaching; (ii) Amazon Basics Paper Products suppliers are systematically converting critically important old-growth forests into environmentally devastating tree farms and plantations; (iii) only a fraction of Amazon's wood pulp is sourced from FSC certified forests; (iv) that Amazon's suppliers in the boreal are destroying habitat for endangered animal populations (like the caribou) and (iv) that the supply chain for Amazon Basics Paper Products is actively eliminating the largest carbon sink in the world.

**HAGENS BERMAN**

402.    Amazon voluntarily represented that its Amazon Basics Paper Products were environmentally sustainable and therefore is required to make a full and fair disclosure under South Carolina law. Amazon therefore had a duty to disclose the material facts as additional information in order to make its Amazon Basics Paper Products Sustainability Promise website (as well as Amazon's other environmental claims including on its Amazon Basics Paper Products packaging) not misleading. Amazon also knew that these representations were false when made.

403.    Amazon's omissions and/or misrepresentations alleged herein caused Plaintiffs and the other South Carolina Class members to make their Amazon Basics Paper Products purchases. Plaintiffs were unaware of these material facts, and had Amazon communicated these material facts to consumers, Plaintiffs and the other South Carolina Class members would not have purchased Amazon Basics Paper Products, or would not have purchased Amazon Basics Paper Products at the prices they paid. Accordingly, Plaintiffs and the other South Carolina Class members have suffered injury in fact, including lost money or property, as a result of Amazon's misrepresentations and omissions.

404.    Accordingly, Amazon is liable to Plaintiffs and the other South Carolina Class members for damages in an amount to be proven at trial, including but not limited to, benefit-of-the-bargain damages, restitution and/or diminution of value.

405.    Amazon's acts were done wantonly, maliciously, oppressively, deliberately, with intent to defraud, and in reckless disregard of Plaintiffs' and other South Carolina Class members' rights and the representations that Amazon made to them, in order to enrich Amazon. Amazon's conduct warrants an assessment of punitive damages in an amount sufficient to deter such conduct in the future, which amount is to be determined according to proof.

## X.    Claims brought on behalf of the Tennessee Class

### COUNT XXXIX
### VIOLATION OF THE TENNESSEE CONSUMER PROTECTION ACT
### (Tenn. Code Ann. § 47-18-101, *ET SEQ.*)

406.    Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs of this complaint.

011299-11/3101739 V1

**HAGENS BERMAN**

1    407.    This claim is brought by Plaintiffs on behalf of the Tennessee Class.

2    408.    Tennessee Consumer Protection Act ("Tennessee CPA") prohibits "[u]nfair or

3    deceptive acts or practices affecting the conduct of any trade or commerce," including, but not

4    limited to, "[m]aking false or misleading statements of fact concerning the reasons for, existence

5    of, or amounts of price reductions." Tenn. Code Ann. § 47-18-104.

6    409.    Plaintiffs and Tennessee Class members are "natural persons" and "consumers"

7    within the meaning of the Tennessee CPA. Tenn. Code Ann. § 47-18-103(2).

8    410.    Defendant is a "person" within the meaning of the Tennessee CPA. Tenn. Code

9    Ann. § 47-18-103(2).

10    411.    Defendant's conduct complained of herein affected "trade," "commerce," or

11    "consumer transactions" within the meaning of the Tennessee CPA. Tenn. Code Ann. § 47-18-

12    103(19).

13    412.    Pursuant to Tennessee Code Annotated section 47-18-109(a), Plaintiffs seek

14    monetary relief against Defendant measured as actual damages in an amount to be determined at

15    trial, treble damages as a result of Defendant's willful or knowing violations, and any other just

16    and proper relief available under the Tennessee CPA.

17                          **COUNT XL**
                    **FRAUDULENT CONCEALMENT**
18                     **(BASED ON TENNESSEE LAW)**

19    413.    Plaintiffs incorporate by reference all preceding allegations as though fully set

20    forth herein.

21    414.    Plaintiffs bring this Count on behalf of the Tennessee Class.

22    415.    Amazon intentionally concealed and suppressed material facts regarding its

23    Amazon Basics Paper Products. These material facts included that (i) Amazon Basics Paper

24    Products sources its wood pulp via industrial logging practices such as clearcutting, burning, and

25    bleaching; (ii) Amazon Basics Paper Products suppliers are systematically converting critically

26    important old-growth forests into environmentally devastating tree farms and plantations; (iii)

27    only a fraction of Amazon's wood pulp is sourced from FSC certified forests; (iv) that Amazon's

28    suppliers in the boreal are destroying habitat for endangered animal populations (like the

**HAGENS BERMAN**

1    caribou) and (iv) that the supply chain for Amazon Basics Paper Products is actively eliminating

2    the largest carbon sink in the world.

3         416.    Amazon voluntarily represented that its Amazon Basics Paper Products were

4    environmentally sustainable and therefore is required to make a full and fair disclosure under

5    Tennessee law. Amazon therefore had a duty to disclose the material facts as additional

6    information in order to make its Amazon Basics Paper Products Sustainability Promise website

7    (as well as Amazon's other environmental claims including on its Amazon Basics Paper

8    Products packaging) not misleading. Amazon also knew that these representations were false

9    when made.

10        417.    Amazon's omissions and/or misrepresentations alleged herein caused Plaintiffs

11   and the other Tennessee Class members to make their Amazon Basics Paper Products purchases.

12   Plaintiffs were unaware of these material facts, and had Amazon communicated these material

13   facts to consumers, Plaintiffs and the other Tennessee Class members would not have purchased

14   Amazon Basics Paper Products, or would not have purchased Amazon Basics Paper Products at

15   the prices they paid. Accordingly, Plaintiffs and the other Tennessee Class members have

16   suffered injury in fact, including lost money or property, as a result of Amazon's

17   misrepresentations and omissions.

18        418.    Accordingly, Amazon is liable to Plaintiffs and the other Tennessee Class

19   members for damages in an amount to be proven at trial, including but not limited to, benefit-of-

20   the-bargain damages, restitution and/or diminution of value.

21        419.    Amazon's acts were done wantonly, maliciously, oppressively, deliberately, with

22   intent to defraud, and in reckless disregard of Plaintiffs' and other Tennessee Class members'

23   rights and the representations that Amazon made to them, in order to enrich Amazon. Amazon's

24   conduct warrants an assessment of punitive damages in an amount sufficient to deter such

25   conduct in the future, which amount is to be determined according to proof.

26

27

28

CLASS ACTION COMPLAINT - 104

**HAGENS BERMAN**

**Y.    Claims brought on behalf of the Texas Class**

**COUNT XLI**
**FRAUDULENT CONCEALMENT**
**(BASED ON TEXAS LAW)**

420.    Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

421.    Plaintiffs bring this Count on behalf of the Texas Class.

422.    Amazon intentionally concealed and suppressed material facts regarding its Amazon Basics Paper Products. These material facts included that (i) Amazon Basics Paper Products sources its wood pulp via industrial logging practices such as clearcutting, burning, and bleaching; (ii) Amazon Basics Paper Products suppliers are systematically converting critically important old-growth forests into environmentally devastating tree farms and plantations; (iii) only a fraction of Amazon's wood pulp is sourced from FSC certified forests; (iv) that Amazon's suppliers in the boreal are destroying habitat for endangered animal populations (like the caribou) and (iv) that the supply chain for Amazon Basics Paper Products is actively eliminating the largest carbon sink in the world.

423.    Amazon voluntarily represented that its Amazon Basics Paper Products were environmentally sustainable and therefore is required to make a full and fair disclosure under Texas law. Amazon therefore had a duty to disclose the material facts as additional information in order to make its Amazon Basics Paper Products Sustainability Promise website (as well as Amazon's other environmental claims including on its Amazon Basics Paper Products packaging) not misleading. Amazon also knew that these representations were false when made.

424.    Amazon's omissions and/or misrepresentations alleged herein caused Plaintiffs and the other Texas Class members to make their Amazon Basics Paper Products purchases. Plaintiffs were unaware of these material facts, and had Amazon communicated these material facts to consumers, Plaintiffs and the other Texas Class members would not have purchased Amazon Basics Paper Products, or would not have purchased Amazon Basics Paper Products at the prices they paid. Accordingly, Plaintiffs and the other Texas Class members have suffered

**HAGENS BERMAN**

1   injury in fact, including lost money or property, as a result of Amazon's misrepresentations and

2   omissions.

3          425.    Accordingly, Amazon is liable to Plaintiffs and the other Texas Class members

4   for damages in an amount to be proven at trial, including but not limited to, benefit-of-the-

5   bargain damages, restitution and/or diminution of value.

6          426.    Amazon's acts were done wantonly, maliciously, oppressively, deliberately, with

7   intent to defraud, and in reckless disregard of Plaintiffs' and other Texas Class members' rights

8   and the representations that Amazon made to them, in order to enrich Amazon. Amazon's

9   conduct warrants an assessment of punitive damages in an amount sufficient to deter such

10  conduct in the future, which amount is to be determined according to proof.

11  **Z.    Claims brought on behalf of the Utah Class**

12                            **COUNT XLII**
                **VIOLATION OF THE UTAH CONSUMER SALE PRACTICES ACT**
13                    **(UTAH CODE ANN. § 13-11-1, *ET SEQ.*)**

14         427.    Plaintiffs hereby incorporate by reference the allegations contained in the

15  preceding paragraphs of this complaint.

16         428.    This claim is brought by Plaintiffs on behalf of the Utah Class.

17         429.    The Utah Consumer Sales Practices Act ("Utah CSPA") makes unlawful any

18  "deceptive act or practice by a supplier in connection with a consumer transaction," including,

19  but not limited to, "indicat[ing] that a specific price advantage exists, if it does not." Utah Code

20  Ann. § 13-11-4. "An unconscionable act or practice by a supplier in connection with a consumer

21  transaction" also violates the Utah CSPA. Utah Code Ann. § 13-11-5.

22         430.    Defendant knew, or had reason to know, that consumers would rely on

23  Defendant's representations and omissions regarding the environmental sustainability of

24  Amazon Basics Paper Products and chose to conceal, suppress, and omit material facts required

25  to make its environmental claims not misleading. Defendant therefore engaged in an

26  unconscionable act within the meaning of the Utah CSPA. Utah Code Ann. § 13-11-5.

27         431.    Pursuant to Utah Code Annotated section 13-11-4, Plaintiffs seek monetary relief

28  measured as the greater of (a) actual damages in an amount to be determined at trial and (b)

CLASS ACTION COMPLAINT - 106

**HAGENS BERMAN**

1    statutory damages in the amount of $2,000 for each Plaintiff; reasonable attorneys' fees; and any

2    other just and proper relief available under the Utah CSPA.

3                                      COUNT XLIII
                              FRAUDULENT CONCEALMENT
4                               (BASED ON UTAH LAW)

5          432.    Plaintiffs incorporate by reference all preceding allegations as though fully set

6    forth herein.

7          433.    Plaintiffs bring this Count on behalf of the Utah Class.

8          434.    Amazon intentionally concealed and suppressed material facts regarding its

9    Amazon Basics Paper Products. These material facts included that (i) Amazon Basics Paper

10   Products sources its wood pulp via industrial logging practices such as clearcutting, burning, and

11   bleaching; (ii) Amazon Basics Paper Products suppliers are systematically converting critically

12   important old-growth forests into environmentally devastating tree farms and plantations; (iii)

13   only a fraction of Amazon's wood pulp is sourced from FSC certified forests; (iv) that Amazon's

14   suppliers in the boreal are destroying habitat for endangered animal populations (like the

15   caribou) and (iv) that the supply chain for Amazon Basics Paper Products is actively eliminating

16   the largest carbon sink in the world.

17         435.    Amazon voluntarily represented that its Amazon Basics Paper Products were

18   environmentally sustainable and therefore is required to make a full and fair disclosure under

19   Utah law. Amazon therefore had a duty to disclose the material facts as additional information in

20   order to make its Amazon Basics Paper Products Sustainability Promise website (as well as

21   Amazon's other environmental claims including on its Amazon Basics Paper Products

22   packaging) not misleading. Amazon also knew that these representations were false when made.

23         436.    Amazon's omissions and/or misrepresentations alleged herein caused Plaintiffs

24   and the other Utah Class members to make their Amazon Basics Paper Products purchases.

25   Plaintiffs were unaware of these material facts, and had Amazon communicated these material

26   facts to consumers, Plaintiffs and the other Utah Class members would not have purchased

27   Amazon Basics Paper Products, or would not have purchased Amazon Basics Paper Products at

28   the prices they paid. Accordingly, Plaintiffs and the other Utah Class members have suffered

HAGENS BERMAN

1    injury in fact, including lost money or property, as a result of Amazon's misrepresentations and

2    omissions.

3         437.    Accordingly, Amazon is liable to Plaintiffs and the other Utah Class members for

4    damages in an amount to be proven at trial, including but not limited to, benefit-of-the-bargain

5    damages, restitution and/or diminution of value.

6         438.    Amazon's acts were done wantonly, maliciously, oppressively, deliberately, with

7    intent to defraud, and in reckless disregard of Plaintiffs' and other Utah Class members' rights

8    and the representations that Amazon made to them, in order to enrich Amazon. Amazon's

9    conduct warrants an assessment of punitive damages in an amount sufficient to deter such

10   conduct in the future, which amount is to be determined according to proof.

11   **AA.    Claims brought on behalf of the Vermont Class**

12                              **COUNT XLIV**
                 **VIOLATION OF THE VERMONT CONSUMER FRAUD ACT**
13                   **(VT. STAT. ANN. TIT. 9, § 2451 *ET SEQ*.)**

14        439.    Plaintiffs hereby incorporate by reference the allegations contained in the

15   preceding paragraphs of this complaint.

16        440.    This claim is brought by Plaintiffs on behalf of the Vermont Class.

17        441.    The Vermont Consumer Fraud Act ("Vermont CFA") makes unlawful "[u]nfair

18   methods of competition in commerce, and unfair or deceptive acts or practices in

19   commerce . . . ." Vt. Stat. Ann. tit. 9, § 2453(a).

20        442.    Defendant was a seller within the meaning of the Vermont CFA. Vt. Stat. Ann. tit.

21   9, § 2451(a)(c).

22        443.    Plaintiffs are entitled to recover "appropriate equitable relief" and "the amount of

23   [their] damages, or the consideration or the value of the consideration given by [them],

24   reasonable attorney's fees, and exemplary damages not exceeding three times the value of the

25   consideration given by [them]," pursuant to the Vermont CFA. Vt. Stat. Ann. tit. 9, § 2461(b).

26

27

28

CLASS ACTION COMPLAINT - 108                                        **HAGEN BERMAN**

**COUNT XLV**
**FRAUDULENT CONCEALMENT**
**(BASED ON VERMONT LAW)**

444.     Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

445.     Plaintiffs bring this Count on behalf of the Vermont Class.

446.     Amazon intentionally concealed and suppressed material facts regarding its Amazon Basics Paper Products. These material facts included that (i) Amazon Basics Paper Products sources its wood pulp via industrial logging practices such as clearcutting, burning, and bleaching; (ii) Amazon Basics Paper Products suppliers are systematically converting critically important old-growth forests into environmentally devastating tree farms and plantations; (iii) only a fraction of Amazon's wood pulp is sourced from FSC certified forests; (iv) that Amazon's suppliers in the boreal are destroying habitat for endangered animal populations (like the caribou) and (iv) that the supply chain for Amazon Basics Paper Products is actively eliminating the largest carbon sink in the world.

447.     Amazon voluntarily represented that its Amazon Basics Paper Products were environmentally sustainable and therefore is required to make a full and fair disclosure under Vermont law. Amazon therefore had a duty to disclose the material facts as additional information in order to make its Amazon Basics Paper Products Sustainability Promise website (as well as Amazon's other environmental claims including on its Amazon Basics Paper Products packaging) not misleading. Amazon also knew that these representations were false when made.

448.     Amazon's omissions and/or misrepresentations alleged herein caused Plaintiffs and the other Vermont Class members to make their Amazon Basics Paper Products purchases. Plaintiffs were unaware of these material facts, and had Amazon communicated these material facts to consumers, Plaintiffs and the other Vermont Class members would not have purchased Amazon Basics Paper Products, or would not have purchased Amazon Basics Paper Products at the prices they paid. Accordingly, Plaintiffs and the other Vermont Class members have suffered

011299-11/3101739 V1

**HAGENS BERMAN**

1  injury in fact, including lost money or property, as a result of Amazon's misrepresentations and

2  omissions.

3       449.    Accordingly, Amazon is liable to Plaintiffs and the other Vermont Class members

4  for damages in an amount to be proven at trial, including but not limited to, benefit-of-the-

5  bargain damages, restitution and/or diminution of value.

6       450.    Amazon's acts were done wantonly, maliciously, oppressively, deliberately, with

7  intent to defraud, and in reckless disregard of Plaintiffs' and other Vermont Class members'

8  rights and the representations that Amazon made to them, in order to enrich Amazon. Amazon's

9  conduct warrants an assessment of punitive damages in an amount sufficient to deter such

10 conduct in the future, which amount is to be determined according to proof.

11 **BB.    Claims brought on behalf of the Washington Class**

12                              **COUNT XLVI**
        **VIOLATION OF THE WASHINGTON CONSUMER PROTECTION ACT**
13                    **(WASH. REV. CODE ANN. § 19.86.010, *ET SEQ*.)**

14      451.    Plaintiffs incorporate by reference all preceding allegations as though fully set

15 forth herein.

16      452.    Plaintiffs bring this Count on behalf of the Washington Class.

17      453.    The Washington Consumer Protection Act ("Washington CPA") broadly prohibits

18 "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any

19 trade or commerce." Wash. Rev. Code Ann. § 19.96.010.

20      454.    Amazon committed the acts complained of herein in the course of "trade" or

21 "commerce" within the meaning of the Washington CPA. Wash. Rev. Code Ann. § 19.96.010.

22      455.    Amazon deceptive practices, as alleged herein, are injurious to the public interest

23 as it has the capacity to injure other persons.

24      456.    Amazon has violated portions of section 260 of the FTC Green Guides, which

25 have been incorporated into Revised Code of Washington Annotated sections 70A.455.020 and

26 19.86.920.

27

28

CLASS ACTION COMPLAINT - 110

**HAGENS BERMAN**

1  457.   Amazon is liable to Plaintiffs for damages in amounts to be proven at trial,

2  including attorneys' fees, costs, and treble damages, as well as any other remedies the Court may

3  deem appropriate under Washington Revised Code Annotated section 19.86.090.

4  **COUNT XLVII**
   **FRAUDULENT CONCEALMENT**
5  **(BASED ON WASHINGTON LAW)**

6  458.   Plaintiffs incorporate by reference all preceding allegations as though fully set

7  forth herein.

8  459.   Plaintiffs bring this Count on behalf of the Washington Class.

9  460.   Amazon intentionally concealed and suppressed material facts regarding its

10 Amazon Basics Paper Products. These material facts included that (i) Amazon Basics Paper

11 Products sources its wood pulp via industrial logging practices such as clearcutting, burning, and

12 bleaching; (ii) Amazon Basics Paper Products suppliers are systematically converting critically

13 important old-growth forests into environmentally devastating tree farms and plantations; (iii)

14 only a fraction of Amazon's wood pulp is sourced from FSC certified forests; (iv) that Amazon's

15 suppliers in the boreal are destroying habitat for endangered animal populations (like the

16 caribou) and (iv) that the supply chain for Amazon Basics Paper Products is actively eliminating

17 the largest carbon sink in the world.

18 461.   Amazon voluntarily represented that its Amazon Basics Paper Products were

19 environmentally sustainable and therefore is required to make a full and fair disclosure under

20 Washington law. Amazon therefore had a duty to disclose the material facts as additional

21 information in order to make its Amazon Basics Paper Products Sustainability Promise website

22 (as well as Amazon's other environmental claims including on its Amazon Basics Paper

23 Products packaging) not misleading. Amazon also knew that these representations were false

24 when made.

25 462.   Amazon's omissions and/or misrepresentations alleged herein caused Plaintiffs

26 and the other Washington Class members to make their Amazon Basics Paper Products

27 purchases. Plaintiffs were unaware of these material facts, and had Amazon communicated these

28 material facts to consumers, Plaintiffs and the other Washington Class members would not have

HAGENS BERMAN

1    purchased Amazon Basics Paper Products, or would not have purchased Amazon Basics Paper

2    Products at the prices they paid. Accordingly, Plaintiffs and the other Washington Class

3    members have suffered injury in fact, including lost money or property, as a result of Amazon's

4    misrepresentations and omissions.

5            463.    Accordingly, Amazon is liable to Plaintiffs and the other Washington Class

6    members for damages in an amount to be proven at trial, including but not limited to, benefit-of-

7    the-bargain damages, restitution and/or diminution of value.

8            464.    Amazon's acts were done wantonly, maliciously, oppressively, deliberately, with

9    intent to defraud, and in reckless disregard of Plaintiff's and other Washington Class members'

10   rights and the representations that Amazon made to them, in order to enrich Amazon. Amazon's

11   conduct warrants an assessment of punitive damages in an amount sufficient to deter such

12   conduct in the future, which amount is to be determined according to proof.

13   **CC.    Claims brought on behalf of the West Virginia Class**

14                            **COUNT XLVIII**
                     **FRAUDULENT CONCEALMENT**
15                   **(BASED ON WEST VIRGINIA LAW)**

16           465.    Plaintiffs incorporate by reference all preceding allegations as though fully set

17   forth herein.

18           466.    Plaintiffs bring this Count on behalf of the West Virginia Class.

19           467.    Amazon intentionally concealed and suppressed material facts regarding its

20   Amazon Basics Paper Products. These material facts included that (i) Amazon Basics Paper

21   Products sources its wood pulp via industrial logging practices such as clearcutting, burning, and

22   bleaching; (ii) Amazon Basics Paper Products suppliers are systematically converting critically

23   important old-growth forests into environmentally devastating tree farms and plantations; (iii)

24   only a fraction of Amazon's wood pulp is sourced from FSC certified forests; (iv) that Amazon's

25   suppliers in the boreal are destroying habitat for endangered animal populations (like the

26   caribou) and (iv) that the supply chain for Amazon Basics Paper Products is actively eliminating

27   the largest carbon sink in the world.

28

**HAGENS BERMAN**

468.    Amazon voluntarily represented that its Amazon Basics Paper Products were environmentally sustainable and therefore is required to make a full and fair disclosure under West Virginia law. Amazon therefore had a duty to disclose the material facts as additional information in order to make its Amazon Basics Paper Products Sustainability Promise website (as well as Amazon's other environmental claims including on its Amazon Basics Paper Products packaging) not misleading. Amazon also knew that these representations were false when made.

469.    Amazon's omissions and/or misrepresentations alleged herein caused Plaintiffs and the other West Virginia Class members to make their Amazon Basics Paper Products purchases. Plaintiffs were unaware of these material facts, and had Amazon communicated these material facts to consumers, Plaintiffs and the other West Virginia Class members would not have purchased Amazon Basics Paper Products, or would not have purchased Amazon Basics Paper Products at the prices they paid. Accordingly, Plaintiffs and the other West Virginia Class members have suffered injury in fact, including lost money or property, as a result of Amazon's misrepresentations and omissions.

470.    Accordingly, Amazon is liable to Plaintiffs and the other West Virginia Class members for damages in an amount to be proven at trial, including but not limited to, benefit-of-the-bargain damages, restitution and/or diminution of value.

471.    Amazon's acts were done wantonly, maliciously, oppressively, deliberately, with intent to defraud, and in reckless disregard of Plaintiffs' and other West Virginia Class members' rights and the representations that Amazon made to them, in order to enrich Amazon. Amazon's conduct warrants an assessment of punitive damages in an amount sufficient to deter such conduct in the future, which amount is to be determined according to proof.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of members of the State Classes, respectfully request that the Court enter judgment in their favor and against Amazon, as follows:

A.    Certification of the proposed State Law Classes, including appointment of Plaintiffs' counsel as Class Counsel;

**HAGENS BERMAN**

1        B.  An order temporarily and permanently enjoining Amazon from continuing the

2  unlawful, deceptive, fraudulent, and unfair business practices alleged herein;

3        C.  Costs, restitution, damages, including punitive damages, and disgorgement in an

4  amount to be determined at trial;

5        D.  An order requiring Amazon to pay both pre- and post-judgment interest on any

6  amounts awarded;

7        E.  An award of costs and attorneys' fees; and

8        F.  Such other or further relief as may be appropriate.

9                            **DEMAND FOR JURY TRIAL**

10      Plaintiffs hereby demand a jury trial for all claims so triable.

CLASS ACTION COMPLAINT - 114

011299-11/3101739 V1

HAGENS BERMAN

1    DATED: March 14, 2025                Respectfully submitted,

2                                          HAGENS BERMAN SOBOL SHAPIRO LLP

3
                                          By:    /s/ Steve W. Berman
4                                          Steve W. Berman (WSBA No. 12536)
                                          By:    /s/ Catherine Y.N. Gannon
5                                          Catherine Y.N. Gannon (WSBA No. 47664)
                                          1301 Second Avenue, Suite 2000
6                                          Seattle, WA 98101
                                          Telephone: (206) 623-7292
7                                          Facsimile: (206) 623-0594
                                          Email: steve@hbsslaw.com
8                                                  catherineg@hbsslaw.com

9

10                                         Rebecca A. Peterson (*pro hac* forthcoming)
                                          GEORGE FELDMAN MCDONALD, PLLC
11                                         1650 W. 82nd Street, Suite 880
                                          Bloomington, Minnesota 55431
12                                         Telephone: (612) 778-9595
                                          Email: RPeterson@4-Justice.com
13
                                          *Attorneys for Plaintiffs*
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT - 115                                    **HAGENS BERMAN**